Location : Galveston County

# CASE SUMMARY
## CASE NO. 16-CV-0699

Yode Investments LLC vs. AAA Chemicals, Inc. Et Al

§
§
§
§
§
§

Case Type: **Contract - Debt**
Date Filed: **06/09/2016**
Location: **212th District Court**
Judicial Officer: **Grady, Patricia**

---

### RELATED CASE INFORMATION

**Related Cases**
16CV0699-A (Severed Case)

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | **AAA Chemicals, Inc.** c/o Registered Agent Howard W. Apel 601 Oakdale Street La Porte, TX 77571 | **Roger H. Nebel** *Retained* 713-402-1710(W) 713-574-2403(F) rnebel@maronmarvel.com |
| Defendant | **Apel, Howard W., II** 601 Oakdale Street La Porte, TX 77571 | **Roger H. Nebel** *Retained* 713-402-1710(W) 713-574-2403(F) |
| Defendant | **Crum & Forster Specialty Insurance Company** 305 Madison Ave. Morristown, NJ 97960-6117 | **Christopher Hampton Avery** *Retained* 713-403-8210(W) 713-403-8299(F) cavery@thompsoncoe.com |
| Defendant | **Environmental Underwriting Solutions** 3800 Colonnade Parkway, Suite 655 Birmingham, AL 35243 | **Mary "amy"cazes Greene** *Retained* 7136261386(W) 7136261388(F) |
| Defendant | **Scholes, James T.** 638 Bradley St. Seabrook, TX 77586 | **Roger H. Nebel** *Retained* 713-402-1710(W) 713-574-2403(F) |
| Plaintiff | **Yode Investments LLC** 3200 Southwest Freeway Suite 2200 Houston, TX 77027 | **Mason Meyer** *Retained* 713-521-0221(W) 713-521-3242(F) mmeyer@sirm.com |
| Third Party Defendant | **Southwest Terminals, LLC** Registered Agent, Margaret Roff 8230 FM 2004 Hitchcock, TX 77563 | **Christopher L. Johnson** *Retained* 409-948-3401(W) 409-945-9814(F) chris@lvonsblack.com |
| Third Party Plaintiff | **AAA Chemicals, Inc.** c/o Registered Agent Howard W. Apel 601 Oakdale Street La Porte, TX 77571 | **Roger H. Nebel** *Retained* 713-402-1710(W) 713-574-2403(F) rnebel@maronmarvel.com |
| Third Party Plaintiff | **Apel, Howard W., II** 601 Oakdale Street La Porte, TX 77571 | **Roger H. Nebel** *Retained* 713-402-1710(W) 713-574-2403(F) |
| | **Scholes, James T.** | |

**EXHIBIT 3**

**Third Party**
**Plaintiff**   638 Bradley St.
Seabrook, TX 77586

Roger H. Nebel
*Retained*
713-402-1710(W)
713-574-2403(F)
rnebel@maronmarvel.com

---

| | **EVENTS & ORDERS OF THE COURT** |
|---|---|

**OTHER EVENTS AND HEARINGS**

| | |
|---|---|
| 06/09/2016 | **Original Petition - OCA** |
| | *Plaintiff's Original Petition - Jury Fee paid-atty to file Jury Demand* |
| 06/09/2016 | **OCA Case Information Sheet** |
| | *Civil Case Information Sheet* |
| 06/09/2016 | **Request for Civil Service** |
| | *Civil Process Request-Issue 3 citations-mail to atty-assigned to Rolande K* |
| 06/09/2016 | **Jury Demand** |
| | *Pltfs' Demand for Jury Trial;Fee was paid with Original Petition in Envelope 11065816 on 6-9-16.* |
| 06/09/2016 | **Citation Issuance - Work Product** |
| | *Issued 3 Citations @ $8.00 Along With S/C Sheet and Mailed To Attorney's. RK* |
| 06/14/2016 | **Notice** |
| | *Notice of Status Conference Setting.* |
| 06/24/2016 | **Citation and Return** |
| 06/24/2016 | **Citation and Return** |
| 06/28/2016 | **Citation and Return** |
| 07/28/2016 | **Original Answer** |
| | *Answer of Defendants AAA Chemicals, Inc., Howard W. Apel, II and James T. Scholes to Plaintiff s Original Petition, Requests for Disclosure, Request for a Level 3 Discovery Plan and Jury Demand* |
| 09/01/2016 | **Status Conference** (9:15 AM) (Judicial Officer Grady, Patricia) |
| | Result: Held |
| 09/01/2016 | **Court Coordinator's Case Notes** |
| | *SIGNED - CIVIL DISCOVERY AND DOCKET CONTROL ORDER PG/JF* |
| 09/01/2016 | **Docket Control Order** (Judicial Officer: Grady, Patricia ) |
| 09/30/2016 | **Third Party Petition** |
| | *Third-Party Plaintiffs AAA Chemicals, Inc., Howard W. Apel, II, and James T. Scholes s Original Third-Party Petition Against Southwest Terminals, LLC* |
| 09/30/2016 | **Exhibit(s)** |
| | *Discovery and Docket Control Order* |
| 09/30/2016 | **Request for Civil Service** |
| | *Request for Issuance of Service, 1 Citation; Assigned to R.K.* |
| 09/30/2016 | **OCA Case Information Sheet** |
| | *Civil Case Information Sheet* |
| 10/03/2016 | **Citation Issuance - Work Product** |
| | *Issued 1 Citation @ $8.00 Amd Called Attorney (Do Not Have # For Jodi Mathis Hurst So Spoke With Roger Nebel @ 3:50 PM) For Pick Up. RK* |
| 10/10/2016 | **Amended Petition** |
| | *Plaintiff's First Amended Petition.* |
| 10/10/2016 | **Request for Civil Service** |
| | *Request for Issuance of Service, 2 Citations @ 12.00 by C/M; Assigned to R.K.* |
| 10/11/2016 | **Citation by Certified Mail Issuance - Work Product** |
| | *Issued 2 Citations @ $12.00 Each to the S.O.S And Mailed By C/M. RK* |
| 10/17/2016 | **Citation by Certified Mail and Return** |
| | *served through The Commissioner of Insurance for the State of Texas* |
| 10/17/2016 | **Citation and Return** |
| 11/04/2016 | **Original Answer** |
| | *Defendant Crum & Forster Specialty Insurance Company's Original Answer* |
| 11/08/2016 | **Original Answer** |
| | *Environmental Underwriting Solutions' Special Exceptions and Original Answer* |
| 11/14/2016 | **Original Answer** |
| | *Third Party Defendant's Original Answer* |
| 11/14/2016 | **Motion to Strike** |
| | *Motion to Strike Third Party Petition* |
| 11/14/2016 | **Certificate** |
| | *Certification of Service on Environmental Underwriting Solutions - TX Dept. of Insurance.* |
| 11/14/2016 | **Certificate** |
| | *Certification of Service on Crum & Forster Specialty Insurance Company - TX Dept. of Insurance.* |
| 11/22/2016 | **Motion** |
| | *DEFENDANTS JOINT MOTION TO SEVER* |
| 11/22/2016 | **Proposed Order (unsigned)** |
| | *Order on Defendant Crum & Forster Specialty Insurance Company and Insurance Office of America d/b/a Environmental Underwriting Solutions??? Motion to Sever* |
| 11/23/2016 | **Correspondence** |
| | *Certificate of Service upon Crum & Forster Specialty Ins. Co.* |
| 11/23/2016 | **Certificate** |
| | *Certificate of Service upon Environmental Underwriting Solutions* |
| 11/29/2016 | **Request for Hearing** |
| | *Third Party Defendant Southwest Terminals Notice of Submission* |
| 11/30/2016 | **Notice of Hearing** |
| | *Notice of Hearing* |
| 12/06/2016 | **Notice of Hearing** |
| | *Notice of Submission on 3rd Party Motion to Strike* |
| 12/15/2016 | **Notice of Intent** |
| | *Notice of Intention to Take Deposition by Written Questions* |
| 12/15/2016 | **Notice of Intent** |

**Case 3:17-cv-00030   Document 1-3   Filed in TXSD on 01/27/17   Page 3 of 190**

| | |
|---|---|
| | *Notice of Intention to Take Deposition by Written Questions* |
| 12/21/2016 | **Response** |
| | *Plaintiff's Response to Defenddants' Motio to Sever* |
| 12/21/2016 | **Proposed Order (unsigned)** |
| | *Plaintiff's Response to Defenddants' Motio to Sever* |
| 12/22/2016 | **Citation and Return** |
| 12/22/2016 | **Response** |
| | *Third Party Pltfs Response to Third Party Deft s Motion to Strike Third Party Petition or, in the Alternative, Motion For Extension Of Time* |
| 12/22/2016 | **Request for Hearing** |
| | *Notice of Hearing - Mtn. to Strike.* |
| 12/23/2016 | **Notice of Appearance** |
| | *Defendant's Notice of Appearance of Counsel* |
| 12/27/2016 | **Motion Hearing**  (11:00 AM) (Judicial Officers Griffin, Bret, Grady, Patricia) |
| | *MOTION TO SEVER* |
| | *12/16/2016 Reset by Court to 12/27/2016* |
| | Result: Held |
| 12/29/2016 | **Submission**  (3:00 PM) (Judicial Officers Griffin, Bret, Grady, Patricia) |
| | *THIRD-PARTY DEFENDANT'S MOTION TO STRIKE THIRD-PARTY PETITION* |
| | Result: Held |
| 01/04/2017 | **Court Coordinator's Case Notes** |
| | *SIGNED - ORDER ON DEF CRUM & FORESTER MOTION TO SEVER; GRANTED PG/JF* |
| 01/04/2017 | **Order for Severance - Non Final** (Judicial Officer: Grady, Patricia ) |
| 01/09/2017 | **Court Coordinator's Case Notes** |
| | *SIGNED - ORDER ON THIRD PARTY DEF. SOUTHWEST TERMINALLS, LLC MOTION TO STRIKE THIRD-PARTY PLAINTIFF'S PETITION; DENIED PG/JF* |
| 01/09/2017 | **Order Denying Motion** (Judicial Officer: Grady, Patricia ) |
| | *to Strike Third Party Plaintiff's Petition* |
| 01/11/2017 | **Copy of Notice** |
| 01/16/2017 | **Certificate** |
| | *Deposition Transcript Certificate* |
| 01/16/2017 | **Certificate** |
| | *Deposition Transcript Certificate* |
| 01/16/2017 | **Certificate** |
| | *Deposition Transcript Certificate* |
| 01/19/2017 | **Certificate** |
| | *Deposition Transcript Certificate* |
| 09/01/2017 | **Pre-Trial Conference**  (10:00 AM) (Judicial Officer Grady, Patricia) |
| 09/11/2017 | **Jury Trial**  (9:00 AM) (Judicial Officer Grady, Patricia) |

Filed: 6/9/2016 2:19:44 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 11065816
By: Lisa Kelly
6/9/2016 2:56:42 PM

16-CV-0699

NO. _____

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., HOWARD | § | Galveston County - 212th District Court |
| W. APEL, II and JAMES T. SCHOLES | § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Yode Investments, LLC, hereinafter referred to as Plaintiff, complaining of AAA Chemicals, Inc., Howard W. Apel, II and James T. Scholes, hereinafter referred to as Defendants and files this, its Original Petition and as grounds therefore would respectfully show unto the Court the following:

I.

Plaintiff is a limited liability corporation operating and doing business in La Marque, Galveston County, Texas.

The Defendant, AAA Chemicals, Inc. is a Texas corporation formally doing business in Texas City, Galveston County, Texas. Defendant, Howard W. Apel, II is the Registered Agent for service for AAA Chemicals, Inc. and is also an individual resident of Galveston County, Texas. Both of these Defendants can be served with process at 601 Oakdale Street, La Porte, Texas 77571.

The Defendant, James T. Scholes is an individual resident of Harris County, Texas who may be served with process at his residence at 638 Bradley St., Seabrook, Harris County, Texas 77586.

Status Conference set 09/01/16

1

Discovery in this case shall be conducted under Level 2, Rule 190.3, Texas Rules of Civil Procedure.

II.

It has become necessary to bring this suit by reason of breach of a lease agreement and due to the negligent acts of the named Defendants herein. On September 13, 2011 Defendants Individually and on behalf of AAA Chemicals, Inc. entered into a written lease agreement with Plaintiff to lease its property and commercial space to operate their chemical business. The property is located at 226 Texas City Wye, in Texas City, Galveston County, Texas. A true and correct copy of the lease is attached hereto and incorporated herein by reference as Exhibit "A". As part of the lease obligations, Defendants were obligated and contractually agreed to the following terms:

1.  To dispose of all business related items (Paragraph 7A(9));

2.  To assume responsibility and liability for any contamination to the property and to indemnify the Plaintiff and surrender the property at lease end in an environmentally safe and clean condition (Paragraph 10A(7));

3.  To remove any personal property in the leased premises after Defendants surrender possession at Defendants expense (Paragraph 14B);

4.  To keep the leased premises environmentally clean (Paragraph 15C(19)); and,

5.  To properly dispose of chemicals and/or by-products in accordance with local, state/federal regulations with all chemicals to be stored in appropriate containers (Paragraph 35 to Rider A).

III.

The lease between the parties ran for a period of 37 months. At the end of the lease period, the Defendants continued to occupy the property as holdover tenants as that term is understood in the law. Defendants were late with their rent payments and underpaid the lease amount. However, Defendants continued to operate their business and collecting more chemical waste until eventually

2

falling behind in their rent in September of 2014. Plaintiff was forced to lock out the Defendants on or about September 18, 2014, leaving behind thousands of gallons of chemicals and hazardous wastes in barrels and totes. Most of the barrels and totes are in extremely poor condition and continue to deteriorate and leak causing pollution and health concerns. Plaintiff contacted Defendants numerous times to have them remove the chemicals and hazardous wastes and to decontaminate the property and restore it into an environmentally safe and clean condition. To date, Defendants have refused and continue to refuse to remove the hazardous chemicals or clean up the property in breach of their lease agreement.

IV.

On or before April 24, 2015, chemicals began leaking from one or more of the barrels or totes left behind by Defendants causing an environmental emergency. Crews from the Texas Commission on Environmental Quality, Galveston County Emergency Management and the Environmental Protection Agency were called to the scene wherein Plaintiff, as the landowner, was required to take immediate remedial action. To date, Plaintiff has paid in excess of $350,000 in clean up costs. In addition, Plaintiff has caused to be paid salaries to employees and other expenses to continue the clean up efforts. In addition, Plaintiff was required to accept less than fair market value in rent from the current lessee due to the presence of the chemicals and hazardous wastes. In addition to these damages, Plaintiff has been caused to suffer other incidental and consequential damages far in excess of the Courts minimal jurisdictional limits.

V.

COUNT ONE:  BREACH OF CONTRACT

3

Plaintiff here realleges Paragraphs I through IV above and incorporates the same herein by reference as if fully set out here verbatim.

VI.

Plaintiff will show that Defendants' conduct constitutes a breach of the lease agreement. The nature of the Defendants' business and the type of operations being run necessitated that Plaintiff require of Defendants proper disposal of all chemical and hazardous wastes generated from their business, and to restore the property to its original condition at the termination of the lease. Specifically, Defendants agreed and contractually promised to:

1.  To dispose of all business related items (Paragraph 7A(9));

2.  To assume responsibility and liability for any contamination to the property and to indemnify the Plaintiff and surrender the property at lease end in an environmentally safe and clean condition (Paragraph 10A(7));

3.  To remove any personal property in the leased premises after Defendants surrender possession at Defendants expense (Paragraph 14B);

4.  To keep the leased premises environmentally clean (Paragraph 15C(19)); and,

5.  To properly dispose of chemicals and/or by-products in accordance with local, state/federal regulations with all chemicals to be stored in appropriate containers (Paragraph 35 to Rider A).

However, Defendants failed to undertake their contractual responsibility in breach of their contractual agreement. Defendants' breach is the direct, proximate and producing cause of economic damages to Plaintiff in the amount in excess of $600,000.00 to date, with additional damages accumulating daily, together with prejudgment interest and attorney's fees as prescribed by law.

VII.

Plaintiff will show that all conditions precedent under the agreement have been fully performed on its behalf, but that Defendants are in breach of the agreement. Plaintiff here in sues

4

the Defendants for breach of their contractual obligations for all economic damages caused by Defendants' breach, plus for all incidental and consequential damages caused to the property, including, but not limited to, loss of rental value, which total amounts exceed the minimum jurisdictional limits of this Court.  Further, Plaintiff will show that it was necessary for it to retain the services of Sullins, Johnston, Rohrbach, & Magers, a law firm with attorneys licensed to practice law in the State of Texas, to prepare and prosecute this cause of action.  Plaintiff will further show that it has agreed to pay them a reasonable fee for their services rendered, which in the preparation and trial of this action will be at least the sum of $150,000.00, for which amount Plaintiff hereby sues Defendants pursuant to Article 38.001, Tex. Civ. Prac. and Rem. Code.  Plaintiff would also show that should this case be appealed to the Court of Appeals that a reasonable attorney's fees would be an additional $50,000.00; that if a Petition for Review in this case be made from the Court of Appeals to the Supreme Court of Texas, then a reasonable attorney's fees would be an additional $25,000.00, and if the Petition is granted by the Supreme Court of Texas, then reasonable attorney's fees would be an additional $25,000.00.

VIII.

COUNT TWO: NEGLIGENCE

Plaintiff here realleges Paragraphs I through VI above and incorporates the same herein by reference as if fully set out here verbatim.

IX.

Plaintiff is the owner and holder of that certain parcel of land and improvements located at 226 Texas City Wye, Texas City, Galveston County, Texas.  Plaintiff and Defendants entered into a lease agreement whereby Plaintiff agreed to lease the land and improvements to Defendants for the

5

operation of their business. Implicit in this agreement is a duty upon Defendants to operate their business in a lawful and environmentally safe manner, and to keep the premises in an environmentally safe condition. Defendants also had a duty to return the lease premises and improvements in an environmentally clean and uncontaminated condition, free from stored chemicals, hazardous wastes and other environmental hazards.

X.

On or about September 18, 2014, Defendants abandoned the property, leaving behind thousands of gallons of unidentified hazardous wastes and unknown chemicals, being stored in dilapidated drums and other containers in various states of disrepair. Plaintiff made numerous demands upon Defendants to removed the environmental contaminates from the property and to clean up the premises and restore it to an environmentally safe condition. Despite such demands, Defendants have refused, and continue to refuse to clean up the premises and remove the hazardous waste and chemicals. Defendants refusal to remove to the chemicals and hazardous wastes has been a proximate cause of the damages sustained by Plaintiff as hereinafter described.

XI.

As was foreseeable, the chemicals and hazardous materials began seeping from their dilapidated containers which resulted in a chemical spill on or before April 24, 2015. The chemical spill came from on or more of the containers left behind by Defendants, and resulted in the Environmental Protection Agency, Texas Commission on Environmental Quality and Galveston County Emergency Management being called to the scene where immediate environmental clean up was ordered to take place. Plaintiff was required to incur clean up costs and expenses, in the past and in the future, as a direct and proximate cause of Defendants actions. The damages proximately

caused by Defendants, resulted from the negligence of the Defendants, including, but not limited to the following acts:

1. In failing to dispose of all business related items at the termination of the lease;

2. In failing to assume responsibility and liability for any contamination to the property and to surrender the property in an environmentally safe and clean condition at the end of the lease;

3. In failing to remove any personal property at Defendants expense upon surrender of the lease;

4. In failing to keep the leased premises environmentally clean;

5. In failing to properly dispose of thousands of gallons of chemicals, by-products and hazardous wastes in accordance with local, state and federal regulations; and

6. In failing to store chemicals in appropriate containers.

Each and all of the above and foregoing acts, both of commission and omission were negligent and constituted negligence and were each and all a proximate cause of injuries and damages suffered by your Plaintiff.

## XII.

As a proximate cause of the negligence of Defendants, Plaintiff has been caused to incur economic damages both past and in the future consisting of clean up costs, disposal fees, extra salaries for employees for clean up, loss of rental value to the property, loss of market value to the property and other incidental and consequential damages. Because of all of the above Plaintiff has been damaged in an amount in excess of the minimal jurisdictional limits of this court and as will be more fully developed through discovery in this cause, and for which amount Plaintiff here now prays judgment against the Defendants.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon final trial and hearing hereof they have judgment against the Defendants jointly and severally, for Plaintiff's damages as set forth above; for pre-judgment interest; for costs of Court; and for such other and further relief, both at law and in equity, to which the Plaintiff may be justly entitled.

Respectfully submitted,

Sullins, Johnston, Rohrbach & Magers

By:_____

MIKE JOHNSTON, TBA#10840500
MASON MEYER, TBA #13993825
3200 Southwest Freeway, Ste. 2200
Houston, Texas 77027
(713) 521-0221
(713) 521-3242 (fax)

ATTORNEYS FOR PLAINTIFF
YODE INVESTMENTS LLC

8

Filed 6/9/2016 2:19:44 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 11065816
By: Lisa Kelly
6/9/2016 2:55:42 PM

CIVIL CASE INFORMATION SHEET

CAUSE NUMBER *(FOR CLERK USE ONLY):* _____ 16-CV-0699 ____ COURT *(FOR CLERK USE ONLY):* _____

STYLED ___ Yode Investments LLC vs. AAA  Chemicals, Inc., Howard W. Apel, II and James T. Scholes ___

*(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)*

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new, civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| Name: **Mason Meyer** Email: **mmeyer@sjrm.com** | Plaintiff(s)/Petitioner(s): **Yode Investments, LLC** | ☒Attorney for Plaintiff/Petitioner ☐*Pro Se* Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| Address: **3200 Southwest Freeway Suite 2200** Telephone: **713-521-0221** | | Additional Parties in Child Support Case: |
| City/State/Zip: **Houston, TX  77027** Fax: **713-521-3242** | Defendant(s)/Respondent(s): **AAA Chemicals, Inc., Howard W. Apel, II and James T. Scholes** | Custodial Parent: Non-Custodial Parent: |
| Signature: **/s/Mason Meyer** State Bar No: **13993825** | [Attach additional page as necessary to list all parties] | Presumed Father: |

**2. Indicate case type, or identify the most important issue in the case (select only 1):**

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☒Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: _____ ☐Other Injury or Damage: | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |

| **Employment** | **Other Civil** | |
|---|---|---|
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: |

| **Tax** | **Probate & Mental Health** | |
|---|---|---|
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: |

**3. Indicate procedure or remedy, if applicable (may select more than 1):**

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

**4. Indicate damages sought (do not select if it is a family law case):**
☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100,000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

Filed: 6/9/2016 2:19:44 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 11065816
By: Lisa Kelly
6/9/2016 2:56:42 PM

# JOHN D. KINARD

## DISTRICT CLERK GALVESTON COUNTY

### REQUEST FOR ISSUANCE OF SERVICE

Case Number: 16-CV-0699

Court Description: Galveston County - 212th District Court

**Name(s) of Documents to be served:** Plaintiff's Original Petition

**SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)**

Issue Service To: Howard W. Apel, II

Address of Service: 601 Oakdale Street

City, State & Zip: La Porte, TX 77571

Agent (IF APPLICABLE)

### TYPE OF SERVICE TO BE ISSUED:

- [X] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citation Rule 106 Service
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Secretary of State Citation
- [ ] Protective Order
- [ ] Citation Scire Facias
- [ ] Attachment
- [ ] Certiorari
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe): _____

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

**UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)**

- [ ] Send to Sheriff
- [ ] Galveston County Constable Name and Address _____
- [ ] Civil Process Server (Include the name of the Authorized Person to pick-up): _____
- [ ] Call attorney for pick up (Phone Number): _____
- [X] Mail to attorney at: Sullins, Johnston, Rohrbach & Magers
  3200 Southwest Freeway, Suite 2200, Houston, TX 77027
- [ ] Email Service to: _____
- [ ] District Clerk serve by certified mail _____
- [ ] Send to League City

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: Mason Meyer

Phone Number: 713-521-0221

Email Address: mmeyer@sjrm.com

Revision 2.0



# JOHN D. KINARD
## DISTRICT CLERK GALVESTON COUNTY

**16-CV-0699**     **REQUEST FOR ISSUANCE OF SERVICE**    Galveston County - 212th District Court

Case Number: _____    Court Description: _____

**Name(s) of Documents to be served:** _____ Plaintiff's Original Petition _____

### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To:    James T. Scholes

Address of Service:    638 Bradley St.

City, State & Zip:    Seabrook, TX  77586

Agent (IF APPLICABLE) _____

### TYPE OF SERVICE TO BE ISSUED:

| | | | |
|---|---|---|---|
| [X] Citation | [ ] Citation by Posting | [ ] Citation by Publication | [ ] Citation Rule 106 Service |
| [ ] Temporary Restraining Order | [ ] Precept | [ ] Notice | [ ] Secretary of State Citation |
| [ ] Protective Order | [ ] Citation Scire Facias | [ ] Attachment | [ ] Certiorari |
| [ ] Garnishment | [ ] Habeas Corpus | [ ] Injunction | [ ] Sequestration |
| [ ] Subpoena | | | |
| [ ] Other (Please Describe): _____ | | | |

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

**UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)**

[ ] Send to Sheriff

[ ] Galveston County Constable Name and Address _____

[ ] Civil Process Server (Include the name of the Authorized Person to pick-up): _____

[ ] Call attorney for pick up (Phone Number): _____

[X] Mail to attorney at:    Sullins, Johnston, Rohrbach & Magers
3200 Southwest Freeway, Suite 2200, Houston, TX  77027

[ ] Email Service to: _____

[ ] District Clerk serve by certified mail _____

[ ] Send to League City

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name:    Mason Meyer

Phone Number:    713-521-0221     Email Address:    mmeyer@sjrm.com

Revision 2.0



# JOHN D. KINARD

## DISTRICT CLERK GALVESTON COUNTY

**Case Number:** 16-CV-0699     **REQUEST FOR ISSUANCE OF SERVICE**    Galveston County - 212th District Court

**Court Description:** _____

**Name(s) of Documents to be served:** _____ Plaintiff's Original Petition _____

### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

| | |
|---|---|
| Issue Service To: | AAA Chemicals, Inc. |
| Address of Service: | 601 Oakdale Street |
| City, State & Zip: | La Porte, TX 77571 |
| Agent (IF APPLICABLE) | Howard W. Apel, II |

#### TYPE OF SERVICE TO BE ISSUED

| | | | |
|---|---|---|---|
| [X] Citation | [ ] Citation by Posting | [ ] Citation by Publication | [ ] Citation Rule 106 Service |
| [ ] Temporary Restraining Order | [ ] Precept | [ ] Notice | [ ] Secretary of State Citation |
| [ ] Protective Order | [ ] Citation Scire Facias | [ ] Attachment | [ ] Certiorari |
| [ ] Garnishment | [ ] Habeas Corpus | [ ] Injunction | [ ] Sequestration |
| [ ] Subpoena | | | |
| [ ] Other (Please Describe): | _____ | | |

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

---

**UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)**

[ ] Send to Sheriff

[ ] Galveston County Constable Name and Address _____

[ ] Civil Process Server (Include the name of the Authorized Person to pick-up): _____

[ ] Call attorney for pick up (Phone Number): _____

[X] Mail to attorney at:    Sullins, Johnston, Rohrbach & Magers
3200 Southwest Freeway, Suite 2200, Houston, TX 77027

[ ] Email Service to: _____

[ ] District Clerk serve by certified mail _____

[ ] Send to League City

---

**ISSUANCE OF SERVICE REQUESTED BY:**

| | |
|---|---|
| Attorney/Party Name: | Mason Meyer |
| Phone Number: 713-521-0221 | Email Address: mmeyer@sjrm.com |

Revision 2.0

Filed 6/9/2016 3:30:50 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 11069154
By: Shailja Dixit
6/9/2016 3:33:29 PM

NO. 16-0CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| AAA CHEMICLS, INC., | § | |
| HOWARD W. APEL, II AND | § | |
| JAMES T. SCHOLES | § | 212th JUDICIAL DISTRICT |

## PLAINTIFF'S DEMAND FOR TRIAL BY JURY

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, YODE INVESTMENT LLC, Plaintiffs herein and pursuant to Texas Rule of Civil Procedure 216, hereby makes demand for a trial by jury.

Respectfully submitted,

SULLINS, JOHNSTON, ROHRBACH & MAGERS

By:_____/s/ Mason Meyer_____
        MASON MEYER, TBA #1393825
        3200 Southwest Freeway, Suite 2200
        Houston, Texas 77027
        Tel. (713) 521-0221
        Fax (713) 521-3242
        mmeyer@sjrm.com

ATTORNEYS FOR PLAINTIFF
YODE INVESTMENTS LLC

## CITATION

### THE STATE OF TEXAS

**YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL**

**Cause No.: 16-CV-0699**
**212th District Court of Galveston County**

TO:    **AAA Chemicals Inc**
        **c/o Registered Agent Howard W Apel**
        **601 Oakdale Street**
        **La Porte TX 77571**

---

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.**

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **; Original Petition - OCA** was filed **; June 09, 2016**. It bears cause number **16-CV-0699** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 9th day of June, 2016.**

Issued at the request of:
Mason Meyer
3200 Southwest freeway, Suite 2200
Houston, TX 77027



**John D. Kinard**, District Clerk
Galveston County, Texas

By: *Rolande Kain*
    Rolande Kain, Deputy

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 09/01/2016 at 9:00 AM*

---

OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at _____ _____ in _____County, Texas , on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the ; Original Petition - OCA attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

                      _____
Amount: _____                      Sheriff/Constable

                      _____ County, Texas

                      BY: _____
                      Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

                      _____
                      Notary Public

## CITATION

### THE STATE OF TEXAS

**YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL**

**Cause No.: 16-CV-0699**
**212th District Court of Galveston County**

TO:     **Howard W Apel II**
        **601 Oakdale Street**
        **La Porte TX 77571**

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.**

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **; Original Petition - OCA** was filed **; June 09, 2016**. It bears cause number **16-CV-0699** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 9th day of June, 2016.**

Issued at the request of:
Mason Meyer
3200 Southwest freeway, Suite 2200
Houston, TX 77027



**John D. Kinard**, District Clerk
Galveston County, Texas

By:  *Rolande Kain*
     Rolande Kain, Deputy

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 09/01/2016 at 9:00 AM*

OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at_____
_____ in _____County, Texas , on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the ; Original Petition - OCA attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

Amount: _____

_____
Sheriff/Constable

_____ County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public

# CITATION

### THE STATE OF TEXAS

**YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL**

**Cause No.: 16-CV-0699**
**212th District Court of Galveston County**

TO:     James T Scholes
        638 Bradley St
        Seabrook TX 77586

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.**

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **; Original Petition - OCA** was filed **; June 09, 2016**. It bears cause number **16-CV-0699** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 9th day of June, 2016.**

Issued at the request of:
Mason Meyer
3200 Southwest freeway, Suite 2200
Houston, TX 77027



**John D. Kinard**, District Clerk
Galveston County, Texas

By:  *Rolande Kain*
        Rolande Kain, Deputy

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 09/01/2016 at 9:00 AM*

OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at_____ _____ in _____County, Texas , on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the  ; Original Petition - OCA attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

_____
Sheriff/Constable

Amount: _____

_____ County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public

# *United States Court of Appeals*

**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE**
**NEW ORLEANS, LA 70130**

January 26, 2017

Mr. Christopher H. Avery
Thompson, Coe, Cousins & Irons, L.L.P.
1 Riverway
Suite 1400
Houston, TX 77056

        No. 17-10003   Seneca Insurance Company, Inc. v. Emerald
Management, L.L.C., et al
                  USDC No. 4:16-CV-294

Dear Mr. Avery,

Appearance forms require either an original signature in the
signature line or **"s/name"** by attorneys filing under their own
CM/ECF login.

                         Sincerely,

                         LYLE W. CAYCE, Clerk

                         By: _____
                         Burke Fenerty, Deputy Clerk
                         504-310-7624

**Lovely, Karen**

| | |
|---|---|
| **From:** | cmecf_caseprocessing@ca5.uscourts.gov |
| **Sent:** | Thursday, January 26, 2017 8:35 AM |
| **To:** | Lovely, Karen |
| **Subject:** | 17-10003 Seneca Insurance Company, Inc. v. Emerald Management, L.L.C., et al "Appearance Form Received and Returned" |

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing.

### United States Court of Appeals for the 5th Circuit

**Notice of Docket Activity**

The following transaction was entered on 01/26/2017 at 8:33:49 AM CST and filed on 01/26/2017

**Case Name:**   Seneca Insurance Company, Inc. v. Emerald Management, L.L.C., et al

**Case Number:**   17-10003

**Document(s):**   Document(s)

**Docket Text:**
Attorney Christopher H. Avery is advised to resubmit appearance form. Reason: No signature on appearance form. [17-10003] (BF)

**Notice will be electronically mailed to:**

Mr. Christopher H. Avery: cavery@thompsoncoe.com, klovely@thompsoncoe.com

The following document(s) are associated with this transaction:
**Document Description:** Misc - 10 COR Letter
**Original Filename:** /opt/ACECF/live/forms/bfenerty_1710003_8410024_AppearanceFormDeficient-MISC10COR_144.pdf
**Electronic Document Stamp:**
[STAMP acecfStamp_ID=1105048708 [Date=01/26/2017] [FileNumber=8410024-0]
[ad8197e521933f684524b8a9ac58d5f0020c416da5b129c5bd5dd6040a80ff98620c6e7ddde95fbd85bc79e989da5ff951
f3af9f74ea07a32a57f4584be85fdb]]
**Recipients:**

- Mr. Christopher H. Avery

Filed: 6/14/2016 8:19:21 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 11124505
By: Shailja Dixit
6/14/2016 8:30:28 AM

**Notice**: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to advise of the same as soon as possible

## THE DISTRICT COURTS OF GALVESTON COUNTY CIVIL CASE INFORMATION STATEMENT

The case Information Statement is for administrative purposes only. It shall be filed with the Parties Original Pleadings and shall be served upon all other parties to the action. All Status Conferences will be set for Thursdays following 90 days from the date of filing according to each Courts scheduled times

| 10th District Court – 9:00 A.M. | 212th District Court – 9:00 A.M. |
| 56th District Court – 9:30 A.M. | 405th District Court – 10:00 A.M. |
| 122nd District Court – 9:30 A.M. | |

**Notice of Status Conference Setting: Please calendar this event**
**Date: 09/01/2016 set in the 212th District Court District Court**

Case Number: 16-CV-0699
Case Style: Yode Investments LLC vs. AAA Chemicals, Inc. Et Al
Case Type: Contract - Debt

| Name of Primary Attorney filing this form | Name of Opposing Attorney, if known |
|---|---|
| Attorney Name  MASON MEYER | Attorney Name |
| Attorney Bar No.  13493825 | Attorney Bar No. |
| Attorney Address  3200 S.W. FREEWAY, STE. 2200, HOU, TX 77027 | Attorney Address |
| Attorney Phone No.  713-499-3172 | Attorney Phone No. |
| Attorney Fax No.  713-521-3242 | Attorney Fax No. |

Briefly describe the case, including special characteristics that may warrant extended discovery or accelerated disposition.  BREACH OF CONTRACT, NEGLIGENCE
If discovery **LEVEL 3** is requested, explain why.  Attach additional sheets, if necessary.

Estimated time for discovery      Estimated trial time
_____10 Months_____             _____2 DAYS_____

Do you presently anticipate adding any parties?     If so when?
_____No_____                     _____

Level Assignment Preferred: (please check one)

| Level 1 | Level 2  ✓ | Level 3 |
|---|---|---|
| $50,000 or less | All Other Cases | Court Order Only |

Is this case suitable for ADR? (yes or no) __YES__     ADR Method? __MEDIATION__

Signature of Attorney   Mason Meyer

Printed Name of Attorney:  MASON MEYER

Date signed   6/13/2016

## CITATION

### THE STATE OF TEXAS

**Cause No.: 16-CV-0699**

**YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL**

16 JUN 24 PM 12: 01

**212th District Court of Galveston County**

Delivered this _____ day of _____, 20_____

PHIL SANDLIN, CONSTABLE

TO: **AAA Chemicals Inc**
c/o Registered Agent Howard W Apel
**601 Oakdale Street**
**La Porte TX 77571**

DISTRICT CLERK    By _____
GALVESTON COUNTY, TEXAS

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.**

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **; Original Petition - OCA** was filed **; June 09, 2016**. It bears cause number **16-CV-0699** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 9th day of June, 2016.**

Issued at the request of:
Mason Meyer
3200 Southwest freeway, Suite 2200
Houston, TX 77027



**John D. Kinard**, District Clerk
Galveston County, Texas

By: *Rolande Kain*

Rolande Kain, Deputy

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 09/01/2016 at 9:00 AM*

### OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ____. M. and executed at_____ in _____ County, Texas , on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the ; Original Petition - OCA attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

_____
Sheriff/Constable

Amount: _____

_____ County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public

**Cause #:** 16CV0699
**Tracking #:** J06651946
**Person To Serve:** HOWARD W.
APEL,REG.AGENT

16 – CV – 0699
DCCIR
Citation and Return
1245614



County Auditor's Form #161E
Harris County, Texas  (REV. 06/99)



## HARRIS COUNTY, TEXAS

Phil Sandlin
Constable, Precinct #8
7330 Spencer Highway
Pasadena, TX 77505
281-479-2525

### Official Receipt

| DATE | CUSTOMER NAME | | RECEIPT # |
|------|---------------|--|-----------|
| 06/17/16 | Sullins,Johnston,Rohrbach,Atty | | C8021455 |
| GC | | AMOUNT | 225.00 |

| PAY TYPE | INVOICE # | DESCRIPTION | | AMOUNT |
|----------|-----------|-------------|--|--------|
| CH | 16CV0699 | CITATION | | 75.00 |
| | Yode Investm.vs AAA Chemical | | 10030801530315 | |
| CH | 16CV0699 | CITATION | | 75.00 |
| | Yode Investm.vs AAA Chemical | | 10030801530315 | |
| CH | 16CV0699 | CITATION | | 75.00 |
| | Yode Investm.vs AAA Chemical | | 10030801530315 | |

THIS DOCUMENT HAS A COLORED BACKGROUND, AN ULTRAVIOLET INK FEATURE AND A WATERMARK ON THE BACK

**SULLINS, JOHNSTON, ROHRBACH & MAGERS**
Attorneys at Law
(A Professional Corporation)
2200 Phoenix Tower • 3200 Southwest Freeway
Houston, Texas 77027
713.521.0221

WELLS FARGO BANK, N.A.     **NO.** 056707
11-24
1210

$P$ AY   ****Two Hundred Twenty-Five And Xx / 100

DATE                    AMOUNT
06/14/2016              $225.00

TO
THE        Harris County Constable
ORDER      Rec#C8021455
OF         Cause#16CV0699
                (3)

SULLINS, JOHNSTON, ROHRBACH & MAGERS
Operating Account

H. Dan Johnston                MP
NOT VALID AFTER SIX MONTHS

⑈056707⑈ ⑆121000248⑆ 4121108492⑈

| USER ID: DBURTON | BATCH ID: L308DHSS |
|------------------|--------------------|

## Constable Return of Corporation

Cause #: <u>16CV0699</u>                                      Tracking #: <u>J06651946</u>

In the case of <u>YODE INVESTMENTS,LLC</u> VS <u>AAA CHEMICALS,INC.</u> a <u>CITATION</u> and attached _
<u>ORIGINAL PETITION OCA</u>  was issued by the <u>212th Galveston County Judicial Court</u> court of
<u>GALVESTON</u> County, and came to hand on the <u>17</u> day of <u>June</u> , <u>2016</u> at <u>11:55AM</u> to be delivered at
 <u>601 Oakdale Avenue</u> , <u>La Porte</u> , Tx <u>77571</u> by delivering to: <u>HOWARD W. APEL,REG.AGENT</u>

### Attempted Service
**(Attempted service at 601 Oakdale Avenue  unless otherwise noted.)**

| Date | Time | Service Attempt Type | Address Attempted | Remarks |
|------|------|---------------------|-------------------|---------|
| 6/22/2016 | 7:40:00 AM | SERVED DEFENDANT | 601 Oakdale Avenue  La Porte, Tx 77571 | |
| 6/21/2016 | 6:52:00 PM | NOT IN | 601 Oakdale Avenue  La Porte, Tx 77571 | Per wife, stated subject decided to work late. |
| 6/20/2016 | 4:18:00 PM | NOT IN/LEFT CARD | 601 Oakdale Avenue  La Porte, Tx 77571 | Per son subject home about 7 pm. |
| 6/17/2016 | 3:27:00 PM | NO ANSWER/LEFT CARD | 601 Oakdale Avenue  La Porte, Tx 77571 | fjp-0250 in driveway |

### Service of Corporation

Executed the same in <u>Harris County</u> County, Texas, on the <u>22</u> day of <u>June</u> , <u>2016</u> at <u>7:40AM</u> by
summoning <u>AAA CHEMICALS INC</u> a Corporation at <u>601 Oakdale Avenue</u> , <u>La Porte</u> , Texas <u>77571</u>
By delivering to <u>HOWARD W APEL</u> in person the <u>Registered Agent</u> of said Corporation a true copy of this
<u>CITATION</u>, together with the accompanying certified copy of the <u>ORIGINAL PETITION OCA</u>

Fee $    <u>75.00</u>

by Deputy <u>Eric Hall</u>
       Printed

Deputy Signature

Attempts:    <u>4</u>

**Phil Sandlin , Constable Precinct #8**

**Harris County Texas**

7330 Spencer Highway, Suite 107  Pasadena Texas
77505

886.0  J06651944  3

ENTERED

## CITATION

### THE STATE OF TEXAS

**YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL** 16 JUN 24 PM 12:01

DISTRICT CLERK
GALVESTON COUNTY. TEXAS

**Cause No.: 16-CV-0699**

**212th District Court of Galveston County**

Delivered this _____ day of _____, 20____

PHIL SANDLIN, CONSTABLE

**TO:** **Howard W Apel II**
**601 Oakdale Street**
**La Porte TX 77571**

---

**GREETINGS: YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **; Original Petition - OCA** was filed **; June 09, 2016**. It bears cause number **16-CV-0699** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 9th day of June, 2016.**

Issued at the request of:
Mason Meyer
3200 Southwest freeway, Suite 2200
Houston, TX 77027



**John D. Kinard**, District Clerk
Galveston County, Texas

By: _Rolande Kain_
　　　Rolande Kain, Deputy

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 09/01/2016 at 9:00 AM*

### OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at_____
_____ in _____County, Texas , on
the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in
person a true copy of this Citation together with the accompanying _____ copy(ies) of the **; Original Petition - OCA** attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of
_____, 20___.

Fee-Serving: _____

Amount:_____

_____
Sheriff/Constable

_____ County, Texas

BY: _____
Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
Notary Public



**Cause #:** 16CV0699
**Tracking #:** J06651944
**Person To Serve:** APEL, HOWARD
W.II

16 – CV – 0699
DCCIR
Citation and Return
1245615



County Auditor's Form #161E
Harris County, Texas (REV. 06/99)



# HARRIS COUNTY, TEXAS

Phil Sandlin
Constable, Precinct #8
7330 Spencer Highway
Pasadena, TX 77505
281-479-2525

## Official Receipt

| DATE | CUSTOMER NAME | RECEIPT # |
|---|---|---|
| 06/17/16 | Sullins,Johnston,Rohrbach,Atty | C8021455 |

| | | AMOUNT |
|---|---|---|
| GC | | 225.00 |

| PAY TYPE | INVOICE # | DESCRIPTION | | AMOUNT |
|---|---|---|---|---|
| CH | 16CV0699 | CITATION | | 75.00 |
| | Yode Investm.vs AAA Chemical | | 10030801530315 | |
| CH | 16CV0699 | CITATION | | 75.00 |
| | Yode Investm.vs AAA Chemical | | 10030801530315 | |
| CH | 16CV0699 | CITATION | | 75.00 |
| | Yode Investm.vs AAA Chemical | | 10030801530315 | |

THIS DOCUMENT HAS A COLORED BACKGROUND, AN ULTRAVIOLET INK FEATURE AND A WATERMARK ON THE BACK

**SULLINS, JOHNSTON, ROHRBACH & MAGERS**
Attorneys at Law
*(A Professional Corporation)*
2200 Phoenix Tower • 3200 Southwest Freeway
Houston, Texas 77027
713.521.0221

WELLS FARGO BANK, N.A.
$\frac{11-24}{1210}$

**NO.** 056707

PAY ****Two Hundred Twenty-Five And Xx / 100

DATE
06/14/2016

AMOUNT
$225.00

TO THE ORDER OF

Harris County Constable

Rec#C8021455
Cause# 16CV0699
(3)

SULLINS, JOHNSTON, ROHRBACH & MAGERS
Operating Account

H. Dan Johnston

NOT VALID AFTER SIX MONTHS

⑈056707⑈ ⑆121000248⑆ 4121108492⑈

| USER ID: DBURTON | BATCH ID: L308DHSS |
|---|---|

## Constable Return Of Individual

Cause #: <u>16CV0699</u>                                                        Tracking #: <u>J06651944</u>

In the case of <u>YODE INVESTMENTS,LLC</u> VS <u>AAA CHEMICALS,INC.</u> a <u>CITATION</u> and attached _ <u>ORIGINAL PETITION OCA</u>  was issued by the <u>212th Galveston County Judicial Court</u> court of <u>GALVESTON</u> County, <u>TX</u> and came to hand on the <u>17</u> day of <u>June</u> , <u>2016</u> at <u>11:53AM</u> to be delivered at <u>601 Oakdale Avenue</u> , <u>La Porte</u> , Tx <u>77571</u> by delivering to: <u>APEL, HOWARD W.II</u>

**(Attempted service at 601 Oakdale Avenue, La Porte, Tx, 77571 unless otherwise noted.)**

| Date | Time | Service Attempt Type | Attempted Address | Remarks |
|------|------|----------------------|-------------------|---------|
| 6/22/2016 | 7:40:00 AM | SERVED DEFENDANT | 601 Oakdale Avenue La Porte, Tx 77571 | |

## Service of Individual

Executed in <u>Harris County</u> County, Texas by delivering to each of the within name defendant(s) by <u>Personal Service</u> ; a true copy of this <u>CITATION</u> together with the accompanying copy of the <u>ORIGINAL PETITION OCA</u> , at the following times and places:

| Name | Date | Time | Full Address of Service |
|------|------|------|-------------------------|
| APEL, HOWARD W.II | 6/22/2016 | 7:40AM | 601 Oakdale Avenue  La Porte, Tx 77571 |

Fee $     75.00

by Deputy  Eric Hall
              Printed

Deputy Signature    _E. Hall_

Attempts:     4

**Phil Sandlin , Constable Precinct #8**

**Harris County Texas**

7330 Spencer Highway, Suite 107  Pasadena Texas 77505

J06651943

4

ENTERED

## CITATION

16 JUN 28 AM 11: 39

THE STATE OF TEXAS

YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL

**Cause No.: 16-CV-0699**

**212th District Court of Galveston County**

DISTRICT CLERK
GALVESTON COUNTY, TEXAS

TO:    **James T Scholes**
       **638 Bradley St**
       **Seabrook TX 77586**

Delivered this _____ day of _____, 20____
PHIL SANDLIN, CONSTABLE

---

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **; Original Petition - OCA** was filed **; June 09, 2016**. It bears cause number **16-CV-0699** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 9th day of June, 2016.**

Issued at the request of:
Mason Meyer
3200 Southwest freeway, Suite 2200
Houston, TX 77027



**John D. Kinard**, District Clerk
Galveston County, Texas

By: *Rolande Kain*

Rolande Kain, Deputy

**SEE ATTACHED FORM**
*NOTE: Status Conference set: 09/01/2016 at 9:00 AM*

---

OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at_____ in _____ County, Texas , on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____ , in person a true copy of this Citation together with the accompanying _____ copy(ies) of the ; Original Petition - OCA attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____                      _____

                                           Sheriff/Constable

Amount: _____                           _____ County, Texas

                        BY: _____

                              Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

                                           _____

                                           Notary Public



**Cause #:** 16CV0699
**Tracking #:** J06651943
**Person To Serve:** SCHOLES, JAMES
T.

16 – CV – 0699
DCCIR
**Citation and Return**
1247166

### Constable Return Of Individual

Cause #: 16CV0699                                     Tracking #: J06651943

In the case of YODE INVESTMENTS,LLC VS AAA CHEMICALS,INC. a CITATION and attached _
ORIGINAL PETITION -OCA__ was issued by the _212th Galveston County Judicial Court_ court of
GALVESTON County, TX and came to hand on the _17_ day of _June_, _2016_ at _11:51AM_ to be
delivered at _1215 S COUNTRY CLUB DR_, _LA PORTE_, Tx _77571_ by delivering to: SCHOLES,
JAMES T.

**(Attempted service at 1215 S COUNTRY CLUB DR, LA PORTE, Tx, 77571 unless otherwise noted.)**

| Date | Time | Service Attempt Type | Attempted Address | Remarks |
|------|------|---------------------|-------------------|---------|
| 6/23/2016 | 7:40:00 AM | SERVED DEFENDANT | 1215 S COUNTRY CLUB DR LA PORTE Tx 77571 | |

### Service of Individual

Executed in Harris County County, Texas by delivering to each of the within name defendant(s) by _Personal
Service_; a true copy of this _CITATION_ together with the accompanying copy of the _ORIGINAL
PETITION -OCA_, at the following times and places:

| Name | Date | Time | Full Address of Service |
|------|------|------|------------------------|
| SCHOLES, JAMES T. | 6/23/2016 | 7:40AM | 1215 S COUNTRY CLUB DR LA PORTE Tx 77571 |

Fee $     75.00

by Deputy  Eric Hall
                Printed

Deputy Signature  Σ⁊₳ₗₗₑₚ

Attempts:     3

**Phil Sandlin , Constable Precinct #8**

**Harris County Texas**

7330 Spencer Highway, Suite 107  Pasadena Texas
77505

# Sullins Johnston
# Rohrbach &amp; Magers

### Attorneys at Law
*{A Professional Corporation}*

**MASON C. MEYER**

**DIRECT DIAL:** 713-499-3172
**E-MAIL:** mmeyer@sjrm.com

June 14, 2016

**FIRST CLASS MAIL**

Harris County Constable Pct. 8
7330 Spencer Highway, Suite 107
Pasadena, TX 77505

      Re:    No. 16-CV-0699;  Yode Investments LLC vs. AAA Chemicals, Inc., Howard W. Apel, II and James T. Scholes;  In the 212th Judicial District Court of Galveston County, Texas

Dear Sir:

    Enclosed for service are three citations with Plaintiff's Original Petition in the above-referenced matter attached.  Please provide service of these documents upon the following:

    Defendant, AAA Chemicals through its registered agent, Howard W. Apel, II at 601 Oakdale Street, La Porte, Texas  77571.

    Defendant Howard W. Apel, II at 601 Oakdale Street, La Porte, Texas  77571

    Defendant James T. Scholes at 638 Bradley Street, Seabrook, Texas  77586

    Also enclosed is our check in the amount of $225.00 to cover the required fee associated with this service.  Kindly notify me once service has been completed and return the completed officer's return for filing with the court.

    Should you have any questions or require anything further, please do not hesitate to contact us.  Your prompt attention and assistance to this matter is greatly appreciated.

                Sincerely,

                SULLINS, JOHNSTON, ROHRBACH & MAGERS

                Karin Crawford, Legal Assistant

Enclosures

County Auditor's Form #161E
Harris County, Texas (REV. 06/99)



## HARRIS COUNTY, TEXAS

Phil Sandlin
Constable, Precinct #8
7330 Spencer Highway
Pasadena, TX 77505
281-479-2525

### Official Receipt

| DATE | CUSTOMER NAME | | RECEIPT # | |
|---|---|---|---|---|
| 06/17/16 | Sullins,Johnston,Rohrbach,Atty | | | C8021455 |
| | | | AMOUNT | |
| GC | | | | 225.00 |

| PAY TYPE | INVOICE # | DESCRIPTION | | AMOUNT |
|---|---|---|---|---|
| CH | 16CV0699 | CITATION | | 75.00 |
| | Yode Investm.vs AAA Chemical | | 10030801530315 | |
| CH | 16CV0699 | CITATION | | 75.00 |
| | Yode Investm.vs AAA Chemical | | 10030801530315 | |
| CH | 16CV0699 | CITATION | | 75.00 |
| | Yode Investm.vs AAA Chemical | | 10030801530315 | |

| USER ID: DBURTON | BATCH ID: L308DHSS |
|---|---|

Filed: 7/28/2016 10:58:02 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 11873559
By: Ann Vaughn
7/28/2016 11:00:54 AM

## CAUSE NO. 16-CV-0699

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **AAA CHEMICALS, INC., HOWARD W.** | § | |
| **APEL, II AND JAMES T. SCHOLES** | § | |
| *Defendants.* | § | **212TH JUDICIAL DISTRICT** |

### ANSWER OF DEFENDANTS AAA CHEMICALS, INC., HOWARD W. APEL, II AND JAMES T. SCHOLES TO PLAINTIFF'S ORIGINAL PETITION, REQUESTS FOR DISCLOSURE, REQUEST FOR A LEVEL 3 DISCOVERY PLAN AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, AAA CHEMICALS, INC., HOWARD W. APEL, II AND JAMES T. SCHOLES (collectively "Defendants") and file this, their Answer to Plaintiff's Original Petition, Requests for Disclosure, Request for a Level 3 Discovery Plan and Jury Demand, and would respectfully show the Court the following:

### DEFENDANTS' ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendants assert a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, and request that Plaintiff be required to prove by a preponderance of the evidence the charges and allegations contained in its Petition and any subsequent amended petitions. Defendants deny each and every allegation of Plaintiff, individually and cumulatively.

Defendants deny that any act or omission of Defendants was a substantial factor in bringing about injury to Plaintiff, if any, which would not have otherwise occurred.

Defendants state that the Plaintiff's injuries and damages, if any, are attributable to causes other than the acts or omissions of the Defendants and are capable of being apportioned amongst the causes pursuant to Restatement (Second) of Torts §433A (1977). Recovery must be denied for injuries and/or damages not attributable to Defendants.

Defendants assert that the Plaintiff's recovery must be reduced by a percentage equal to the Plaintiff's responsibility and the responsibility of other parties, responsible third parties, and settling persons in accordance with Chapter 33 of the Civil Practice and Remedies Code.

## AFFIRMATIVE DEFENSES

Defendants assert as an affirmative defense that Plaintiff's petition fails to state a claim or claims or any facts upon which relief can be granted, and Plaintiff's causes of action should therefore be dismissed.

Defendants assert as an affirmative defense that if Plaintiff sustained any injuries and/or damages, as alleged, which are hereby specifically denied, then Defendants would show that said injuries and/or damages, if any, were solely, directly, and/or proximately caused or contributed by the negligent acts, wrongs, omissions or misconduct in whole or in part, of third parties and concerns or by instrumentalities belonging to third parties not under the supervision or control of Defendants, for which Defendants are not responsible and for which Defendants should not be held responsible.

Defendants assert as an affirmative defense that Plaintiff's injuries and damages, if any, were proximately caused by new, independent, intervening or superseding causes.

Defendants assert as an affirmative defense that all of its conduct and activities conformed to statutes, governmental regulations, and industry standards at all relevant times.

Defendants assert that Plaintiff's injuries, if any, were the result of an avoidable accident and not due to any negligence or breach of legal duty on the part of Defendant.

Defendants assert as an affirmative defense that the Statute of Limitations bars Plaintiff's suit.

Defendants invoke the affirmative defense of impossibility.

Defendants invoke the affirmative defense of sole cause.

Defendants invoke the affirmative defense of election of remedies.

Defendants assert that Plaintiff failed to mitigate its alleged injuries and damages, if any, as required by Texas law.

Defendants deny that they are liable to Plaintiff for any damages and assert that, if any damages are awarded, Tex. Fin. Code §304.1045 disallows pre-judgment interest on future damages, if any.

Defendants deny that they are liable to Plaintiff for any damages and assert that, if any damages are awarded, Tex. Fin. Code §304.003(c) governs the calculation of post-judgment interest, if any.

Defendants plead and incorporate herein by reference as an affirmative defense all applicable damage caps and limitations upon any award of damages, both compensatory and punitive, as provided under the law.

## NOTICE OF DOCUMENTS TO BE USED AT TRIAL

Pursuant to Texas Rules of Civil Procedure 193.7, Defendants hereby notify all parties of its intention to use all documents exchanged and produced between the parties in discovery, including but not limited to correspondence, discovery responses and deposition exhibits, during the trial of the case.

## REQUESTS FOR DISCLOSURE

Defendant requests that the Plaintiff disclose, within 30 days of the service of this request, the information or material described in Texas Rule of Civil Procedure 194.2.

## LEVEL 3 DISCOVERY PLAN REQUEST

Defendants assert that the Level 2 discovery requested by Plaintiff is not appropriate to the number of named parties, the issues, the allegations and the alleged damages in this matter

and moves the Court to issue a discovery control plan tailored to circumstances of this specific suit, in accordance with Rule 190.4.

## DEMAND FOR JURY TRIAL

Defendants demand a jury trial and hereby tenders the jury fee to the Clerk.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, AAA CHEMICALS, INC., HOWARD W. APEL, II AND JAMES T. SCHOLES prays that Plaintiff take nothing, that Defendants be dismissed, that Defendants recover its costs of court and for such other and further relief, whether general or special, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**MARON MARVEL**
**BRADLEY & ANDERSON LLC**

By: */s/ Roger Nebel* _____
ROGER H. NEBEL
State Bar No. 90001973
2950 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 402-1710
Facsimile: (713) 574-2403
Email: rnebel@maronmarvel.com

**ATTORNEYS FOR AAA CHEMICALS, INC.,**
**HOWARD W. APEL, II AND JAMES T.**
**SCHOLES**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing has been served on all counsel of record via efile.txcourts.gov and/or email in accordance with the Texas Rules of Civil Procedure on July 28, 2016.

*/s/ Roger Nebel* _____

DCDOCO
Docket Control Order
1281134

3

CAUSE NO. ___16-CV-0699___

2016 SEP -2 AM 10: 18

YODE INVESTMENTS LLC                    )      IN THE JUDICIAL DISTRICT COURT

                                        )
                                               DISTRICT CLERK
                                               GALVESTON COUNTY, TEXAS
VS                                      )      OF GALVESTON COUNTY, TEXAS

AAA CHEMICALS, INC., HOWARD W.          )
APEL, II and JAMES T. SCHOLES           )

                                        )      212TH DISTRICT COURT

## DISCOVERY AND DOCKET CONTROL ORDER

1. __10/11/16__ **NEW PARTIES** joined and served by this date. No parties may be added after this date without approval by the Court. Approval after this date is less likely to be granted if a delay of the trial would result.

2. __5/12/17__ **EXPERTS** for all Plaintiffs shall be designated by this date.

3. __6/12/17__ **EXPERTS** for all OTHER PARTIES shall be designated by this date. Any party designating a testifying expert witness is **ORDERED** to provide no later than the dates set for such designation, the information set forth in Rule 194.2(f) and a written report prepared by the expert setting the substance of the expert's opinions. An expert not designated prior to the ordered deadline shall not be permitted to testify absent a showing of good cause.

4. __8/13/17__ **ROBINSON CHALLENGES** are to be filed and heard by this date.

5. ___/___/___ **DISCOVERY** deadlines controlled by designation of case (indicate which applies). Counsel may in written agreement continue discovery beyond this deadline. Such continued discovery, however, will not delay the trial date.

   ___/___/___ Level One (Rule 190.2) and Level Two (Rule 109.3). Discovery shall be completed 30 days before the date set for trial.

   ___/___/___ Level Two (Rule 190.3). Discovery shall be completed 30 days before the date set for trial or 9 months after the date of the first oral deposition of the due date of the first response to written discovery.

   __8/11/17__ Level Three (Rule 190.4). Discovery shall be completed by this date.

6. Electronically Stored Information Discovery : (Indicate which applies.)

   __X/___/___ Lawyers will abide by the Texas Rules of Civil Procedure (TCRP) to the Discovery of ESI. If lawyers are unable to agree to any of the requirements of this TRCP, they will secure a setting for a hearing date before this date.

   _____ Lawyers do not anticipate the need to abide by either the Court's Protocol or Order regarding ESI since prosecuting and defending these claims will not depend on large amounts of ESI.

7. __7/10/17__ Pleadings must be amended or supplemented by this date, except by written agreement of **ALL** parties.

8.  _4_/_11_/_17_ Mediation shall be completed by this date.  Report to be filed with Court on or before this date.  Objections to mediation must be filed within 30 days of this date.  **Case will not proceed to trial unless mediation is complete**.  All parties agree to participate in mediation with the following person to serve as mediator:

Name:       _NANCY HUSTON_
Address:    _3555 TIMMONS, STE. 640_
            _HOUSTON, TX 77027_
Phone:      _713 - 546 - 3590_  Fax:  _713 - 546 - 3501_
Email:      _nhuston @ nancyhuston.com_

     Plaintiff's attorney shall provide a copy of the DCO to the mediator named herein.

9.  _7_/_24_/_17_ **DEADLINE TO FILE ALL MOTIONS**, except Motions in Limine, **AND FOR MOVANT TO SECURE DATES AND TIMES FOR HEARINGS.  NO HEARINGS WILL BE SET UNTIL A MOTION AND ORDER SETTING HEARING ARE ON FILE WITH THE CLERK.**  This includes motions to exclude expert testimony and any other challenges to expert testimony (6 weeks prior to pre-trial).

10. _9_/_1_/_17_ at _10:00_ **a**.m.  Pre-Trial Conference set.  **Court will only hear announcement of parties and motions to continue at this setting.  Failure to appear will be grounds for dismissal for want of prosecution.**

11. _9_/_11_/_17_ at _9:00_ **a**.m. Trial by Jury is set for two-week docket commencing on this date.  **Prior to commencement of voir dire, parties are ordered to exchange the following and discuss what the parties will agree to and what issues are contested:**

       _____Proposed jury instructions and questions
       _____Motion in Limine
       _____Exhibit list
       _____Labeled and numbered exhibits
       _____Witness lists (inform Court at earliest opportunity of scheduling problems relating to witnesses).

12. ___/___/___at_____ ___.m.  Trial before Court is set.

13. Any attorney representing a party who files bankruptcy during the pendency of the litigation must submit a written report advising the Court of the status of such bankruptcy on the 2nd Monday in January and the 2nd Monday in July.

14. All attorneys shall abide by the Supreme Court of Texas and The Court of Criminal Appeals Texas Lawyer's Creed.

15. Cases not reached for trial during a trial sitting will automatically be reset for trial on the next civil trial date setting for this Court unless a court order is issued setting the case for another date.  Pretrial conference will be reset for the corresponding trial date.  Cases will continue to be reset at each consecutive civil pretrial and trial setting until reached regardless of whether you receive notice or order regarding the trial reset date.

16. Proposed Findings of Fact and Conclusions of law to be exchanged prior to trial date.

Written notice must be given to the Court of any changes in this DCO.  This includes settlement, Rule 11 Agreements, cancellation of hearings, etc.  Numbers 9, 10, 11 or 12 cannot be changed without leave of the Court.

SIGNED ON _____September 1_____, 2016.


JUDGE PATRICIA GRADY
212th Judicial District Court


SIGNED by Counsel and/or Pro Se parties:

Mason Meyer
attorney for Plaintiff
YODE INVESTMENTS LLC

Roger Nebel
Attorney for Defendants

Filed: 9/30/2016 4:45:13 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13009175
By: Shailja Dixit
10/3/2016 9:19:43 AM

## CAUSE NO. 16-CV-0699

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **AAA CHEMICALS, INC., HOWARD W.** | § | |
| **APEL, II AND JAMES T. SCHOLES** | § | |
| *Defendants.* | § | **212TH JUDICIAL DISTRICT** |

### THIRD-PARTY PLAINTIFFS AAA CHEMICALS, INC., HOWARD W. APEL, II, AND JAMES T. SCHOLES'S ORIGINAL THIRD-PARTY PETITION AGAINST SOUTHWEST TERMINALS, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, AAA CHEMICALS, INC., HOWARD W. APEL, II AND JAMES T. SCHOLES (collectively "Third Party Plaintiffs"), and, pursuant to Texas Rule of Civil Procedure 38, files this Third-Party Petition against Third-Party Defendant Southwest Terminals, LLC. Third-Party Plaintiffs would respectfully show the Court as follows:

### I.   Discovery Control Plan

Third-Party Plaintiffs intend to conduct discovery under Level 3 and affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Third-Party Plaintiffs seek monetary relief over $100,000.

### II.   Relief

Third-Party Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

### III.   Parties

Plaintiff is name is Yode Investments, LLC.

AAA Chemicals, Inc., Howard W. Apel, II, and James T. Scholes are Defendants and the Third-Party Plaintiffs, and have already appeared in this matter.

Third-Party Defendant Southwest Terminals, LLC ("Southwest Terminals") is a domestic limited liability company organized and existing under the laws of the Texas, whose principal office and place of business is located at 226 Texas City Wye, La Marque, TX 77568, and who may be served with process by serving its registered agent for service of process, Margaret Roff, at 8230 FM 2004, Hitchcock, TX 77563.

IV. <u>Jurisdiction and Venue</u>

The Court has jurisdiction pursuant to Tex. Civ. Prac. & Rem. Code Ch. 33 and the alleged damages are within the jurisdictional limits of the court.

Venue for this suit is Galveston County because the incident about which Plaintiff complains occurred in this county.

V.  <u>Facts</u>

Yode Investments, LLC ("Yode Investments") is the owner of the premises at 226 Texas City Wye, La Marque, TX 77568 (the premises").  Yode Investments sued Third-Party Plaintiffs alleging negligence and breach of contract in relation to chemicals on the premises and alleged contamination of the premises, as well as referencing a specific chemical release on April 24, 2015.

Upon information and belief, Southwest Terminals is a chemical supply business that succeeded AAA Chemicals as a lessee on the premise, and stored and maintained chemicals on the premises, subsequent to AA Chemicals, including on the date of the April 24, 2105 release about which Plaintiffs complain.   Additionally, upon information and belief, Third-Party Plaintiffs allege that Southwest Terminals and its employee have on occasion mishandled chemicals on the premises, potentially resulting in chemical contamination to it.

## VI. <u>Count 1 –Contribution</u>

Third-Party Plaintiffs allege a cause of action for Contribution.

Third-Party Plaintiffs deny any liability to Plaintiff for any injuries and/or damages as alleged in Plaintiff's Petition and any subsequent amendments thereto.  To the extent that Third-Party Plaintiffs incur any liability to Plaintiff with respect to the allegations in Plaintiff's live petition, Third-Party Plaintiffs sue Southwest Terminals as being liable for its own acts omissions causing or contributing any alleged injury or damage, and/or, under the theory of *respondeat superior* for the acts and omissions of Southwest Terminals' employees, for contribution for any such liability on the part of Third-Party Plaintiffs.

Without admitting liability and subject to all defenses heretofore pled by Third-Party Plaintiffs, which denies any fault, liability or responsibility to Plaintiff for the occurrences made the basis of this lawsuit and for Plaintiff's alleged injuries and damages,  if the facts Plaintiff alleges are accurate, Third-Party Plaintiffs assert that Southwest Terminals' negligence contributed to and/or solely caused the incident about which Plaintiff complains and was a proximate and/or producing cause of the incident or occurrence in question and thus a proximate and/or producing cause of the injuries and damages alleged by Plaintiff.

Southwest Terminals owed Plaintiff an independent duty of care and breached that duty of care through its own negligent actions, resulting in the injuries and damages, if any, alleged by Plaintiff.  As such, Third-Party Plaintiffs are entitled to contribution from Southwest Terminals to the extent Third-Party Plaintiffs incur any liability for damages alleged by Plaintiff.

In the unlikely event it is determined that Third-Party Plaintiffs are liable to Plaintiff, which is not admitted and is expressly denied, then Third-Party Plaintiffs are entitled to

contribution from Southwest Terminals, under all applicable laws, including but not limited to the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

VII.      <u>Count 2 - Negligence</u>

Alternatively or additionally, Third-Party Plaintiffs allege a cause of action for Negligence.  Third-Party Plaintiffs re-allege and restates all of the allegations contained in the previous paragraphs, and further states and allege that Third-Party Plaintiffs would show that any injuries of Plaintiff's are the proximate result of the negligence of Southwest Terminals and that it is Southwest Terminals, if anyone, that is liable to Plaintiff.

VIII.      <u>Damages</u>

Third-Party Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

IX. <u>Conditions Precedent</u>

All conditions precedent to Third-Party Plaintiffs' claim for relief have been performed or have occurred.

X.  <u>Demand for Jury Trial</u>

Third-Party Plaintiffs demand a jury trial.

XI. <u>Requests for Disclosure</u>

Under Texas Rule of Civil Procedure 194, Third-Party Plaintiffs request that Third-Party Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

XII.      <u>Prayer</u>

WHEREFORE, PREMISES CONSIDERED, Third-Party Plaintiffs ask that the Court

issue citation for Third Party Defendant Southwest Terminals, LLC to appear and answer, and

that Third-Party Plaintiffs be awarded a judgment against Third Party Defendant, and for all

legal and equitable relief from Third-Party Defendant to which Third-Party Plaintiffs are entitled

based on claims contained herein, including, but not limited to, actual damages, pre-judgment

interest, post-judgment interest, court costs, and all other such relief, at law or in equity, to which

Third-Party Plaintiffs may be entitled.

Respectfully submitted,

**MARON MARVEL**
**BRADLEY & ANDERSON LLC**

By: /s/ Roger Nebel
    ROGER H. NEBEL
    State Bar No. 90001973
    2950 North Loop West, Suite 500
    Houston, Texas 77092
    Telephone: (713) 402-1710
    Facsimile: (713) 574-2403
    Email: HoustonEservice@maronmarvel.com

**ATTORNEYS FOR AAA CHEMICALS, INC.,**
**HOWARD W. APEL, II AND JAMES T.**
**SCHOLES**

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing has been served on all counsel of record via efile.txcourts.gov and/or email in accordance with the Texas Rules of Civil Procedure on September 30, 2016.

/s/ Roger Nebel

Filed 9/30/2016 4:45:13 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13009175
By: Shailja Dixit
10/3/2016 9:19:43 AM

16 − CV − 0699
DCDCO
Docket Control Order
1281134

CAUSE NO. ___16-CV-0699___

2016 SEP −2  AM 10: 18

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | ) | IN THE JUDICIAL DISTRICT COURT |
| | ) | |
| | ) | DISTRICT CLERK |
| VS | ) | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., HOWARD W. | ) | OF GALVESTON COUNTY, TEXAS |
| APEL, II and JAMES T. SCHOLES | ) | |
| | ) | 212TH DISTRICT COURT |

## DISCOVERY AND DOCKET CONTROL ORDER

1. __10/11/16__ NEW PARTIES joined and served by this date.  No parties may be added after this date without approval by the Court.  Approval after this date is less likely to be granted if a delay of the trial would result.

2. __5/12/17__ EXPERTS for all Plaintiffs shall be designated by this date.

3. __6/12/17__ EXPERTS for all OTHER PARTIES shall be designated by this date.  Any party designating a testifying expert witness is ORDERED to provide no later than the dates set for such designation, the information set forth in Rule 194.2(f) and a written report prepared by the expert setting the substance of the expert's opinions.  An expert not designated prior to the ordered deadline shall not be permitted to testify absent a showing of good cause.

4. __8/13/17__ ROBINSON CHALLENGES are to be filed and heard by this date.

5. __/__/__ DISCOVERY deadlines controlled by designation of case (indicate which applies).  Counsel may in written agreement continue discovery beyond this deadline.  Such continued discovery, however, will not delay the trial date.

   __/__/__ Level One (Rule 190.2) and Level Two (Rule 109.3).  Discovery shall be completed 30 days before the date set for trial.

   __/__/__ Level Two (Rule 190.3).  Discovery shall be completed 30 days before the date set for trial or 9 months after the date of the first oral deposition of the due date of the first response to written discovery.

   __8/11/17__ Level Three (Rule 190.4).  Discovery shall be completed by this date.

6. Electronically Stored Information Discovery :  (Indicate which applies.)

   __X/__/__ Lawyers will abide by the Texas Rules of Civil Procedure (TCRP) to the Discovery of ESI.  If lawyers are unable to agree to any of the requirements of this TRCP, they will secure a setting for a hearing date before this date.

   _____ Lawyers do not anticipate the need to abide by either the Court's Protocol or Order regarding ESI since prosecuting and defending these claims will not depend on large amounts of ESI.

7. __7/10/17__ Pleadings must be amended or supplemented by this date, except by written agreement of ALL parties.

Exhibit

8.   _4_/_11_/_17_ Mediation shall be completed by this date. Report to be filed with Court on or before this date. Objections to mediation must be filed within 30 days of this date. **Case will not proceed to trial unless mediation is complete.** All parties agree to participate in mediation with the following person to serve as mediator:

Name:        *NANCY  HUSTON*
Address:     *3555  TIMMONS, STE. 640*
             *HOUSTON, TX 77027*
Phone:       *713 - 546 - 3590*  Fax: *713 - 546 - 3501*
Email:       *nhuston @ nancyhuston.com*

Plaintiff's attorney shall provide a copy of the DCO to the mediator named herein.

9.   _7_/_24_/_17_ **DEADLINE TO FILE ALL MOTIONS,** except Motions in Limine, **AND FOR MOVANT TO SECURE DATES AND TIMES FOR HEARINGS. NO HEARINGS WILL BE SET UNTIL A MOTION AND ORDER SETTING HEARING ARE ON FILE WITH THE CLERK.** This includes motions to exclude expert testimony and any other challenges to expert testimony (6 weeks prior to pre-trial).

10.   _9_/_1_/_17_ at _10:00_ _a_.m. Pre-Trial Conference set. **Court will only hear announcement of parties and motions to continue at this setting. Failure to appear will be grounds for dismissal for want of prosecution.**

11.   _9_/_11_/_17_ at _9:00_ _a_.m. Trial by Jury is set for two-week docket commencing on this date. **Prior to commencement of voir dire, parties are ordered to exchange the following and discuss what the parties will agree to and what issues are contested:**

_____Proposed jury instructions and questions
_____Motion in Limine
_____Exhibit list
_____Labeled and numbered exhibits
_____Witness lists (inform Court at earliest opportunity of scheduling problems relating to witnesses).

12.   __/__/__ at_____ __.m.  Trial before Court is set.

13.   Any attorney representing a party who files bankruptcy during the pendency of the litigation must submit a written report advising the Court of the status of such bankruptcy on the 2nd Monday in January and the 2nd Monday in July.

14.   All attorneys shall abide by the Supreme Court of Texas and The Court of Criminal Appeals Texas Lawyer's Creed.

15.   Cases not reached for trial during a trial sitting will automatically be reset for trial on the next civil trial date setting for this Court unless a court order is issued setting the case for another date. Pretrial conference will be reset for the corresponding trial date. Cases will continue to be reset at each consecutive civil pretrial and trial setting until reached regardless of whether you receive notice or order regarding the trial reset date.

16.   Proposed Findings of Fact and Conclusions of law to be exchanged prior to trial date.

Written notice must be given to the Court of any changes in this DCO.  This includes settlement, Rule 11 Agreements, cancellation of hearings, etc.  Numbers 9, 10, 11 or 12 cannot be changed without leave of the Court.

SIGNED ON _September 1, 2016._

JUDGE PATRICIA GRADY
212th Judicial District Court

SIGNED by Counsel and/or Pro Se parties:

_Mason Meyer_
_Attorney for Plaintiff_
_YODE INVESTMENTS LLC_

_Roger Nebel_
_Attorney for Defendants_

Assigned to R.K.

Filed: 9/30/2016 4:45:13 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13009175
By: Shailja Dixit
10/3/2016 9:19:43 AM

# JOHN D. KINARD

## DISTRICT CLERK GALVESTON COUNTY

### REQUEST FOR ISSUANCE OF SERVICE

Case Number:   16-CV-0699          Court Description: Yode Investments, LLC v. AAA Chemicals, Inc., *et al.*

**Name(s) of Documents to be served:**   Third-Party Plaintiffs AAA Chemicals, Inc., Howard W. Apel, II, and James T. Scholes's Original Third-Party Petition Against Southwest Terminals, LLC; and, Discovery and Docket Control Order

### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To:   Southwest Terminals, LLC

Address of Service:   8230 FM 2004

City, State & Zip:   Hitchcock, TX 77563

Agent (IF APPLICABLE)   Margaret Roff

### TYPE OF SERVICE TO BE ISSUED:

- [X] Citation
- [ ] Citation by Posting
- [ ] Citation by Publication
- [ ] Citation Rule 106 Service
- [ ] Temporary Restraining Order
- [ ] Precept
- [ ] Notice
- [ ] Secretary of State Citation
- [ ] Protective Order
- [ ] Citation Scire Facias
- [ ] Attachment
- [ ] Certiorari
- [ ] Garnishment
- [ ] Habeas Corpus
- [ ] Injunction
- [ ] Sequestration
- [ ] Subpoena
- [ ] Other (Please Describe): _____

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

- [ ] Send to Sheriff
- [ ] Galveston County Constable Name and Address _____
- [X] Civil Process Server (Include the name of the Authorized Person to pick-up):   Jodi Mathis Hurst
- [ ] Call attorney for pick up (Phone Number): _____
- [ ] Mail to attorney at: _____
- [ ] Email Service to: _____
- [ ] District Clerk serve by certified mail _____
- [ ] Send to League City

### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name:   Roger Nebel

Phone Number:   713.402.1710          Email Address:   rnebel@maronmarvel.com

Revision 2.0

Filed: 9/30/2016 4:45:13 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13009175
By: Shailja Dixit
10/3/2016 9:19:43 AM

# CIVIL CASE INFORMATION SHEET

| | |
|---|---|
| CAUSE NUMBER *(FOR CLERK USE ONLY):* 16-CV-0699 | COURT *(FOR CLERK USE ONLY):* 212 JDC |

STYLED   Yode Investments LLC v. AAA Chemicals, Inc., Howard W. Apel, II & James T. Scholes v. Southwest Terminals, LLC.
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

| 1. Contact information for person completing case information sheet: | Names of parties in case: | Person or entity completing sheet is: |
|---|---|---|
| **Name:** Roger Nebel  **Email:** rnebel@maronmarvel.com | **Plaintiff(s)/Petitioner(s):** Plaintiff: Yode Investments, LLC. | ☒Attorney for Plaintiff/Petitioner ☐*Pro Se* Plaintiff/Petitioner ☐Title IV-D Agency ☐Other: |
| **Address:** 2950 North Loop West, Suite 500   **Telephone:** (713) 402-1710 | Third-Party Plaintiffs/Defendants: AAA Chemicals, Inc., Howard W. Apel, II, and James T. Scholes. | **Additional Parties in Child Support Case:** |
| **City/State/Zip:** Houston, TX  77092   **Fax:** (713) 524-2403 | **Defendant(s)/Respondent(s):** Third Party Defendant: Southwest Terminals, LLC. | **Custodial Parent:** |
| **Signature:**   **State Bar No:** 90001973 | [Attach additional page as necessary to list all parties] | **Non-Custodial Parent:**  **Presumed Father:** |

## 2. Indicate case type, or identify the most important issue in the case *(select only 1):*

| Civil | | | Family Law | |
|---|---|---|---|---|
| **Contract** | **Injury or Damage** | **Real Property** | **Marriage Relationship** | **Post-judgment Actions (non-Title IV-D)** |
| *Debt/Contract* ☐Consumer/DTPA ☐Debt/Contract ☐Fraud/Misrepresentation ☐Other Debt/Contract: | ☐Assault/Battery ☐Construction ☐Defamation *Malpractice* ☐Accounting ☐Legal ☐Medical ☐Other Professional Liability: | ☐Eminent Domain/ Condemnation ☐Partition ☐Quiet Title ☐Trespass to Try Title ☐Other Property: | ☐Annulment ☐Declare Marriage Void *Divorce* ☐With Children ☐No Children | ☐Enforcement ☐Modification—Custody ☐Modification—Other |
| *Foreclosure* ☐Home Equity—Expedited ☐Other Foreclosure ☐Franchise ☐Insurance ☐Landlord/Tenant ☐Non-Competition ☐Partnership ☐Other Contract: | ☐Motor Vehicle Accident ☐Premises *Product Liability* ☐Asbestos/Silica ☐Other Product Liability List Product: ☒Other Injury or Damage: Third party plaintiffs' claim for contibution | **Related to Criminal Matters** ☐Expunction ☐Judgment Nisi ☐Non-Disclosure ☐Seizure/Forfeiture ☐Writ of Habeas Corpus— Pre-indictment ☐Other: | **Title IV-D** ☐Enforcement/Modification ☐Paternity ☐Reciprocals (UIFSA) ☐Support Order |
| | | | **Other Family Law** ☐Enforce Foreign Judgment ☐Habeas Corpus ☐Name Change ☐Protective Order ☐Removal of Disabilities of Minority ☐Other: | **Parent-Child Relationship** ☐Adoption/Adoption with Termination ☐Child Protection ☐Child Support ☐Custody or Visitation ☐Gestational Parenting ☐Grandparent Access ☐Parentage/Paternity ☐Termination of Parental Rights ☐Other Parent-Child: |
| **Employment** | **Other Civil** | | | |
| ☐Discrimination ☐Retaliation ☐Termination ☐Workers' Compensation ☐Other Employment: | ☐Administrative Appeal ☐Antitrust/Unfair Competition ☐Code Violations ☐Foreign Judgment ☐Intellectual Property | ☐Lawyer Discipline ☐Perpetuate Testimony ☐Securities/Stock ☐Tortious Interference ☐Other: | | |

| Tax | Probate & Mental Health | |
|---|---|---|
| ☐Tax Appraisal ☐Tax Delinquency ☐Other Tax | *Probate/Wills/Intestate Administration* ☐Dependent Administration ☐Independent Administration ☐Other Estate Proceedings | ☐Guardianship—Adult ☐Guardianship—Minor ☐Mental Health ☐Other: |

## 3. Indicate procedure or remedy, if applicable *(may select more than 1):*

| | | |
|---|---|---|
| ☐Appeal from Municipal or Justice Court ☐Arbitration-related ☐Attachment ☐Bill of Review ☐Certiorari ☐Class Action | ☐Declaratory Judgment ☐Garnishment ☐Interpleader ☐License ☐Mandamus ☐Post-judgment | ☐Prejudgment Remedy ☐Protective Order ☐Receiver ☐Sequestration ☐Temporary Restraining Order/Injunction ☐Turnover |

## 4. Indicate damages sought *(do not select if it is a family law case):*

☐Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐Less than $100,000 and non-monetary relief
☐Over $100, 000 but not more than $200,000
☒Over $200,000 but not more than $1,000,000
☐Over $1,000,000

Rev 2/13

## CITATION

### THE STATE OF TEXAS

**YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL**

**Cause No.: 16-CV-0699**
**212th District Court of Galveston County**

TO:     **Southwest Terminals LLC**
        **Registered Agent Margaret Roff**
        **8230 FM 2004**
        **Hitchcock TX 77563**

---

GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

---

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the **; Third Party Plaintiffs AAA Chemicals, Inc., Howard W. Apel, II, and James T. Schole's Original Third-Party Petition Against Southwest Terminals, LLC and, Discovery and Docket Control Order Petition** was filed **; September 30, 2016.** It bears cause number **16-CV-0699** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 3rd day of October, 2016.**

Issued at the request of:
Roger Nebel
Maron Marvel Bradley & Anderson, LLC
2950 North Loop West, Suite 500
Houston, TX 77092



**John D. Kinard**, District Clerk
Galveston County, Texas

By:  *Rolande Kain*
     Rolande Kain, Deputy

---

OFFICER/AUTHORIZED RETURN

Came to hand on the _____ day of _____, 20___ at _____ o'clock ___. M. and executed at _____ _____ in _____County, Texas , on the _____ day of _____, 20___ at _____ o'clock ___m, by delivering to_____, in person a true copy of this Citation together with the accompanying _____ copy(ies) of the ; Third Party Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the _____ day of _____, 20___.

Fee-Serving: _____

_____
                Sheriff/Constable

Amount: _____

_____ County, Texas

BY: _____
    Authorized Person/Deputy Signature

On this day personally appeared _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this _____ day of _____ 20 _____

_____
                Notary Public

Filed: 10/10/2016 12:53:46 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13149217
By: Shailja Dixit
10/10/2016 1:28:11 PM

NO. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | |
| | § | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., | § | |
| HOWARD W. APEL, II and | § | |
| JAMES T. SCHOLES, ET AL. | § | 212TH  JUDICIAL DISTRICT |

## PLAINTIFF'S FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now, Yode Investments, LLC, hereinafter referred to as Plaintiff, complaining of AAA Chemicals, Inc., Howard W. Apel, II and James T. Scholes, Crum & Forster Specialty Insurance Company and Environmental Underwriting Solutions, hereinafter referred to as Defendants and files this, its First Amended Petition and as grounds therefore would respectfully show unto the Court the following:

I.

Plaintiff is a limited liability corporation operating and doing business in La Marque, Galveston County, Texas.

The Defendant, AAA Chemicals, Inc. is a Texas corporation formally doing business in Texas City, Galveston County, Texas.  Defendant, Howard W. Apel, II is a resident of Harris County, Texas.  The Defendant, James T. Scholes is an individual resident of Harris County, Texas. No service is necessary on these Defendants as they have answered or otherwise appeared herein.

The Defendant, Crum & Forster Specialty Insurance Company is a foreign insurance company doing business in the State of Texas.  Said Defendant has not appointed or designated a

registered agent for service of process in the State of Texas.  Accordingly, the Commissioner of Insurance for the State of Texas is designated as the agent for service of process on this foreign company.  Defendant may be served by serving the Commissioner of Insurance with two copies of this Petition with citations attached at 333 Guadalupe, Austin, Travis County, Texas 78701.  The Commissioner can provide notice of service to the home office of Crum & Forster Specialty Insurance Company at 305 Madison Ave., Morristown, New Jersey 97960-6117.

The Defendant, Environmental Underwriting Solutions is a foreign insurance company doing business in the State of Texas.  Said Defendant has not appointed or designated a registered agent for service of process in the State of Texas.  Accordingly, the Commissioner of Insurance for the State of Texas is designated as the agent for service of process on this foreign company.  Defendant may be served with two copies of this Petition with citations attached at 333 Guadalupe, Austin, Travis County, Texas 78701.  The Commissioner can provide notice of service to the home office of Environmental Underwriting Solutions at 3800 Colonnade Parkway, Suite 655, Birmingham, Alabama 35243.

In addition to service through the Commissioner of Insurance, copies of this First Amended Petition and Discovery and Docket Control Order are being sent to Defendants, Crum & Forster Specialty Insurance Company and Environmental Underwriting Solutions by Federal Express overnight next day service.

Discovery in this case shall be conducted under Level 3, Rule 190.4, Texas Rules of Civil Procedure.

II.

It has become necessary to bring this suit by reason of breach of a lease agreement and due to the negligent acts of the Defendant, AAA Chemicals, Inc., Howard W. Apel, II and James T. Scholes (hereinafter "AAA Defendants"), and for breach of an insurance contract and for violations of the Texas Insurance Code by Defendants Crum & Forster Specialty Insurance Company and Environmental Underwriting Solutions (hereinafter "Crum & Forster" and "EUS", respectively). The AAA Defendants entered into a written lease agreement with Plaintiff to lease its property and commercial space to operate their chemical business.  The property is located at 226 Texas City Wye, in La Marque, Galveston County, Texas.  As part of the lease obligations, the AAA Defendants were obligated and contractually agreed to the following terms:

1. To dispose of all business related items (Paragraph 7A(9));

2. To assume responsibility and liability for any contamination to the property and to indemnify the Plaintiff and surrender the property at lease end in an environmentally safe and clean condition (Paragraph 10A(7));

3. To remove any personal property in the leased premises after Defendants surrender possession at Defendants expense (Paragraph 14B);

4. To keep the leased premises environmentally clean (Paragraph 15C(19)); and,

5. To properly dispose of chemicals and/or by-products in accordance with local, state/federal regulations with all chemicals to be stored in appropriate containers (Paragraph 35 to Rider A).

In addition to these terms, the AAA Defendants were contractually obligated to maintain in full force and effect, liability insurance and personal property damage insurance naming Plaintiff as an additional insured.  The AAA Defendants purchased insurance through Crum & Forster and EUS which was in full force and effect during all relevant periods herein.  The coverage provided by Crum & Forster and EUS provided commercial general liability coverage and third party pollution

3

and onsite cleanup coverage for the loss made the subject of this suit.  The policy with endorsements named the Plaintiff, Yode Investments LLC as an additional insured.  Accordingly, Plaintiff brings in Crum & Forster and EUS as additional Defendants for their denial of coverage for the loss made the subject of this suit, and for violations of the Texas Insurance Code.

III.

The lease between the AAA Defendants ran for a period of 37 months.  At the end of the lease period, the AAA Defendants continued to occupy the property as holdover tenants as that term is understood in the law at a rate of 1 and ½ times the monthly lease payment.  The AAA Defendants continued to operate their business until eventually falling behind in their rent in September of 2014.  The AAA Defendants abandoned the property on or about September 18, 2014, leaving behind thousands of gallons of chemicals and hazardous wastes in barrels and totes.  Most of the barrels and totes are in extremely poor condition and continue to deteriorate and leak causing pollution and health concerns.  Plaintiff contacted Defendants numerous times to have them remove the chemicals and hazardous wastes and to decontaminate the property and restore it into an environmentally safe and clean condition.  To date, Defendants have refused and continue to refuse to remove the hazardous chemicals or clean up the property in breach of their lease agreement.  In addition, Plaintiff submitted a claim to Crum & Forster for onsite cleanup of the hazardous wastes on or about September 25, 2014.  Without conducting a full investigation or even conducting an onsite inspection, Defendant Crum & Forster denied Plaintiff's claim on November 7, 2014, and refused to acknowledge that Plaintiff was an addition insured under the policy.  Defendant EUS is believed to be, and therefore alleged to to be the primary insurance carrier for the coverages in question.

IV.

On or before April 24, 2015, chemicals began leaking from one or more of the barrels or totes left behind by Defendants causing an environmental emergency. Crews from the Texas Commission on Environmental Quality, Galveston County Emergency Management and the Environmental Protection Agency were called to the scene wherein Plaintiff, as the landowner, was required to take immediate remedial action.

Plaintiff made numerous attempts to contact the Defendant Crum & Forster concerning this additional loss, but Defendant refused to acknowledge the Plaintiff or the additional claim for loss, or acknowledge Plaintiff's status as an additional insured under the policy.

To date, Plaintiff has paid in excess of $600,000.00 in clean up costs. In addition, Plaintiff was caused to be paid salaries to employees and other expenses to continue the clean up efforts. In addition, Plaintiff was required to accept less than fair market value in rent from the current lessee due to the presence of the chemicals and hazardous wastes. In addition to these damages, Plaintiff has been caused to suffer other incidental and consequential damages far in excess of the Court's minimal jurisdictional limits.

V.

COUNT ONE: BREACH OF LEASE AGREEMENT

Plaintiff here realleges Paragraphs I through IV above and incorporates the same herein by reference as if fully set out here verbatim.

VI.

Plaintiff will show that the AAA Defendants' conduct constitutes a breach of the lease agreement. The nature of the AAA Defendants' business and the type of operations being run necessitated that Plaintiff require of the AAA Defendants proper disposal of all chemical and hazardous wastes generated from their business, to restore the property to its original condition at the termination of the lease, and to provide adequate insurance coverage to provide coverage for this loss. Specifically, the AAA Defendants agreed and contractually promised to:

1.  To dispose of all business related items (Paragraph 7A(9));

2.  To assume responsibility and liability for any contamination to the property and to indemnify the Plaintiff and surrender the property at lease end in an environmentally safe and clean condition (Paragraph 10A(7));

3.  To remove any personal property in the leased premises after Defendants surrender possession at Defendants expense (Paragraph 14B);

4.  To keep the leased premises environmentally clean (Paragraph 15C(19)); and,

5.  To properly dispose of chemicals and/or by-products in accordance with local, state/federal regulations with all chemicals to be stored in appropriate containers (Paragraph 35 to Rider A).

However, the AAA Defendants failed to undertake their contractual responsibility in breach of their contractual agreement. The AAA Defendants' breach is the direct, proximate and producing cause of economic damages to Plaintiff in the amount in excess of $700,000.00 to date, with additional damages accumulating daily, together with prejudgment interest and attorney's fees as prescribed by law.

VII.

Plaintiff will show that all conditions precedent under the agreement have been fully performed on its behalf, but that the AAA Defendants are in breach of the agreement. Plaintiff

6

herein sues the AAA Defendants for breach of their contractual obligations for all economic damages caused by their breach, plus for all incidental and consequential damages caused to the property, including, but not limited to, loss of rental value, which total amounts exceed the minimum jurisdictional limits of this Court.  Further, Plaintiff will show that it was necessary for it to retain the services of Sullins, Johnston, Rohrbach, & Magers, a law firm with attorneys licensed to practice law in the State of Texas, to prepare and prosecute this cause of action.  Plaintiff will further show that it has agreed to pay them a reasonable fee for their services rendered, which in the preparation and trial of this action will be at least the sum of $250,000.00, for which amount Plaintiff hereby sues the AAA Defendants pursuant to Article 38.001, Tex. Civ. Prac. and Rem. Code.  Plaintiff would also show that should this case be appealed to the Court of Appeals that a reasonable attorney's fees would be an additional $75,000.00; that if a Petition for Review in this case be made from the Court of Appeals to the Supreme Court of Texas, then a reasonable attorney's fees would be an additional $50,000.00, and if the Petition is granted by the Supreme Court of Texas, then reasonable attorney's fees would be an additional $25,000.00.

VIII.

COUNT TWO: NEGLIGENCE

Plaintiff here realleges Paragraphs I through VI above and incorporates the same herein by reference as if fully set out here verbatim.

IX.

Plaintiff is the owner and holder of that certain parcel of land and improvements located at 226 Texas City Wye, Texas City, Galveston County, Texas.  Plaintiff and the AAA Defendants entered into a lease agreement whereby Plaintiff agreed to lease the land and improvements to the

AAA Defendants for the operation of their business. Implicit in this agreement is a duty upon these Defendants to operate their business in a lawful and environmentally safe manner, and to keep the premises in an environmentally safe condition. The AAA Defendants also had a duty to return the lease premises and improvements in an environmentally clean and uncontaminated condition, free from stored chemicals, hazardous wastes and other environmental hazards.

X.

On or about September 18, 2014, the AAA Defendants abandoned the property, leaving behind thousands of gallons of unidentified hazardous wastes and unknown chemicals, being stored in dilapidated drums and other containers in various states of disrepair. Plaintiff made numerous demands upon the AAA Defendants to removed the environmental contaminates from the property and to clean up the premises and restore it to an environmentally safe condition. Despite such demands, the AAA Defendants have refused, and continue to refuse to clean up the premises and remove the hazardous waste and chemicals. The AAA Defendants refusal to remove to the chemicals and hazardous wastes has been a proximate cause of the damages sustained by Plaintiff as hereinafter described.

XI.

As was foreseeable, the chemicals and hazardous materials had been seeping from their dilapidated containers which resulted in a chemical spill on or before April 24, 2015. The chemical spill came from one or more of the containers left behind by the AAA Defendants, and resulted in the Environmental Protection Agency, Texas Commission on Environmental Quality and Galveston County Emergency Management being called to the scene where immediate environmental clean up was ordered to take place. Plaintiff was required to incur clean up costs and expenses, in the past

and in the future, as a direct and proximate cause of the AAA Defendants' actions. The damages proximately caused by these Defendants, resulted from the negligence of the AAA Defendants, including, but not limited to the following acts:

1.   In failing to dispose of all business related items at the termination of the lease;

2.   In failing to assume responsibility and liability for any contamination to the property and to surrender the property in an environmentally safe and clean condition at the end of the lease;

3.   In failing to remove any personal property at Defendants expense upon surrender of the lease;

4.   In failing to keep the leased premises environmentally clean;

5.   In failing to properly dispose of thousands of gallons of chemicals, by-products and hazardous wastes in accordance with local, state and federal regulations; and

6.   In failing to store chemicals in appropriate containers.

Each and all of the above and foregoing acts, both of commission and omission were negligent and constituted negligence and were each and all a proximate cause of injuries and damages suffered by your Plaintiff.

## XII.

As a proximate cause of the negligence of the AAA Defendants, Plaintiff has been caused to incur economic damages both past and in the future consisting of clean up costs, disposal fees, extra salaries for employees for clean up, loss of rental value to the property, loss of market value to the property and other incidental and consequential damages.   Because of all of the above Plaintiff has been damaged in an amount in excess of the minimal jurisdictional limits of this court and as will be more fully developed through discovery in this cause, and for which amount Plaintiff here now prays judgment against the AAA Defendants.

XIII.

COUNT THREE: BREACH OF INSURANCE CONTRACT

Plaintiff here realleges Paragraphs I through XII above and incorporates the same herein by reference as if fully set out here verbatim.

XIV.

Plaintiff will show that the Defendants Crum & Forster and EUS' conduct constitutes a breach of the insurance contract. The loss made the basis of this lawsuit was specifically insured against under the policy of Defendants. Specifically, Crum & Forster and EUS agreed and promised to cover all losses caused by the AAA Defendants' property damage for chemical spills, onsite cleanup and negligence. However, Crum & Forster and EUS failed to provide the policy coverage thereby breaching their policy contract. Defendants' breach is the direct proximate and producing cause of economic damages to Plaintiff in the amount of at least $600,000.00, together with prejudgment and attorney's fees as prescribed by law.

XV.

Plaintiff will show that all conditions precedent have been performed for recovery of loss under said policy of insurance. Further, Plaintiff will sow that the condition which caused the loss was fully covered under said policy with Defendants. Finally, Plaintiff will show that all remedial costs and expenses were reasonable and necessary for the proper remediation of the property and that the damages incurred by Plaintiff were covered under said policy of insurance.

XVI.

Plaintiff further sues Crum & Forster and EUS for the remedy under §542.060 of the Texas Insurance Code for an eighteen percent (18%) penalty plus reasonable attorney's fees for the prosecution of the Plaintiff's suit against Defendants, Crum & Forster and EUS.

XVII.

Plaintiff will show that it was necessary for it to retain the services of Sullins, Johnston, Rohrbach & Magrs, a law firm with attorneys licensed to practice law in the State of Texas, to prepare and prosecute this cause of action.  Plaintiff will further show that it has agreed to pay them a reasonable fee for their services rendered, which in the preparation and trial of this action will be at least the sum of $250,000.00, for which amount Plaintiff hereby sues Defendants Crum & Forster and EUS pursuant to §542.060 the Texas Insurance Code.  Plaintiff would also show that should this case be appealed to the Court of Appeals that a reasonable attorney's fees would be an additional $75,000.00, that if a Petition for review in this case be made from the Court of Appeals to the Supreme Court of Texas, then a reasonable attorney's fees would be an additional $50,000.00, and if the Petition is granted by the Supreme Court of Texas, then reasonable attorney's fees would be an additional $25,000.00.

XVIII.

COUNT FOUR: INSURANCE CODE VIOLATIONS

Plaintiff here re-alleges all the foregoing paragraphs and incorporates the same herein by reference as if fully set forth verbatim.

XIX.

Plaintiff brings this acton as it has been injured by Defendants Crum & Forster and EUS and their agents' acts done in Violation of Texas Insurance Code §541.000 et seq.; and Tex. Business and Commerce Code §17.46, titled "Deceptive Trade Practices Unlawful" which the Texas Insurance Code adopts and includes as violations under the Texas Insurance Code.

Plaintiff's causes of action arising out of the following violations of the Texas Insurance Code:

It is an unfair or deceptive act or practice in the business of insurance to:

A.   Texas Insurance Code, §541.051

(1) make, issue, or circulate or cause to be made, issued, or circulated, an estimate, illustration, circular, or statement misrepresenting with respect to a policy issued or to be issued the terms of the policy or the benefits or advantages promised by the policy;

B.   Texas Insurance Code §541.052

(a) make, publish, disseminate, circulate, or place before the public or directly or indirectly cause to be made, published, disseminated, circulated, or placed before the public an advertisement, announcement, or statement containing an untrue, deceptive, or misleading assertion, representation, or statement regarding the business of insurance or a person in the conduct of the person's insurance business;

C.   Texas Insurance Code §541.060

(1) misrepresenting to a claimant a material fact or policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim where liability has become reasonably clear;

D.   Texas Insurance Code §541.061

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statement made not misleading, considering the circumstances under which the statements were made;

(3) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

E.     The following practices defined by Tex. Business and Commerce Code §17.46 as unlawful and entitlement to relief for which is set forth in Chapter 542 *et seq.,* Tex. Insurance Code:

(1) "causing confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services;" §17.46(b)(2).

## XX.

Plaintiff would show that as the unlawful conduct of Defendants Crum & Forster and EUS was committed "knowingly," Plaintiff is entitled to the treble damage remedy provided by §541.152, Texas Insurance Code, plus reasonable attorney's fees and costs of suit, all for which amount it hereby seeks relief.

## XXI.

Plaintiff will show that is was necessary for it to retain the services of Sullins, Johnston, Rohrbach & Magers, a law firm with attorneys licensed to practice law in the State of Texas, to prepare and prosecute this cause of action. Plaintiff will further show that it has agreed to pay them a reasonable fee for their services rendered, which in the preparation and trial of this action will be at least the sum of $250,000.00, for which amount Plaintiff hereby sues Defendants Crum & Forster and EUS pursuant to Texas Insurance Code §541.152. Plaintiff would also show that should this case be appealed to the Court of Appeals that a reasonable attorney's fee would be an additional $75,000.00; that if Petition for Review in ths case be made from the Court of Appeals to the Supreme Court of Texas, then a reasonable attorney's fee would be an additional $50,000.00; and

if the Petition for Review is granted by the Supreme Court of Texas, then reasonable attorney's fees would be an additional $25,000.00.

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon final trial and hearing hereof they have judgment against the Defendants for their damages as above set forth for treble damages; for attorney's fees; for pre-judgment interest; for costs of Court and such other and further relief, both at law and in equity, to which the Plaintiff may be justly entitled.

Respectfully submitted,

Sullins, Johnston, Rohrbach & Magers

By:_____
MIKE JOHNSTON, TBA#10840500
MASON MEYER, TBA #13993825
3200 Southwest Freeway, Ste. 2200
Houston, Texas 77027
(713) 521-0221
(713) 521-3242 (fax)

ATTORNEYS FOR PLAINTIFF
YODE INVESTMENTS LLC

CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2016, a true and correct copy of the attached Plaintiff's First Amended Petition was mailed certified mail, return receipt requested and/or hand delivered and/or faxed and mailed regular mail to all counsel of record. In addition, copies of this First Amended Petition and the Discovery and Docket Control Order was sent via Federal Express overnight delivery to Defendants Crum & Forster Specialty Insurance Company and Environmental Underwriting Solution to their home office address below:

14

Crum & Forster Specialty Insurance Company
305 Madison Ave.
Morristown, New Jersey 07990-6117

Environmental Underwriting Solutions
3800 Colonnade Parkway, Suite 655
Birmingham, Alabama 35243

_____

Mason Meyer

16 – CV – 0699
DCDOCO
Docket Control Order
1261134

3

CAUSE NO. ___16-CV-0699___

2016 SEP -2 AM 10: 18

YODE INVESTMENTS LLC _____ )    IN THE JUDICIAL DISTRICT COURT

) 

                                     )        DISTRICT CLERK
VS                                   )        GALVESTON COUNTY, TEXAS
AAA CHEMICALS, INC., HOWARD W.       )    OF GALVESTON COUNTY, TEXAS
APEL, II and JAMES T. SCHOLES        )
_____    )    212TH DISTRICT COURT


### DISCOVERY AND DOCKET CONTROL ORDER


1. __10/11/16__ **NEW PARTIES** joined and served by this date. No parties may be added after this date without approval by the Court. Approval after this date is less likely to be granted if a delay of the trial would result.

2. __5 / 12/ 17__ **EXPERTS** for all Plaintiffs shall be designated by this date.

3. __6 / 12/ 17__ **EXPERTS** for all OTHER PARTIES shall be designated by this date. Any party designating a testifying expert witness is **ORDERED** to provide no later than the dates set for such designation, the information set forth in Rule 194.2(f) and a written report prepared by the expert setting the substance of the expert's opinions. An expert not designated prior to the ordered deadline shall not be permitted to testify absent a showing of good cause.

4. __8 / 13/ 17__ **ROBINSON CHALLENGES** are to be filed and heard by this date.

5. __/___/___ **DISCOVERY** deadlines controlled by designation of case (indicate which applies). Counsel may in written agreement continue discovery beyond this deadline. Such continued discovery, however, will not delay the trial date.

   __/___/___ Level One (Rule 190.2) and Level Two (Rule 109.3). Discovery shall be completed 30 days before the date set for trial.

   __/___/___ Level Two (Rule 190.3). Discovery shall be completed 30 days before the date set for trial or 9 months after the date of the first oral deposition of the due date of the first response to written discovery.

   __8 / 11/ 17__ Level Three (Rule 190.4). Discovery shall be completed by this date.

6. Electronically Stored Information Discovery : (Indicate which applies.)

   __X/___/___ Lawyers will abide by the Texas Rules of Civil Procedure (TCRP) to the Discovery of ESI. If lawyers are unable to agree to any of the requirements of this TRCP, they will secure a setting for a hearing date before this date.

   _____Lawyers do not anticipate the need to abide by either the Court's Protocol or Order regarding ESI since prosecuting and defending these claims will not depend on large amounts of ESI.

7. __7 /10/ 17__ Pleadings must be amended or supplemented by this date, except by written agreement of **ALL** parties.

8. _4 / 11 /17_ Mediation shall be completed by this date. Report to be filed with Court on or before this date. Objections to mediation must be filed within 30 days of this date. **Case will not proceed to trial unless mediation is complete**. All parties agree to participate in mediation with the following person to serve as mediator:

Name: _NANCY HUSTON_

Address: _3555 TIMMONS, STE. 640_

_HOUSTON, TX 77027_

Phone: _713 - 546 - 3590_ Fax: _713 - 546 - 3501_

Email: _nhuston @ nancyhuston.com_

Plaintiff's attorney shall provide a copy of the DCO to the mediator named herein.

9. _7 / 24/ 17_ DEADLINE TO FILE ALL MOTIONS, except Motions in Limine, AND FOR MOVANT TO SECURE DATES AND TIMES FOR HEARINGS. NO HEARINGS WILL BE SET UNTIL A MOTION AND ORDER SETTING HEARING ARE ON FILE WITH THE CLERK. This includes motions to exclude expert testimony and any other challenges to expert testimony (6 weeks prior to pre-trial).

10. _9/ 1 /17_ at _10 : 00_ a.m. Pre-Trial Conference set. **Court will only hear announcement of parties and motions to continue at this setting. Failure to appear will be grounds for dismissal for want of prosecution.**

11. _9 / 11/17_ at _9:00_ a .m. Trial by Jury is set for two-week docket commencing on this date. **Prior to commencement of voir dire, parties are ordered to exchange the following and discuss what the parties will agree to and what issues are contested:**

_____Proposed jury instructions and questions

_____Motion in Limine

_____Exhibit list

_____Labeled and numbered exhibits

_____Witness lists (inform Court at earliest opportunity of scheduling problems relating to witnesses).

12. ___/___/___ at_____ ___.m. Trial before Court is set.

13. Any attorney representing a party who files bankruptcy during the pendency of the litigation must submit a written report advising the Court of the status of such bankruptcy on the 2nd Monday in January and the 2nd Monday in July.

14. All attorneys shall abide by the Supreme Court of Texas and The Court of Criminal Appeals Texas Lawyer's Creed.

15. Cases not reached for trial during a trial sitting will automatically be reset for trial on the next civil trial date setting for this Court unless a court order is issued setting the case for another date. Pretrial conference will be reset for the corresponding trial date. Cases will continue to be reset at each consecutive civil pretrial and trial setting until reached regardless of whether you receive notice or order regarding the trial reset date.

16. Proposed Findings of Fact and Conclusions of law to be exchanged prior to trial date.

Written notice must be given to the Court of any changes in this DCO. This includes settlement, Rule 11 Agreements, cancellation of hearings, etc.  Numbers 9, 10, 11 or 12 cannot be changed without leave of the Court.

SIGNED ON ___September 1___, 2016.


_Patricia Grady_
JUDGE PATRICIA GRADY
212th Judicial District Court


SIGNED by Counsel and/or Pro Se parties:

_Mason Meyer_
attorney for Plaintiff
460E INVESTMENTS LLC

_Roger Nebel_
Attorney for Defendants

Assigned to R.K.

Filed: 10/10/2016 12:53:46 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13149217
By: Shailja Dixit
10/10/2016 1:28:11 PM

# JOHN D. KINARD

## DISTRICT CLERK GALVESTON COUNTY

### REQUEST FOR ISSUANCE OF SERVICE

Case Number:  16-CV-0699

Court Description:  Yode Investments, LLC vs. AAA Chemicals, Inc., Howard W. Apel, II and James T. Scholes, Et al.

Name(s) of Documents to be served:  Plaintiff's First Amended Petition

#### SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To:  Environmental Underwriting Solutions by serving the Commissioner of

Address of Service:  Insurance for the State of Texas at 333 Guadalupe, Austin, Texas 78701. The Commissioner can provide notice of service to the home office of Environmental Underwriting Solutions

City, State & Zip:  at 3800 Colonnade Parkway, Suite 655, Birmingham, Alabama 35243

Agent (IF APPLICABLE)

#### TYPE OF SERVICE TO BE ISSUED:

- [ ] Citation
- [ ] Temporary Restraining Order
- [ ] Protective Order
- [ ] Garnishment
- [ ] Subpoena
- [ ] Citation by Posting
- [ ] Precept
- [ ] Citation Scire Facias
- [ ] Habeas Corpus
- [ ] Citation by Publication
- [ ] Notice
- [ ] Attachment
- [ ] Injunction
- [ ] Citation Rule 106 Service
- [ ] Secretary of State Citation
- [ ] Certiorari
- [ ] Sequestration
- [X] Other (Please Describe):  Commissioner of Insurance for the State of Texas (see above)

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

#### UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

- [ ] Send to Sheriff
- [ ] Galveston County Constable Name and Address
- [ ] Civil Process Server (Include the name of the Authorized Person to pick-up):
- [ ] Call attorney for pick up (Phone Number):
- [ ] Mail to attorney at:
- [ ] Email Service to:
- [X] District Clerk serve by certified mail  (see above)
- [ ] Send to League City

#### ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name:  Mason Meyer/Yode Investments, LLC

Phone Number:  713-521-0221  Email Address:  mmeyer@sjrm.com

Revision 2.0



# JOHN D. KINARD
## DISTRICT CLERK GALVESTON COUNTY

### REQUEST FOR ISSUANCE OF SERVICE

Case Number: 16-CV-0699

Court Description: Yode Investments, LLC vs. AAA Chemicals, Inc., Howard W. Apel, II and James T. Scholes, Et al.

Name(s) of Documents to be served: Plaintiff's First Amended Petition

---

SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)

Issue Service To: Crum & Forster Specialty Insurance Company by serving the Commissioner of

Address of Service: Insurance for the State of Texas at 333 Guadalupe, Austin, Texas 78701. The Commissioner can provide notice of service to the home office of Crum & Forster Specialty Insurance

City, State & Zip: Company at 305 Madison Ave., Morristown, New Jersey 97960-6117

Agent (IF APPLICABLE)

---

### TYPE OF SERVICE TO BE ISSUED:

| | | | |
|---|---|---|---|
| ☐ Citation | ☐ Citation by Posting | ☐ Citation by Publication | ☐ Citation Rule 106 Service |
| ☐ Temporary Restraining Order | ☐ Precept | ☐ Notice | ☐ Secretary of State Citation |
| ☐ Protective Order | ☐ Citation Scire Facias | ☐ Attachment | ☐ Certiorari |
| ☐ Garnishment | ☐ Habeas Corpus | ☐ Injunction | ☐ Sequestration |
| ☐ Subpoena | | | |

☒ Other (Please Describe): Commissioner of Insurance for the State of Texas (see above)

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

---

UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)

☐ Send to Sheriff

☐ Galveston County Constable Name and Address

☐ Civil Process Server (Include the name of the Authorized Person to pick-up):

☐ Call attorney for pick up (Phone Number):

☐ Mail to attorney at:

☐ Email Service to:

☒ District Clerk serve by certified mail          (see above)

☐ Send to League City

---

ISSUANCE OF SERVICE REQUESTED BY:

Attorney/Party Name: Mason Meyer/Yode Investments, LLC

Phone Number: 713-521-0221          Email Address: mmeyer@sjrm.com

**CITATION BY CERTIFIED MAIL** (TRC 106)

**THE STATE OF TEXAS**

Cause No: 16-CV-0699

212th District Court of Galveston County

YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL

TO: **Crum & Forster Specialty Insurance Company: BY SERVING THE COMMISSIONER OF INSURANCE FOR THE STATE OF TEXAS AT 333 GUADALUPE STREET, AUSTIN, TX 78701. The commission can provide notice of service to the home office of Crum & Forster Specialty Insurance Company At 305 Madison Ave. Morristown, New Jersey 97960-6117**

Defendant Greetings:

NOTICE TO DEFENDANT:  "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."  *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 212th District Court of Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Amended Petition** was filed in said court on the **10th day of October, 2016**  in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Amended Petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **11th day of October, 2016.**

Issued at the request of
Mason Meyer
Sullins Johnston Rohrbach & Magers
3200 Southwest Freeway Ste 2200
Houston TX 77027



**John D. Kinard,** District Clerk
Galveston County, Texas

By: *Rolande Kain*

Rolande Kain, Deputy

**CERTIFICATE OF DELIVERY BY CERTIFIED MAIL**

Came to hand on the __10/11/2016__ at ___ __3:00__ **o'clock P. M.** and executed on the _____ day of _____, 20_____, at ____ o'clock ____. M., by mailing the same to Crum & Forster Specialty Insurance Company, Defendant by **registered, certified mail with delivery**

**restricted to addressee only,** **return receipt requested**, a true copy of this citation with a copy of the petition were attached thereto.

<u>**JOHN D. KINARD, District Clerk Galveston County, Texas**</u>

Authorized Person

BY: _____, Deputy Clerk

| Service Fee: | $70.00 |
|---|---|
| **Certified Tracking Mail No.** <br><br> **9414 7266 9904 2019 5742 49** | **Place sticker here** |
| **Signed for on** | **Signed By:** |

**CITATION BY CERTIFIED MAIL** (TRC 106)

### THE STATE OF TEXAS

Cause No: 16-CV-0699

212th District Court of Galveston County

YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL

TO: **Environmental Underwriting Solutions: BY SERVING THE COMMISSIONER OF INSURANCE FOR THE STATE OF TEXAS AT 333 GUADALUPE STREET, AUSTIN, TX 78701. The Commission can provide notice of service to the home office of**: **Environmental Underwriting Solutions:** 3800 Colonnade Parkway, Suite 655, Birmingham, AL 35243

Defendant Greetings:

NOTICE TO DEFENDANT: **"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 212th District Court of Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Amended Petition** was filed in said court on the **10th day of October, 2016** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Amended Petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **11th day of October, 2016.**

Issued at the request of
Mason Meyer
Sullins Johnston Rohrbach & Magers
3200 Southwest Freeway Ste 2200
Houston TX 77027



**John D. Kinard,** District Clerk
Galveston County, Texas

By: *Rolande Kain*

Rolande Kain, Deputy

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the __10/11/2016__ at ___ **3:00** **o'clock P. M.** and executed on the _____ day of _____, 20_____, at ____ o'clock ___. M., by mailing the same to Environmental Underwriting Solutions, Defendant by **registered, certified mail with delivery**

**restricted to addressee only,** **return receipt requested**, a true copy of this citation with a copy of the petition were attached thereto. <u>**JOHN D. KINARD, District Clerk Galveston County, Texas**</u>

Authorized Person

BY: _____, Deputy Clerk

| Service Fee: | $70.00 |
|---|---|
| **Certified Tracking Mail No.**<br><br>**9414 7266 9904 2019 5742 56** | **Place sticker here** |
| **Signed for on** | **Signed By:** |

UNITED STATES POSTAL SERVICE®

First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

**JOHN D KINARD**
**GALVESTON COUNTY DISTRICT CLERK**
**600 59TH STREET SUITE 4001**
**PO BOX 17250**
**GALVESTON TX 77551-9900**

---

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| 9414 7266 9904 2019 5742 56 | A. Received by (Please Print Clearly) **RECEIVED** | B. Date of Delivery |
| | C. Signature **OCT 13 2016** X | ☐ Agent ☐ Addressee |
| | **TEXAS DEPT. OF INSURANCE MAIL SERVICES** | ☐ Yes ☐ No |
| 3. Service Type **CERTIFIED MAIL®** | | |
| 4. Restricted Delivery? *(Extra Fee)* ☐ Yes | | |
| 1. Article Addressed to: | | |



1. Article Addressed to:

THE COMMISSIONER OF INSURANCE
FOR THE STATE OF TEXAS AT
333 GUADALUPE STREET
AUSTIN, TX 78701

**Reference Information**

16-CV-0699

Rolande Kain

PS Form 3811, January 2005          Domestic Return Receipt

16 – CV – 0699
DCCIR
Citation and Return
1305065



## CITATION BY CERTIFIED MAIL (TRC 106)

**THE STATE OF TEXAS**

Cause No: 16-CV-0699
212th District Court of Galveston County

YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL

TO: **Environmental Underwriting Solutions: BY SERVING THE COMMISSIONER OF INSURANCE FOR THE STATE OF TEXAS AT 333 GUADALUPE STREET, AUSTIN, TX 78701. The Commission can provide notice of service to the home office of: Environmental Underwriting Solutions:** 3800 Colonnade Parkway, Suite 655, Birmingham, AL 35243

Defendant Greetings:

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 212th District Court of Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Amended Petition** was filed in said court on the **10th day of October, 2016** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Amended Petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **11th day of October, 2016.**

Issued at the request of
Mason Meyer
Sullins Johnston Rohrbach & Magers
3200 Southwest Freeway Ste 2200
Houston TX 77027



**John D. Kinard,** District Clerk
Galveston County, Texas

By: *Rolande Kain*
Rolande Kain, Deputy

### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **10/11/2016** at ___ **3:00 o'clock P. M.** and executed on the __*13*th_ day of _October_, 20 *16*, at ___ o'clock ___. M., by mailing the same to Environmental Underwriting Solutions, Defendant by **registered, certified mail with delivery**

**restricted to addressee only,** return receipt requested, a true copy of this citation with a copy of the petition were attached thereto.
**JOHN D. KINARD, District Clerk Galveston County, Texas**

Authorized Person

BY: *Rolande Kain* , Deputy Clerk

| Service Fee: | $70.00 |
|---|---|
| **Certified Tracking Mail No.**<br><br>9414 7266 9904 2019 5742 56 | **Certified Article Number**<br>Pl 9414 7266 9904 2019 5742 56<br>**SENDERS RECORD** |
| **Signed for on**<br><br>10-13-16 | **Signed By:**<br><br>*Rolande Kain* Texas Dept. of insurance mail service |

UNITED STATES POSTAL SERVICE®



First-Class Mail®
Postage & Fees Paid
USPS®
Permit No. G-10

● PRINT YOUR NAME, ADDRESS AND ZIP CODE BELOW ●

**JOHN D KINARD**
**GALVESTON COUNTY DISTRICT CLERK**
**600 59TH STREET SUITE 4001**
**PO BOX 17250**
**GALVESTON TX 77551-9900**

---

| 2. Article Number | COMPLETE THIS SECTION ON DELIVERY | |
|---|---|---|
| | A. Received by (Please Print Clearly) | B. Date of Delivery |
| 9414 7266 9904 2019 5742 49 | C. Signature<br>X | ☐ Agent<br>☐ Addressee |
| 3. Service Type  **CERTIFIED MAIL®** | D. Is delivery address different from item 1?<br>If YES, enter delivery address below: | ☐ Yes<br>☐ No |
| 4. Restricted Delivery? *(Extra Fee)*  ☐ Yes | | |
| 1. Article Addressed to: | | |

THE COMMISSIONER OF INSURANCE
FOR THE STATE OF TEXAS AT
333 GUADALUPE STREET
AUSTIN, TX 78701



Reference Information
**RECEIVED**
16-CV-0699
**OCT 13 2016**
Rolande Kain
TEXAS DEPT. OF INSURANCE
MAIL SERVICES

PS Form 3811, January 2005     Domestic Return Receipt

---

16 – CV – 0699
DCCIR
**Citation and Return**
1305068



### CITATION BY CERTIFIED MAIL (TRC 106)

#### THE STATE OF TEXAS

Cause No: 16-CV-0699

212th District Court of Galveston County

YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL

TO: **Crum & Forster Specialty Insurance Company: BY SERVING THE COMMISSIONER OF INSURANCE FOR THE STATE OF TEXAS AT 333 GUADALUPE STREET, AUSTIN, TX 78701. The commission can provide notice of service to the home office of Crum & Forster Specialty Insurance Company At 305 Madison Ave. Morristown, New Jersey 97960-6117**

Defendant Greetings:

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 am on the Monday next following the expiration of 20 day after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to the Plaintiff's Petition at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the 212th District Court of Galveston County, at the Courthouse in said County in Galveston, Texas. Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. Said Plaintiff's **Amended Petition** was filed in said court on the **10th day of October, 2016** in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Amended Petition accompany this citation and made a part hereof.

Issued and given under my hand and the seal of the Said Court at Galveston, Texas, on the **11th day of October, 2016.**

Issued at the request of
Mason Meyer
Sullins Johnston Rohrbach & Magers
3200 Southwest Freeway Ste 2200
Houston TX 77027



**John D. Kinard,** District Clerk
Galveston County, Texas

By: Rolande Kain

Rolande Kain, Deputy

#### CERTIFICATE OF DELIVERY BY CERTIFIED MAIL

Came to hand on the **10/11/2016** at **3:00 o'clock P. M.** and executed on the **13TH** day of **October**, 20 **16**, at ____ o'clock ____. M., by mailing the same to Crum & Forster Specialty Insurance Company, Defendant by **registered, certified mail with delivery**

**restricted to addressee only, return receipt requested,** a true copy of this citation with a copy of the petition were attached thereto.
**JOHN D. KINARD, District Clerk Galveston County, Texas**

Authorized Person

BY: Rolande Kain , Deputy Clerk

| Service Fee: | $70.00 |
|---|---|
| **Certified Tracking Mail No.** 9414 7266 9904 2019 5742 49 | **Certified Article Number** 9414 7266 9904 2019 5742 49 **SENDERS RECORD** |
| **Signed for on** 10-13-16 | **Signed By:** Texas Dept. of Insurance Mail Services |

Filed: 11/4/2016 11:25:14 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13625916
By: Lisa Kelly
11/4/2016 11:46:41 AM

NO. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS, LLC | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| | § | |
| v. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| AAA CHEMICALS, INC., HOWARD W. | § | |
| APEL, II and JAMES T. SCHOLES, et al | § | 212th JUDICIAL DISTRICT |

## DEFENDANT CRUM & FORSTER SPECIALTY INSURANCE COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Crum & Forster Specialty Insurance Company ("Crum & Forster") files this Original Answer and General Denial to Plaintiff's First Amended Petition and would respectfully show as follows:

### I.    GENERAL DENIAL

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Crum & Forster generally denies each allegation in Plaintiff's First Amended Petition, and demands strict proof of each by a preponderance of the credible evidence in accordance with the Constitution and laws of the State of Texas.

### II.    FAILURE TO STATE A CLAIM

Crum & Forster asserts that Plaintiff's First Amended Petition fails to state a claim upon which relief can be granted.  Specifically, Plaintiff has failed to state actionable claims for violations of the Texas Insurance Code and Deceptive Trade Practices – Consumer Protection Act ("DTPA").  Accordingly, Crum & Forster requests that these claims be dismissed.

WHEREFORE, Defendant Crum & Forster Specialty Insurance Company respectfully requests that Plaintiff take nothing by its claims.  Crum & Forster also requests any and all relief to which it may be justly entitled.

1

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: _Christopher H. Avery_____
    Brian S. Martin
    State Bar No.  13055350
    E-Mail: bmartin@thompsoncoe.com
    Rodrigo "Diego" Garcia, Jr.
    State Bar No. 00793778
    E-Mail:  dgarcia@thompsoncoe.com
    Christopher H. Avery
    State Bar No. 24069321
    E-Mail:  cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, TX 77056
Telephone:  (713) 403-8210
Telecopy:  (713) 403-8299

**ATTORNEYS FOR DEFENDANT
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY**

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 4th day of November, 2016.

Mike Johnston
Mason Meyer
Sullins, Johnston, Rohrbach & Magers
3200 Southwest Freeway, Ste. 2200
Houston, Texas 77027
***Counsel for Plaintiff***

Roger H. Nebel
Maron, Marvel, Bradley & Anderson, LLC
2950 North Loop West, Suite 500
Houston, Texas 77092
***Counsel for AAA Chemicals, Inc.***
***Howard W. Apel, II and James T. Scholes***

*/s/ Christopher H. Avery*
Christopher H. Avery

3

Filed 11/8/2016 9:00:29 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13672343
By: Lisa Kelly
11/8/2016 9:05:34 AM

## NO. 16-CV-0699

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **AAA CHEMICALS, INC.,** | § | |
| **HOWARD W. APEL, II AND** | § | |
| **JAMES T. SCHOLES, ET AL** | § | **212TH JUDICIAL DISTRICT** |

### DEFENDANT INSURANCE OFFICE OF AMERICA D/B/A ENVIRONMENTAL
### UNDERWRITING SOLUTIONS'
### SPECIAL EXCEPTIONS AND ORIGINAL ANSWER

Defendant Insurance Office of America d/b/a Environmental Underwriting Solutions ("Environmental") files its Special Exceptions and Original Answer and shows:

**1.**

### SPECIAL EXCEPTIONS

Environmental specially excepts and objects to paragraphs II and III, XIII-XXI of Plaintiff's First Amended Petition as they refer to the actions or omissions of multiple defendants, including Environmental.   Thus, the factual basis of Plaintiff's claims against Environmental alone are not stated. The allegations are global and vague and fail to allege facts sufficient to put Environmental on fair notice of the claims against it.   Plaintiff should be required to replead to state with specificity the act(s) or omission(s) which Plaintiff alleges were committed by Environmental.

**2.**

Environmental specifically excepts to Plaintiff's First Amended Petition because it fails to identify any facts which support allegations of unfair, deceptive, misrepresentations, Texas Insurance Code violations, Texas DTPA violations, or false statements/conduct which support its

allegations of knowing and intentional violations.  Plaintiff further copies certain violations verbatim from the Texas Insurance Code and Texas Business and Commerce Code without specific factual claims that support such allegations. Plaintiff should be required to file an amended pleading which sets forth facts and evidence in support of Plaintiff's allegations of Insurance Code violations, DTPA violations, misrepresentation and, as well as all related maximum alleged damages.

**3.**

Environmental specifically excepts to Plaintiff's allegations that it acted wrongfully with knowledge and/or intentionally because there are no facts to support such allegations.

**4.**

**GENERAL DENIAL**

Environmental generally denies each and every, all and singular, of the allegations of Plaintiff's First Amended Petition pursuant to Rule 92 of the Texas Rules of Civil Procedure, and upon trial will demand strict proof thereof by a preponderance of the evidence.

**5.**

**AFFIRMATIVE DEFENSES**

Further answering, Plaintiff's First Amended Petition fails to state a cause of action upon which relief against Environmental can be granted as it had no relationship with Plaintiff, did not issue the policy of insurance at issue to Plaintiff and therefore has no responsibility for payment, if any, under the policy, and made no representations to Plaintiff.

**6.**

Further answering, Plaintiff's claims are barred, in whole or in part, because all conditions precedent to recovery have not been performed or occurred, including the pre-suit notices required by the Texas Insurance Code and the Texas Deceptive Trade Practices Act.

**7.**

Further answering, Environmental is not liable in whole or in part to Plaintiff for any damages Plaintiff may have suffered, which Environmental denies, because Environmental's actions or inactions were not a producing cause of damages, injury or loss suffered by Plaintiff.

**8.**

Further answering, Plaintiff failed to exercise that degree of care which a reasonable and prudent person would have exercised under the same or similar circumstances and had a duty to mitigate its damages.  As such, Plaintiff's conduct constitutes comparative and/or contributory negligence as those terms are known and understood in the law and was a producing cause and/or proximate cause of its damages.

**9.**

Further answering, Environmental would show that, if the damages to Plaintiff occurred as alleged, although it is not so acknowledged, then the damages were directly and proximately caused by the acts and omissions of individuals or entities, including Plaintiff, and third persons for whom Environmental is not responsible, and such acts were the sole cause, sole proximate cause, producing cause and new and independent intervening cause of the alleged damages to Plaintiff, if any.

**10.**

Further answering, Plaintiff has failed to articulate any legal duty owed by Environmental

PD.20369459.1

to Plaintiff as none exists and no such duty is owed.  Assuming any duty to Plaintiff exists, Environmental denies that it breached any duty to Plaintiff, or that any such breach proximately caused Plaintiff's damages.

## 11.

Further answering, Environmental asserts Plaintiff's damages, if any, are limited by the policy limits set forth in the Policy at issue, which was not issued by Environmental, in addition to all other limitations, provisions and any other terms, exclusions and conditions of the applicable Policy which specifically limit, bar or otherwise restrict Plaintiff's recovery under the Policy.

## 12.

Further answering, Environmental asserts that Plaintiff's claims are barred, in whole or in part, because all conditions precedent to recovery have not been performed or occurred.

## 13.

Further answering, under Texas law an insured has a duty to read an insurance policy and is charged with knowledge of its contents.  Environmental asserts that any claim which is based upon a misrepresentation, inducement, or reliance on a representation fails as a matter of law, since Plaintiff is charged with knowledge of the contents of the insurance policy at issue.

## 14.

Further answering, in the unlikely event that Environmental is found liable to Plaintiff, Environmental pleads additionally, and in the alternative, without wavier of the foregoing, that Plaintiff's recovery, if any, is limited by the statutory exemplary damages cap of TEX. CIV. PRAC. & REM. CODE, § 41.008.

PD.20369459.1

**15.**

Further answering, Plaintiff's claim cannot be sustained because an award of punitive or exemplary damages under Texas law without proof of every element beyond a reasonable doubt would violate Environmental's rights under Amendments IV, V, VI, XIV of the United States Constitution and under Sections 9, 10, 14, and 19 of Article I of the Texas Constitution, or if not proven by clear and convincing evidence under Texas law would violate Environmental's rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article 19 of Article I of the Texas Constitution.

**16.**

Further answering, Plaintiff's claims for punitive or exemplary damages would violate the prohibition against excessive fines contained in the Eighth Amendment to the United States Constitution, as embodied in the due process clause of the Fourteenth Amendment to that Constitution, and Section 19 of Article I of the Texas Constitution.

**17.**

Further answering, Plaintiff's claims for punitive or exemplary damages cannot be sustained because an award of punitive or exemplary damages under Texas law by a jury that (1) is not provided any standard of sufficient clarity for determining the appropriateness or the appropriate size of any punitive or exemplary damages award, (2) is not instructed on the limits of punitive or exemplary damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive or exemplary damages or determining the amount of an award of punitive or exemplary damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive or exemplary damages under a standard for determining liability for punitive or exemplary damages

that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive or exemplary damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Environmental's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article I of the Texas Constitution.

## 18.

Environmental would show that if pre-judgment interest is recoverable, it is limited in accordance with Tex. Fin. Code Ann. §304.101 et seq.

## 19.

Environmental would show that if post-judgment interest is recoverable, it is limited in accordance with Tex. Fin. Code Ann. §304.003(c).

## 20.

Environmental pleads Plaintiff's claims are barred by the applicable statute of limitations.

WHEREFORE, Defendant Insurance Office of America d/b/a Environmental Underwriting Solutions prays that due proceedings are had, judgment is entered that Plaintiff takes nothing, that Plaintiff's First Amended Petition be dismissed with prejudice, and for all other relief to which it may be entitled at law or in equity.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Mary "Amy" Cazes Greene*
       Mary "Amy" Cazes Greene, TBN 24005647
       500 Dallas, Suite 1300
       Houston, Texas 77002
       Telephone: 713-626-1386
       Telecopier: 713-626-1388
       E-mail:greenea@phelps.com

**ATTORNEYS FOR DEFENDANT
INSURANCE OFFICE OF AMERICA D/B/A
ENVIRONMENTAL UNDERWRITING
SOLUTIONS**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel as listed below by placing a copy of same in the United States mail, certified, return receipt requested, facsimile, electronically, and/or hand delivery on November 8, 2016.

Mike Johnston
Mason Meyer
Sullins, Johnston, Rohrback & Magers
3200 S.W. Freeway, Suite 2200
Houston, Texas 77027
Email:  mjohnston@sjrm.com
Email:  mmeyer@sjrm.com

Roger H. Nebel
Maron, Marvel, Bradley & Anderson
2950 N. Loop W., Suite 500
Houston, Texas  77092
Email:  rnebej@maronmarvel.com

          */s/ Mary "Amy" Cazes Greene*
          Mary "Amy" Cazes Greene

Filed: 11/14/2016 12:39:19 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13771098
By: Ann Vaughn
11/14/2016 12:48:38 PM

Cause No. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF GALVESTON COUNTY, TEXAS |
| | § | |
| AAA CHEMICALS, INC., HOWARD W. | § | |
| APEL, II AND JAMES T. SHOLES | § | |
| *Defendants.* | § | 212TH JUDICIAL DISTRICT |

## THIRD PARTY DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Third-Party Defendant Southwest Terminals LLC ("Third-Party Defendant"), and files this its Original Answer and would respectfully show the Court the following:

### I.
### GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Third-Party Defendant denies each and every, all and singular, of the allegations contained in Third-Party Plaintiffs' Original Third-Party Petition. Third-Party Defendant demands strict proof, by a preponderance of the evidence and/or by clear and convincing evidence, as required by the laws and constitutions of the State of Texas and the United States.

### II.
### AFFIRMATIVE DEFENSES

2.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Third-Party Defendant asserts the defense of statute of limitations.

3.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Third-Party Defendant asserts the defense of waiver.

4.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Third-Party Defendant asserts the defense of unclean hands.

5.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Third-Party Defendant asserts that Third-Party Plaintiffs' claims are barred, in whole or in part, because Third-Party Plaintiffs failed to mitigate their damages, if any.

6.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Third-Party Defendant asserts the defense of third party liability.

7.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Third-Party Defendant asserts the defense of assumption of risk.

8.      Pursuant to Rule 94 of the Texas Rules of Civil Procedure, Third-Party Defendant asserts the defense of contributory negligence.

9.      Third-Party Defendant reserves the right to amend this Answer to assert other and further defenses.

### III
### REQUEST FOR DISCLOSURE

10.      Pursuant to Texas Rule of Civil Procedure Rule 194, Third-Party Plaintiffs are requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2(a) – (l).

### IV
### NOTICE

11.      Pursuant to Texas Rule of Civil Procedure 193.7, Third-Party Defendant hereby gives notice to Third-Party Plaintiffs that any and all documents produced may be used against the Third-Party Plaintiffs producing the documents at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the documents.

## PRAYER

WHEREFORE, Third-Party Defendant Southwest Terminals, LLC, prays that the Court enter judgment that Third-Party Plaintiffs take nothing, assess costs against Third-Party Plaintiffs, and award Third-Party Defendant all other relief to which it may be justly entitled.

Respectfully submitted,

**Lyons and Plackemeier, PLLC**

By: _/s/ Christopher L. Johnson_

      Christopher L. Johnson
      Texas State Bar # 24069999
      chris@lyonsplack.com
      Justin M. Kornegay
      Texas State Bar # 24077668
      justin@lyonsplack.com
      W. Rhys O'Farrell
      Texas State Bar # 24102295
      rhys-lp@comcast.net
      518- 9th Avenue North
      P.O. Drawer 2789
      Texas City, TX 77592-2789
      (713) 576-7350
      (409) 797-4149 Facsimile No.

**ATTORNEYS FOR THIRD-PARTY DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel of record by certified mail, return receipt requested, facsimile, and/or electronic service on this 14th day of November, 2016:

*Via*
Roger H. Nebel
2950 North Loop West, Suite 500
Houston, Texas 77092
HoustonEservice@maronmarvel.com

*/s/ Christopher L. Johnson*
Christopher L. Johnson

4

Filed: 11/14/2016 12:39:19 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13771098
By: Ann Vaughn
11/14/2016 12:48:38 PM

Cause No. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF GALVESTON COUNTY, TEXAS |
| | § | |
| AAA CHEMICALS, INC., HOWARD W. | § | |
| APEL, II AND JAMES T. SHOLES | § | |
| *Defendants.* | § | 212TH JUDICIAL DISTRICT |

## MOTION TO STRIKE THIRD-PARTY PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Third-Party Defendant Southwest Terminals, LLC ("Southwest"), and files this its Motion to Strike Third-Party Petition and would respectfully show the Court the following:

### I
### FILING OF ORIGINAL ANSWER

1.    AAA Chemicals, Inc., Howard W. Apel, II and James T. Scholes (collectively "Third-Party Plaintiffs") filed their Original Answer in this lawsuit on or about July 28, 2016.

### II
### FILING OF THIRD-PARTY PETITION

2.    Third-Party Plaintiffs filed a Third-Party Petition against Southwest on or about September 30 ,2016, well over 30 days after filing their Original Answer.

### III
### THIRD-PARTY PETITION FILED WITHOUT OBTAINING LEAVE OF COURT

3.    Rule 38 of the Texas Rules of Civil Procedure requires Third-Party Plaintiffs to obtain leave on motion upon notice to all parties to the action before filing a third-party petition later than 30 days after serving their original answer.

4.      Third-Party Plaintiffs wholly failed to seek and/or obtain leave of court prior to filing their Third-Party Petition in this case. Third-Party Plaintiffs filed and served their Third-Party Petition well beyond thirty days after their original answer was filed in this lawsuit. As such, Rule 38 strictly requires that Third-Party Plaintiffs obtain leave on motion upon notice to all parties to the action before filing a Third-Party Petition. Therefore, such failure by Third-Party Plaintiffs to seek and obtain leave of court should cause their Third-Party Petition to be stricken.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Third-Party Defendant prays that this Court strike the Third-Party Petition, and that Third-Party Plaintiff takes nothing of and from Third-Party Defendant, Southwest Terminals, LLC.

Respectfully submitted,

**Lyons and Plackemeier, PLLC**

By: /s/ *Christopher L. Johnson*
      Christopher L. Johnson
      Texas State Bar # 24069999
      chris@lyonsplack.com
      Justin M. Kornegay
      Texas State Bar # 24077668
      justin@lyonsplack.com
      W. Rhys O'Farrell
      Texas State Bar # 24102295
      rhys-lp@comcast.net
      518- 9th Avenue North
      P.O. Drawer 2789
      Texas City, TX 77592-2789
      (713) 576-7350
      (409) 797-4149 Facsimile No.

**ATTORNEYS FOR THIRD-PARTY DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel of record by certified mail, return receipt requested, facsimile, and/or electronic service on this 14th day of November, 2016:

*Via*
Roger H. Nebel
2950 North Loop West, Suite 500
Houston, Texas 77092
HoustonEservice@maronmarvel.com

*/s/ Christopher L. Johnson*
Christopher L. Johnson

Filed 11/14/2016 2:34:05 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13776278
By: Shailja Dixit
11/14/2016 2:37:43 PM

16-CV-0699

## texas DEPARTMENT OF INSURANCE



**THIS IS TO CERTIFY THAT**

On October 13, 2016, the Commissioner of Insurance of the State of Texas, pursuant to TEX. INS. CODE ANN., Chapter 804, received a citation and Plaintiff's First Amended Petition for services on Environmental Underwriting Solutions; in Cause No. 16-CV-0699; styled *Yode Investments, LLC vs. AAA Chemicals, Inc. Howard W. Apel, II and James T. Scholes, et al.;* in the 212th Judicial District Court, Galveston County, Texas.

**THIS IS TO FURTHER CERTIFY THAT** on October 17, 2016, the above captioned documents were forwarded to Bill Twitty, President, Environmental Underwriting Solutions, 3800 Colonnade Pkwy., Ste. 655, Birmingham, AL 35243 by certified mail, return receipt requested.  The return receipt, No. 7015 0640 0002 0960 5818, was returned to this office and the date of delivery was October 20, 2016.



IN TESTIMONY WHEREOF, WITNESS MY HAND AND SEAL OF OFFICE AT AUSTIN, TEXAS,

THIS _9th_____ DAY OF NOVEMBER, 2016

DAVID C. MATTAX
COMMISSIONER OF INSURANCE

BY _____
    NORMA GARCIA, GENERAL COUNSEL
    GENERAL COUNSEL DIVISION

Filed 11/14/2016 2:36:20 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13776401
By: Shailja Dixit
11/14/2016 2:39:25 PM

16-CV-0699

**texas DEPARTMENT OF INSURANCE**



**THIS IS TO CERTIFY THAT**

On October 13, 2016, the Commissioner of Insurance of the State of Texas, pursuant to TEX.

INS. CODE ANN., Chapter 804, received a citation and Plaintiff's First Amended Petition for

services on Crum & Forster Specialty Insurance Company; in Cause No. 16-CV-0699; styled

*Yode Investments, LLC vs. AAA Chemicals, Inc. Howard W. Apel, II and James T. Scholes,*

*et al.;* in the 212th Judicial District Court, Galveston County, Texas.

**THIS IS TO FURTHER CERTIFY THAT** on October 17, 2016, the above captioned

documents were forwarded to James Kraus, Senior Vice-President, Crum & Forster Specialty

Insurance Company, 305 Madison Avenue, Morristown, NJ 07960-6117 by certified mail,

return receipt requested.  The return receipt, No. 7015 0640 0002 0960 5801, was returned

to this office and the date of delivery was October 20, 2016.

IN TESTIMONY WHEREOF, WITNESS MY HAND
AND SEAL OF OFFICE AT AUSTIN, TEXAS,

THIS _9th_ DAY OF NOVEMBER, 2016

DAVID C. MATTAX
COMMISSIONER OF INSURANCE

BY _Norma Garcia_
NORMA GARCIA, GENERAL COUNSEL
GENERAL COUNSEL DIVISION

Filed: 11/22/2016 11:17:40 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13925797
By: Lisa Kelly
11/22/2016 11:26:21 AM

NO. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| AAA CHEMICALS, INC., HOWARD W, | § | |
| APEL, II and JAMES T. SCHOLES, et al | § | |
| | § | |
| Defendant | § | 212th JUDICIAL DISTRICT |

## DEFENDANTS' JOINT MOTION TO SEVER

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Crum & Forster Specialty Insurance Company ("Crum & Forster") and Insurance Office of America d/b/a Environmental Underwriting Solutions ("EUS") (collectively "the Insurance Defendants") request that this Court sever the claims asserted against them from those claims asserted against their co-defendants, AAA Chemicals, Inc., Howard W. Apel, II, and James T. Scholes (collectively "the AAA Defendants"). The insurance issues alleged against the Insurance Defendants are distinct from those asserted against the AAA Defendants and could have been brought as entirely separate cases. Accordingly, the Court should utilize its broad discretion to sever the claims asserted against the Insurance Defendants.

## I.   BACKGROUND

Plaintiff's First Amended Petition alleges that this case arises out of alleged property damages sustained by Plaintiff at 226 Texas City Wye, in LaMarque, Texas. Plaintiff alleges that the AAA Defendants violated their lease obligations, including removing certain chemicals. Plaintiff also asserts that the AAA Defendants abandoned the property and improperly failed to

remove alleged chemicals and hazardous wastes.  Plaintiff alleges that these actions constitute: (1) breach of the lease agreement and (2) negligence.

In contrast, Plaintiff asserts claims for breach of contract and violations of the Texas Insurance Code against the Insurance Defendants.[1]  Plaintiff generally asserts that it was an additional insured under insurance policies issued by the Insurance Defendants and that they improperly denied coverage.  The Insurance Defendants deny these allegations.  Plaintiff asserts that these actions constitute:  (1) breach of the insurance policy; (2) violations of the Texas Insurance Code; (3) violations of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA").

## II.    <u>ANALYSIS</u>

The claims against the Insurance Defendants should be severed from those claims asserted against the AAA Defendants because they are essentially two lawsuits.  The case against the AAA Defendants depends upon the terms of its lease agreement with the Plaintiff and its actions while leasing the property from it.  On the other hand, the case against the Insurance Defendants is based solely on with questions of insurance placement and coverage.  The two are distinct and more properly the subject of different cases.

Rule 41 of the Texas Rules of Civil Procedure allows for severance of parties that have been misjoined.  Claims are properly severable where:

(1)    the controversy involves more than one cause of action;

(2)    the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and

(3)    the severed claim is not so interwoven with the remaining action that they involve the same facts and issues.

---

[1] Plaintiff has improperly identified Environmental Underwriting Solutions as having issued an insurance policy.  It did not, and instead, served as a managing general agent associated with this claim.

*F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007) (internal citations omitted).  "[A]voiding prejudice, doing justice, and increasing convenience are the controlling reasons to allow a severance."  *Id.* Severance is also a matter within the Court's discretion. *Guar. Fed. Sav. Bank & Horseshoe Op. Co.*, 793 S.W.2d 652, 658 (Tex. 1990)

Each of these elements is present in this case.  First, Plaintiff asserts wholly different causes of action against the AAA Defendants and the Insurance Defendants.  And while one of those causes of action may be for breach of contract, two entirely different contracts are at issue. Next, the severed claims against the Insurance Defendants could have been properly brought in a wholly separate lawsuit since Plaintiff contends that it is independently entitled to coverage. Finally, the claims against the Insurance Defendants are not interwoven with the claims against the AAA Defendants.  The issues will involve separate questions of contractual coverage under entirely different contracts.  Although there may be some overlap as to the type of chemicals allegedly on Plaintiff's property, the impact of that presence on the Insurance Defendants and the AAA Defendants is entirely different.  As such, each of the three necessary elements is met.

Severing the claims against the Insurance Defendants will also avoid prejudice in the case against the AAA Defendants.  Courts routinely recognize the prejudice that can be caused by the presence of an insurer in a case against its insured.  Indeed, the First Court of Appeals recently granted mandamus relief when a trial court refused to sever similarly situated claims.  *In re Essex Ins. Co., et al*, No. 01-16-00552-CV (Tex. App. – Houston [1st Dist.] Nov. 7, 2016). Moreover, Texas case law is replete with examples of courts severing claims against insurers in the UM/UIM context because evidence of liability insurance would prejudice trial of the actual tort issue.  *See, e.g., In re Kuehn*, 86 S.W.3d 363, 367 (Tex. App. – Texarkana 2002, orig. proceeding).  The same is true in this case because evidence of insurance coverage for a loss will

2579233v1
05060.880

necessarily prejudice the question of whether the AAA Defendants breached their lease agreement or were otherwise negligent.  As a result, severing the claims against the Insurance Defendants would avoid prejudice.

### III.   CONCLUSION

As the claims asserted against the Insurance Defendants are distinct from those asserted against the AAA Defendants, they request that this Court enter an order severing them from this case.  The Insurance Defendants also requests any and all such further relief to which it may show themselves justly entitled.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:  */s/ Christopher H. Avery* _____
    Brian S. Martin
    State Bar No.  13055350
    E-Mail: bmartin@thompsoncoe.com
    Rodrigo "Diego" Garcia, Jr.
    State Bar No. 00793778
    E-Mail:  dgarcia@thompsoncoe.com
    Christopher H. Avery
    State Bar No. 24069321
    E-Mail:  cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, TX 77056
Telephone:  (713) 403-8210
Telecopy:  (713) 403-8299
**ATTORNEYS FOR DEFENDANT
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY**

- and -

PHELPS DUNBAR, LLP

By:*/s/ Mary "Amy" Cazes Greene  (by permission)*
    Mary "Amy" Cazes Greene
    State Bar No.  24005647
    E-Mail: greenea@phelps.com

4

500 Dallas, Suite 1300
Houston, TX 77002
Telephone:  (713) 626-1386
Telecopy:  (713) 626-1388

**ATTORNEYS FOR DEFENDANT
INSURANCE OFFICE OF AMERICA D/B/A
ENVIRONMENTAL UNDERWRITING
SOLUTIONS**

## CERTIFICATE OF CONFERENCE

I certify that I have conferred with opposing counsel regarding this Motion and that Plaintiff is opposed to the relief it seeks.

*/s/ Christopher H. Avery*
Christopher H. Avery

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 22nd day of November, 2016.

Mike Johnston
Mason Meyer
Sullins, Johnston, Rohrbach & Magers
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027
*Counsel for Plaintiff*

Roger H. Nebel
Maron, Marvel, Bradley & Anderson, LLC
2950 North Loop West, Suite 500
Houston, Texas 77092
*Counsel for AAA Chemicals, Inc.*
*Howard W. Apel, II and James T. Scholes*

*/s/ Christopher H. Avery*
Christopher H. Avery

5

Filed 11/22/2016 11:17:40 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13925797
By: Lisa Kelly
11/22/2016 11:26:21 AM

NO. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS, LLC, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| AAA CHEMICALS, INC., HOWARD W. | § | |
| APEL, II and JAMES T. SCHOLES, et al | § | |
| | § | |
| Defendant | § | 212th JUDICIAL DISTRICT |

## ORDER

CAME ON TO BE CONSIDERED Defendant Crum & Forster Specialty Insurance Company's and Insurance Office of America d/b/a Environmental Underwriting Solutions' Motion to Sever.  Having considered the Motion and any arguments of counsel, the Court is of the opinion that the Motion should be GRANTED.  The Court specifically finds that Defendants Crum & Forster Specialty Insurance Company and Insurance Office of America d/b/a Environmental Underwriting Solutions have been misjoined pursuant to Texas Rule of Civil Procedure 41.

It is, therefore, ORDERED that Plaintiff Yode Investments, LLC's claims against Defendants Crum & Forster Specialty Insurance Company and Insurance Office of America d/b/a Environmental Underwriting Solutions are severed from this cause of action and shall proceed as a new case.

Signed this _____ day of _____, 2016.

_____

JUDGE PRESIDING

2579233v1
05060.880

Filed 11/23/2016 9:47:29 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13947662
By: Shailja Dixit
11/23/2016 10:00:22 AM



## TEXAS DEPARTMENT OF INSURANCE

**General Counsel Division (113-2A)**
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

November 10, 2016

Mason Meyer
Sullins Johnston Rohrbach  Magers
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027

RE:  Cause No. 16-CV-0699; styled *Yode Investments, LLC vs. AAA Chemicals, Inc., Howard W. Apel, II and James T. Scholes, et al;* in the 212th Judicial District Court, Galveston County, Texas

Greetings:

Enclosed please find a certificate of service and copy of the returned certified mail card regarding the above referenced case.

If you have any questions or need further assistance, please contact our office at the number listed below.

Sincerely,

*Tish Wilhelm*

Tish Wilhelm
General Counsel
tish.wilhelm@tdi.texas.gov
(512) 676-6543

c:  Galveston County District Clerk
*E-filed*

## texas DEPARTMENT OF INSURANCE



**THIS IS TO CERTIFY THAT**

On October 13, 2016, the Commissioner of Insurance of the State of Texas, pursuant to TEX. INS. CODE ANN., Chapter 804, received a citation and Plaintiff's First Amended Petition for services on Crum & Forster Specialty Insurance Company; in Cause No. 16-CV-0699; styled *Yode Investments, LLC vs. AAA Chemicals, Inc. Howard W. Apel, II and James T. Scholes, et al.;* in the 212th Judicial District Court, Galveston County, Texas.

**THIS IS TO FURTHER CERTIFY THAT** on October 17, 2016, the above captioned documents were forwarded to James Kraus, Senior Vice-President, Crum & Forster Specialty Insurance Company, 305 Madison Avenue, Morristown, NJ 07960-6117 by certified mail, return receipt requested.  The return receipt, No. 7015 0640 0002 0960 5801, was returned to this office and the date of delivery was October 20, 2016.

IN TESTIMONY WHEREOF, WITNESS MY HAND
AND SEAL OF OFFICE AT AUSTIN, TEXAS,

THIS ___9th___ DAY OF NOVEMBER, 2016

DAVID C. MATTAX
COMMISSIONER OF INSURANCE

BY _____
NORMA GARCIA, GENERAL COUNSEL
GENERAL COUNSEL DIVISION



English          Customer Service          USPS Mobile                                              Register / Sign In

# USPS Tracking®

**Still Have Questions?**
Browse our FAQs ›


**Get Easy Tracking Updates ›**
Sign up for My USPS.

Tracking Number: **70150640000209605801**

## Product & Tracking Information

**Postal Product:**

**Features:**
Certified Mail™

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| **October 20, 2016 , 10:44 am** | Delivered, Individual Picked Up at Post Office | **MORRISTOWN, NJ 07960** |

Your item was picked up at the post office at 10:44 am on October 20, 2016 in MORRISTOWN, NJ 07960.

| | | |
|---|---|---|
| October 20, 2016 , 2:34 am | Departed USPS Facility | KEARNY, NJ 07099 |
| October 19, 2016 , 11:16 am | Arrived at USPS Facility | KEARNY, NJ 07099 |
| October 18, 2016 , 3:10 am | Departed USPS Facility | AUSTIN, TX 78710 |
| October 17, 2016 , 10:55 pm | Arrived at USPS Facility | AUSTIN, TX 78710 |

## Available Actions

Text Updates

Email Updates

## Track Another Package

**Tracking (or receipt) number**

[                                    ]                              Track It

## Manage Incoming Packages

Track all your packages from a dashboard.
No tracking numbers necessary.

Sign up for My USPS ›

---

HELPFUL LINKS
Contact Us
Site Index
FAQs

ON ABOUT USPS.COM
About USPS Home
Newsroom
USPS Service Updates
Forms & Publications
Government Services
Careers

OTHER USPS SITES
Business Customer Gateway
Postal Inspectors
Inspector General
Postal Explorer
National Postal Museum
Resources for Developers

LEGAL INFORMATION
Privacy Policy
Terms of Use
FOIA
No FEAR Act EEO Data

Copyright © 2016 USPS. All Rights Reserved.

Filed 11/23/2016 9:47:29 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13947662
By: Shailja Dixit
11/23/2016 10:00:22 AM

TEXAS DEPARTMENT OF INSURANCE

**General Counsel Division (113-2A)**
333 Guadalupe, Austin, Texas 78701 ★ PO Box 149104, Austin, Texas 78714-9104
(512) 676-6585 | F: (512) 490-1064 | (800) 578-4677 | TDI.texas.gov | @TexasTDI

November 10, 2016

Mason Meyer
Sullins Johnston Rohrbach  Magers
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027

RE:  Cause No. 16-CV-0699; styled *Yode Investments, LLC vs. AAA Chemicals, Inc., Howard W. Apel, II and James T. Scholes, et al;* in the 212th Judicial District Court, Galveston County, Texas

Greetings:

Enclosed please find a certificate of service and copy of the returned certified mail card regarding the above referenced case.

If you have any questions or need further assistance, please contact our office at the number listed below.

Sincerely,

*Tish Wilhelm*
Tish Wilhelm
General Counsel
tish.wilhelm@tdi.texas.gov
(512) 676-6543

c:  Galveston County District Clerk
    *E-filed*

### texas DEPARTMENT OF INSURANCE



**THIS IS TO CERTIFY THAT**

On October 13, 2016, the Commissioner of Insurance of the State of Texas, pursuant to TEX. INS. CODE ANN., Chapter 804, received a citation and Plaintiff's First Amended Petition for services on Environmental Underwriting Solutions; in Cause No. 16-CV-0699; styled *Yode Investments, LLC vs. AAA Chemicals, Inc. Howard W. Apel, II and James T. Scholes, et al.;* in the 212th Judicial District Court, Galveston County, Texas.

**THIS IS TO FURTHER CERTIFY THAT** on October 17, 2016, the above captioned documents were forwarded to Bill Twitty, President, Environmental Underwriting Solutions, 3800 Colonnade Pkwy., Ste. 655, Birmingham, AL 35243 by certified mail, return receipt requested. The return receipt, No. 7015 0640 0002 0960 5818, was returned to this office and the date of delivery was October 20, 2016.



IN TESTIMONY WHEREOF, WITNESS MY HAND AND SEAL OF OFFICE AT AUSTIN, TEXAS,

THIS ___9th___ DAY OF NOVEMBER, 2016

DAVID C. MATTAX
COMMISSIONER OF INSURANCE

BY _____
NORMA GARCIA, GENERAL COUNSEL
GENERAL COUNSEL DIVISION

16-CV-0699  York Investments US. AAA Chemical etal.

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by ( *Printed Name* )  C. Date of Delivery
Courtney Snugart  10|20|16

1. Article Addressed to:

Bill Twitty, President
Environmental Underwriting
Solutions
3800 Colonnade Pkwy., Ste. 655
Birmingham, AL  35243

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail      ☐ Express Mail
☐ Registered          ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (*Extra Fee*)  ☐ Yes

2. Article Number
(*Transfer from service label*)
7015 0640 0002 0960 5818

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

Filed 11/29/2016 9:34:07 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13992197
By: Shailja Dixit
11/29/2016 9:38:37 AM

Cause No. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF GALVESTON COUNTY, TEXAS |
| | § | |
| AAA CHEMICALS, INC., HOWARD W. | § | |
| APEL, II AND JAMES T. SHOLES | § | |
| *Defendants.* | § | 212TH JUDICIAL DISTRICT |

## NOTICE OF SUBMISSION ON THIRD-PARTY DEFENDANT'S MOTION TO STRIKE THIRD-PARTY PETITION

Please take notice that Third-Party Defendant's Motion to Strike Third-Party Petition filed

on November 14, 2016, has been set for submission on _____,

in the 212th Judicial District Court of Galveston County, Texas.

Respectfully submitted,

**Lyons & Plackemeier, PLLC**

By: _____*/s/ Christopher L. Johnson*_____
   Christopher L. Johnson
   Texas State Bar # 24069999
   chris@lyonsplack.com
   Justin M. Kornegay
   Texas State Bar # 24077668
   justin@lyonsplack.com
   W. Rhys O'Farrell
   Texas State Bar # 24102295
   rhys@lyonsplack.com
   518- 9th Avenue North
   P.O. Drawer 2789
   Texas City, TX 77592-2789
   (409) 948-3401
   (409) 945-9814 Facsimile No
**ATTORNEYS FOR THIRD-PARTY DEFENDANT SOUTHWEST TERMINALS LLC**

1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel of record by certified mail, return receipt requested, facsimile, and/or electronic service on this 29th day of November, 2016:

***Via Electronic Service***
Roger H. Nebel
2950 North Loop West, Suite 500
Houston, Texas 77092
HoustonEservice@maronmarvel.com


*/s/ Christopher L. Johnson*
Christopher L. Johnson

Filed 11/30/2016 4:32:03 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14036226
By: Lisa Kelly
12/1/2016 7:44:56 AM

CAUSE NO. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS, LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., HOWARD W. | § | |
| APEL, II and JAMES T. SCHOLES, et al., | § | |
| | § | |
| Defendant. | § | 212TH JUDICIAL DISTRICT |

## NOTICE OF HEARING

PLEASE TAKE NOTICE that Defendants Crum & Forster Specialty Insurance Company and Insurance Office of America d/b/a Environmental Underwriting Solutions' Joint Motion to Sever has been set for hearing on **Tuesday, December 27, 2016 at 11:00 a.m.** in the 212th Judicial District Court of Galveston County, Texas.

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS, L.L.P.

By: /s/ Christopher H. Avery                                    
    Brian S. Martin
    State Bar No. 13055350
    E-Mail: bmartin@thompsoncoe.com
    Rodrigo "Diego" Garcia, Jr.
    State Bar No. 00793778
    E-Mail: dgarcia@thompsoncoe.com
    Christopher H. Avery
    State Bar No. 24069321
    E-Mail: cavery@thompsoncoe.com

One Riverway, Suite 1400
Houston, Texas 77056
Telephone:  (713) 403-8377
Telecopy:  (713) 403-8299

**ATTORNEYS FOR DEFENDANT
CRUM & FORSTER SPECIALTY
INSURANCE COMPANY**

.

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all counsel of record in accordance with the Texas Rules of Civil Procedure on this the 30th day of November, 2016.

Mike Johnston
Mason Meyer
SULLINS, JOHNSTON, ROHRBACH & MAGERS
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027
***Counsel for Plaintiff***

Roger H. Nebel
MARON, MARVEL, BRADLEY & ANDERSON, LLC
2950 North Loop West, Suite 500
Houston, Texas 77092
***Counsel for AAA Chemicals, Inc.***
***Howard W. Apel, II and James T. Scholes***

Mary "Amy" Cazes Greene
State Bar No. 24005647
E-Mail: greenea@phelps.com
PHELPS DUNBAR, LLP
500 Dallas, Suite 1300
Houston, Texas  77002
Telephone: (713) 626-1386
Telecopy: (713) 626-1388
***Attorneys for Defendant***
***Insurance Office of America d/b/a***
***Environmental Underwriting***
***Solutions***

 /s/  *Christopher H. Avery*
Christopher H. Avery

2

Filed 12/6/2016 10:32:05 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14122554
By: Ann Vaughn
12/6/2016 10:38:18 AM

Cause No. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | OF GALVESTON COUNTY, TEXAS |
| | § | |
| AAA CHEMICALS, INC., HOWARD W. | § | |
| APEL, II AND JAMES T. SHOLES | § | |
| *Defendants.* | § | 212TH JUDICIAL DISTRICT |

### NOTICE OF SUBMISSION ON THIRD-PARTY DEFENDANT'S
### MOTION TO STRIKE THIRD-PARTY PETITION

Please take notice that Third-Party Defendant Southwest Terminals, LLC's Motion to Strike Third-Party Petition filed on November 14, 2016, has been set for submission on **December 29, 2016 at 3:00 p.m.**, in the 212th Judicial District Court of Galveston County, Texas.

Respectfully submitted,

**Lyons & Plackemeier, PLLC**

By:      /s/ *Christopher L. Johnson*
          Christopher L. Johnson
          Texas State Bar # 24069999
          chris@lyonsplack.com
          Justin M. Kornegay
          Texas State Bar # 24077668
          justin@lyonsplack.com
          W. Rhys O'Farrell
          Texas State Bar # 24102295
          rhys@lyonsplack.com
          518- 9th Avenue North
          P.O. Drawer 2789
          Texas City, TX 77592-2789
          (409) 948-3401
          (409) 945-9814 Facsimile No
**ATTORNEYS FOR THIRD-PARTY DEFENDANT SOUTHWEST TERMINALS LLC**

1

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing document was served upon the following counsel of record by certified mail, return receipt requested, facsimile, and/or electronic service on this 6th day of December, 2016:

***Via Electronic Service***
Roger H. Nebel
Maron, Marvel, Bradley & Anderson, LLC
2950 North Loop West, Suite 500
Houston, Texas 77092
***Counsel for AAA Chemicals Inc.***
***Howard W. Apel, II and James T. Scholes***

***Via Electronic Service***
Mary "Amy" Cazes Greene
Phelps Dunbar, LLP
500 Dallas, Suite 1300
Houston, TX 77002
***Counsel for Insurance Office of America***
***d/b/a Environmental Underwriting Solutions***

***Via Electronic Service***
Brian S. Martin
Rodrigo "Diego" Garcia, Jr.
Christopher H. Avery
Thompson, Coe, Cousins & Irons, L.L.P.
One Riverway, Suite 1400
Houston, TX 77056
***Counsel for Crum & Forster Specialty Insurance Company***

***Via Electronic Service***
Mike Johnston
Mason Meyer
Sullins, Johnston, Rohrbach & Magers
3200 Southwest Freeway, Suite 2200
Houston, Texas 77027
***Counsel for Plaintiff***

                */s/ Christopher L. Johnson*
                Christopher L. Johnson

Filed 12/15/2016 10:22:32 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14299357
By: Valerie Millican
12/15/2016 10:25:01 AM

No. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | : | IN THE DISTRICT COURT OF |
| | : | |
| vs. | : | |
| | : | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., | : | |
| HOWARD W. APEL, II | : | |
| AND JAMES T. SCHOLES, et al. | : | 212TH JUDICIAL DISTRICT |

### NOTICE OF INTENTION
### TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Plaintiff by and through their attorney(s) of record: **Mason C. Meyer**

To other party/parties by and through their attorney(s) of record: **Christopher H. Avery, Christopher L. Johnson and Mary Cazes Greene**

You will please take notice that twenty (20) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for:

**SEE ATTACHED LOCATION LIST 'A'**

before a Notary Public for **TEAM LEGAL**

**13100 Wortham Center Dr., Suite 140, Houston, Texas 77065**
**713-937-4242,  Fax 713-937-9995,  www.teamlegal.net**

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 200, Texas Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to: **226 Texas City Wye, La Marque, Galveston County, TX 77568**

and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.

TEAM LEGAL



The Leader in Litigation Support

_Roger H. Nebel SR_

**Roger H. Nebel**
**Maron Marvel Bradley Anderson & Tardy LLC**
**2950 North Loop West, Suite 500**
**Houston, TX 77092**
**713-659-0002    Fax 713-574-2403**
Attorney for Defendant
SBA # 90001973

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, fax, email, and/or certified mail, return receipt requested, on this day.

Dated: December 8, 2016                    by _____

Order No. **21660.002 thru 012**

## LOCATION LIST 'A'

(2) Garret Foskit, Galveston County Emergency Management Coordinator (Any & All Records)
   1353 West FM 646, Suite 201, Dickinson, TX 77539

(3) City of Texas City Office of Emergency Management (Any & All Records)
   1801 9th Avenue North, Texas City, TX 77592

(4) Texas Commission on Environmental Quality (Attn: Central File Room) (Any & All Records)
   P.O. Box 13087, Mail Code 213, Austin, TX 78711

(5) BOD Environmental (Any & All Records)
   9501 Jade Avenue, Port Arthur, TX 77640

(6) BOD Environmental (Billing)
   9501 Jade Avenue, Port Arthur, TX 77640

(7) Center for Toxicology and Environmental Health, L.L.C. (Any & All Records)
   5120 Northshore Drive, North Little Rock, AR 72118

(8) Center for Toxicology and Environmental Health, L.L.C. (Billing)
   5120 Northshore Drive, North Little Rock, AR 72118

(9) Garner Environmental Services, Inc. (Any & All Records)
   1717 West 13th Street, Deer Park, TX 77536

(10) Garner Environmental Services, Inc. (Billing)
   1717 West 13th Street, Deer Park, TX 77536

(11) LoneStar Ecology, LLC (Any & All Records)
   12901 Baypark Road, Suite A, Pasadena, TX 77507

(12) LoneStar Ecology, LLC (Billing)
   12901 Baypark Road, Suite A, Pasadena, TX 77507

Order No. 21660.002 thru 012

No. **16-CV-0699**

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | : | **IN THE DISTRICT COURT OF** |
| | : | |
| **vs.** | : | |
| | : | **GALVESTON COUNTY, TEXAS** |
| **AAA CHEMICALS, INC.,** | : | |
| **HOWARD W. APEL, II** | : | |
| **AND JAMES T. SCHOLES, et al.** | : | **212TH JUDICIAL DISTRICT** |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for:  **Garret Foskit, Galveston County Emergency Management Coordinator**
Records Pertaining To: **226 Texas City Wye, La Marque, Galveston County, TX 77568**
Type of Records:  **any and all records, including, but not limited to files, papers, reports, notes, memoranda, measurements, drawings, investigation reports, audio recordings, witness statements, color photographs and any other documents contained in the file whether generated from this office or elsewhere**

1.  Please state your full name.

    Answer: _____

2.  Please state by whom you are employed and the business address.

    Answer: _____

3.  What is the title of your position or job?

    Answer: _____

4.  Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

    Answer: _____

5.  Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

    Answer: _____

6.  Please hand to the Notary Public taking this written deposition copies of the memoranda, reports, records, or data compilations, mentioned in Question No. 4.  Have you complied?  If not, why?

    Answer: _____

7.  Are the copies which you have handed to the Notary Public taking this written deposition true and correct copies of such memoranda, reports, records, or data compilations?

    Answer: _____

Order No. **21660.002**                    **Team Legal**

8. Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

Answer: _____

9. Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record?

Answer: _____

10. Were the entries on these records made at or shortly after the time of the transaction recorded?

Answer: _____

11. Was the method of preparation of these records trustworthy?

Answer: _____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: _____

# T E A M   L E G A L

The Leader in Litigation Support

No. **16-CV-0699**

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | : | **IN THE DISTRICT COURT OF** |
| | : | |
| **vs.** | : | |
| | : | **GALVESTON COUNTY, TEXAS** |
| **AAA CHEMICALS, INC.,** | : | |
| **HOWARD W. APEL, II** | : | |
| **AND JAMES T. SCHOLES, et al.** | : | **212TH JUDICIAL DISTRICT** |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **City of Texas City Office of Emergency Management**
Records Pertaining To: **226 Texas City Wye, La Marque, Galveston County, TX 77568**
Type of Records: **any and all records, including, but not limited to files, papers, reports, notes, memoranda, measurements, drawings, investigation reports, investigator's notes and/or reports, audio recordings, witness statements, color photographs and any other documents contained in the file whether generated from this office or elsewhere**

1. Please state your full name.

   Answer: _____

2. Please state by whom you are employed and the business address.

   Answer: _____

3. What is the title of your position or job?

   Answer: _____

4. Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

   Answer: _____

5. Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

   Answer: _____

6. Please hand to the Notary Public taking this written deposition copies of the memoranda, reports, records, or data compilations, mentioned in Question No. 4. Have you complied? If not, why?

   Answer: _____

7. Are the copies which you have handed to the Notary Public taking this written deposition true and correct copies of such memoranda, reports, records, or data compilations?

   Answer: _____

8.  Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

    Answer: _____

9.  Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record?

    Answer: _____

10. Were the entries on these records made at or shortly after the time of the transaction recorded?

    Answer: _____

11. Was the method of preparation of these records trustworthy?

    Answer: _____


                                        _____
                                        WITNESS (Custodian of Records)

        Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records attached hereto are exact duplicates of the original records.

        SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


                                        _____
                                        NOTARY PUBLIC
                                        My Commission Expires: _____

                                        T E A M   L E G A L

                                        The Leader in Litigation Support

No.  16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | : | IN THE DISTRICT COURT OF |
| | : | |
| vs. | : | |
| | : | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., | : | |
| HOWARD W. APEL, II | : | |
| AND JAMES T. SCHOLES, et al. | : | 212TH JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for:  **Texas Commission on Environmental Quality (Attn: Central File Room)**
Records Pertaining To: **226 Texas City Wye, La Marque, Galveston County, TX 77568**
Type of Records:  **any and all records, including, but not limited to investigation reports, files, papers, reports, notes, memoranda, measurements, drawings, investigator's notes and/or reports, audio recordings, witness statements, color photographs and any other documents contained in the file whether generated from this office or elsewhere**

1.  Please state your full name.

    Answer: _____

2.  Please state by whom you are employed and the business address.

    Answer: _____

3.  What is the title of your position or job?

    Answer: _____

4.  Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

    Answer: _____

5.  Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

    Answer: _____

6.  Please hand to the Notary Public taking this written deposition copies of the memoranda, reports, records, or data compilations, mentioned in Question No. 4.  Have you complied?  If not, why?

    Answer: _____

7.  Are the copies which you have handed to the Notary Public taking this written deposition true and correct copies of such memoranda, reports, records, or data compilations?

    Answer: _____

Order No. **21660.004**                    **Team Legal**

8. Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

   Answer: _____

9. Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record?

   Answer: _____

10. Were the entries on these records made at or shortly after the time of the transaction recorded?

    Answer: _____

11. Was the method of preparation of these records trustworthy?

    Answer: _____


                                        _____
                                        WITNESS (Custodian of Records)

        Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first
duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the
records attached hereto are exact duplicates of the original records.

        SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


                                        _____
                                        NOTARY PUBLIC
                                        My Commission Expires: _____

                                        T E A M   L E G A L



                                        The Leader in Litigation Support

No. 16-CV-0699

| YODE INVESTMENTS LLC | : | IN THE DISTRICT COURT OF |
|---|---|---|
| | : | |
| vs. | : | |
| | : | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., | : | |
| HOWARD W. APEL, II | : | |
| AND JAMES T. SCHOLES, et al. | : | 212TH JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **BOD Environmental**
Records Pertaining To: **226 Texas City Wye, La Marque, Galveston County, TX 77568**
Type of Records: **any and all records, including, but not limited to files, papers, reports, notes, memoranda, measurements, drawings, investigation reports, audio recordings, witness statements, color photographs and any other documents contained in the file whether generated from this office or elsewhere**

1.  Please state your full name.

    Answer: _____

2.  Please state by whom you are employed and the business address.

    Answer: _____

3.  What is the title of your position or job?

    Answer: _____

4.  Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

    Answer: _____

5.  Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

    Answer: _____

6.  Please hand to the Notary Public taking this written deposition copies of the memoranda, reports, records, or data compilations, mentioned in Question No. 4. Have you complied? If not, why?

    Answer: _____

7.  Are the copies which you have handed to the Notary Public taking this written deposition true and correct copies of such memoranda, reports, records, or data compilations?

    Answer: _____

Order No. **21660.005**                          **Team Legal**

8.  Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

Answer: _____

9.  Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record?

Answer: _____

10.  Were the entries on these records made at or shortly after the time of the transaction recorded?

Answer: _____

11.  Was the method of preparation of these records trustworthy?

Answer: _____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: _____

## TEAM LEGAL



The Leader in Litigation Support

No.  16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | : | IN THE DISTRICT COURT OF |
| | : | |
| vs. | : | |
| | : | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., | : | |
| HOWARD W. APEL, II | : | |
| AND JAMES T. SCHOLES, et al. | : | 212TH JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for:  **BOD Environmental**
Records Pertaining To: **226 Texas City Wye, La Marque, Galveston County, TX 77568**
Type of Records:  **any and all billing records**

1.  Please state your full name.

    Answer: _____

2.  Please state by whom you are employed and the business address.

    Answer: _____

3.  What is the title of your position or job?

    Answer: _____

4.  Are these memorandum, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

    Answer: _____

5.  Are you able to identify these billing records as the originals or true copies of the originals?

    Answer: _____

6.  Please hand to the Notary Public taking this written deposition copies of the billing records mentioned in Question No. 4. Have you done so?  If not, why?

    Answer: _____

Order No. **21660.006**                              **Team Legal**

7. Are the copies which you handed to the Notary Public taking this written deposition true and correct copies of all such billing records?

Answer: _____

8. Were such billing records kept in the regular course of business of this facility?

Answer: _____

9. Please state whether or not it was the regular course of business of the above mentioned facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record.

Answer: _____

10. Were the entries on these memoranda, reports, records, or data compilations, made at or shortly after the time of the transaction recorded on these entries?

Answer: _____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: _____

## TEAM LEGAL



The Leader in Litigation Support

No. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | : | IN THE DISTRICT COURT OF |
| | : | |
| vs. | : | |
| | : | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., | : | |
| HOWARD W. APEL, II | : | |
| AND JAMES T. SCHOLES, et al. | : | 212TH JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **Center for Toxicology and Environmental Health, L.L.C.**
Records Pertaining To: **226 Texas City Wye, La Marque, Galveston County, TX 77568**
Type of Records: **any and all records, including, but not limited to files, papers, reports, notes, memoranda, measurements, drawings, investigation reports, audio recordings, witness statements, color photographs and any other documents contained in the file whether generated from this office or elsewhere**

1. Please state your full name.

   Answer: _____

2. Please state by whom you are employed and the business address.

   Answer: _____

3. What is the title of your position or job?

   Answer: _____

4. Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

   Answer: _____

5. Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

   Answer: _____

6. Please hand to the Notary Public taking this written deposition copies of the memoranda, reports, records, or data compilations, mentioned in Question No. 4. Have you complied?  If not, why?

   Answer: _____

7. Are the copies which you have handed to the Notary Public taking this written deposition true and correct copies of such memoranda, reports, records, or data compilations?

   Answer: _____

8.  Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

    Answer: _____

9.  Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record?

    Answer: _____

10. Were the entries on these records made at or shortly after the time of the transaction recorded?

    Answer: _____

11. Was the method of preparation of these records trustworthy?

    Answer: _____



                                    _____
                                    WITNESS (Custodian of Records)

        Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first
duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the
records attached hereto are exact duplicates of the original records.

        SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.



                                    _____
                                    NOTARY PUBLIC
                                    My Commission Expires: _____

                            T E A M   L E G A L



                            The Leader in Litigation Support

No. **16-CV-0699**

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | : | **IN THE DISTRICT COURT OF** |
| | : | |
| **vs.** | : | |
| | : | **GALVESTON COUNTY, TEXAS** |
| **AAA CHEMICALS, INC.,** | : | |
| **HOWARD W. APEL, II** | : | |
| **AND JAMES T. SCHOLES, et al.** | : | **212TH JUDICIAL DISTRICT** |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **Center for Toxicology and Environmental Health, L.L.C.**
Records Pertaining To: **226 Texas City Wye, La Marque, Galveston County, TX 77568**
Type of Records: **any and all billing records**

1.  Please state your full name.

    Answer: _____

2.  Please state by whom you are employed and the business address.

    Answer: _____

3.  What is the title of your position or job?

    Answer: _____

4.  Are these memorandum, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

    Answer: _____

5.  Are you able to identify these billing records as the originals or true copies of the originals?

    Answer: _____

6.  Please hand to the Notary Public taking this written deposition copies of the billing records mentioned in Question No. 4. Have you done so?  If not, why?

    Answer: _____

7. Are the copies which you handed to the Notary Public taking this written deposition true and correct copies of all such billing records?

Answer: _____

8. Were such billing records kept in the regular course of business of this facility?

Answer: _____

9. Please state whether or not it was the regular course of business of the above mentioned facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record.

Answer: _____

10. Were the entries on these memoranda, reports, records, or data compilations, made at or shortly after the time of the transaction recorded on these entries?

Answer: _____


_____

WITNESS (Custodian of Records)

        Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first
duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the
records attached hereto are exact duplicates of the original records.

        SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____

NOTARY PUBLIC
My Commission Expires: _____

TEAM LEGAL



The Leader in Litigation Support

No.  **16-CV-0699**

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | : | **IN THE DISTRICT COURT OF** |
| | : | |
| **vs.** | : | |
| | : | **GALVESTON COUNTY, TEXAS** |
| **AAA CHEMICALS, INC.,** | : | |
| **HOWARD W. APEL, II** | : | |
| **AND JAMES T. SCHOLES, et al.** | : | **212TH JUDICIAL DISTRICT** |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for:  **Garner Environmental Services, Inc.**
Records Pertaining To: **226 Texas City Wye, La Marque, Galveston County, TX 77568**
Type of Records:  **any and all records, including, but not limited to files, papers, reports, notes, memoranda, measurements, drawings, investigation reports, audio recordings, witness statements, color photographs and any other documents contained in the file whether generated from this office or elsewhere**

1.  Please state your full name.

    Answer: _____

2.  Please state by whom you are employed and the business address.

    Answer: _____

3.  What is the title of your position or job?

    Answer: _____

4.  Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

    Answer: _____

5.  Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

    Answer: _____

6.  Please hand to the Notary Public taking this written deposition copies of the memoranda, reports, records, or data compilations, mentioned in Question No. 4.  Have you complied?  If not, why?

    Answer: _____

7.  Are the copies which you have handed to the Notary Public taking this written deposition true and correct copies of such memoranda, reports, records, or data compilations?

    Answer: _____

Order No. **21660.009**                         **Team Legal**

8.  Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

Answer: _____

9.  Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record?

Answer: _____

10. Were the entries on these records made at or shortly after the time of the transaction recorded?

Answer: _____

11. Was the method of preparation of these records trustworthy?

Answer: _____


_____

WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first
duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the
records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____

NOTARY PUBLIC
My Commission Expires: _____

# T E A M   L E G A L

The Leader in Litigation Support

No. **16-CV-0699**

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | : | IN THE DISTRICT COURT OF |
| | : | |
| vs. | : | |
| | : | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., | : | |
| HOWARD W. APEL, II | : | |
| AND JAMES T. SCHOLES, et al. | : | 212TH JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for:  **Garner Environmental Services, Inc.**
Records Pertaining To: **226 Texas City Wye, La Marque, Galveston County, TX 77568**
Type of Records:  **any and all billing records**


1.  Please state your full name.

    Answer: _____

2.  Please state by whom you are employed and the business address.

    Answer: _____

3.  What is the title of your position or job?

    Answer: _____

4.  Are these memorandum, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

    Answer: _____

5.  Are you able to identify these billing records as the originals or true copies of the originals?

    Answer: _____

6.  Please hand to the Notary Public taking this written deposition copies of the billing records mentioned in Question No. 4. Have you done so?  If not, why?

    Answer: _____

7.  Are the copies which you handed to the Notary Public taking this written deposition true and correct copies of all such billing records?

Answer: _____

8.  Were such billing records kept in the regular course of business of this facility?

Answer: _____

9.  Please state whether or not it was the regular course of business of the above mentioned facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record.

Answer: _____

10. Were the entries on these memoranda, reports, records, or data compilations, made at or shortly after the time of the transaction recorded on these entries?

Answer: _____


_____
WITNESS (Custodian of Records)

     Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first
duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the
records attached hereto are exact duplicates of the original records.

     SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: _____

TEAM LEGAL

The Leader in Litigation Support

No. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | : | IN THE DISTRICT COURT OF |
| | : | |
| vs. | : | |
| | : | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., | : | |
| HOWARD W. APEL, II | : | |
| AND JAMES T. SCHOLES, et al. | : | 212TH JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for:  LoneStar Ecology, LLC
Records Pertaining To: **226 Texas City Wye, La Marque, Galveston County, TX 77568**
Type of Records:  **any and all records, including, but not limited to files, papers, reports, notes, memoranda, measurements, drawings, investigation reports, audio recordings, witness statements, color photographs and any other documents contained in the file whether generated from this office or elsewhere**

1.  Please state your full name.

    Answer: _____

2.  Please state by whom you are employed and the business address.

    Answer: _____

3.  What is the title of your position or job?

    Answer: _____

4.  Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

    Answer: _____

5.  Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

    Answer: _____

6.  Please hand to the Notary Public taking this written deposition copies of the memoranda, reports, records, or data compilations, mentioned in Question No. 4.  Have you complied?  If not, why?

    Answer: _____

7.  Are the copies which you have handed to the Notary Public taking this written deposition true and correct copies of such memoranda, reports, records, or data compilations?

    Answer: _____

8.  Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

    Answer: _____

9.  Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record?

    Answer: _____

10. Were the entries on these records made at or shortly after the time of the transaction recorded?

    Answer: _____

11. Was the method of preparation of these records trustworthy?

    Answer: _____


_____
WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____, known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct. I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


_____
NOTARY PUBLIC
My Commission Expires: _____

T E A M   L E G A L



The Leader in Litigation Support

No.  **16-CV-0699**

| YODE INVESTMENTS LLC | : | IN THE DISTRICT COURT OF |
| | : | |
| **vs.** | : | |
| | : | **GALVESTON COUNTY, TEXAS** |
| **AAA CHEMICALS, INC.,** | : | |
| **HOWARD W. APEL, II** | : | |
| **AND JAMES T. SCHOLES, et al.** | : | **212TH JUDICIAL DISTRICT** |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for:  **LoneStar Ecology, LLC**
Records Pertaining To: **226 Texas City Wye, La Marque, Galveston County, TX 77568**
Type of Records:  **any and all billing records**

1.   Please state your full name.

   Answer: _____

2.   Please state by whom you are employed and the business address.

   Answer: _____

3.   What is the title of your position or job?

   Answer: _____

4.   Are these memorandum, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

   Answer: _____

5.   Are you able to identify these billing records as the originals or true copies of the originals?

   Answer: _____

6.   Please hand to the Notary Public taking this written deposition copies of the billing records mentioned in Question No. 4. Have you done so?  If not, why?

   Answer: _____

7.  Are the copies which you handed to the Notary Public taking this written deposition true and correct copies of all such billing records?

Answer: _____

8.  Were such billing records kept in the regular course of business of this facility?

Answer: _____

9.  Please state whether or not it was the regular course of business of the above mentioned facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record.

Answer: _____

10. Were the entries on these memoranda, reports, records, or data compilations, made at or shortly after the time of the transaction recorded on these entries?

Answer: _____

_____

WITNESS (Custodian of Records)

Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the records attached hereto are exact duplicates of the original records.

SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.

_____

NOTARY PUBLIC
My Commission Expires: _____

T E A M   L E G A L



The Leader in Litigation Support

Order No. **21660.012**                    **Team Legal**

Filed: 12/15/2016 10:47:53 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14300495
By: Shailja Dixit
12/15/2016 10:50:07 AM

No. **16-CV-0699**

| YODE INVESTMENTS LLC | : | IN THE DISTRICT COURT OF |
| | : | |
| vs. | : | |
| | : | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., | : | |
| HOWARD W. APEL, II | : | |
| AND JAMES T. SCHOLES, et al. | : | 212TH JUDICIAL DISTRICT |

### NOTICE OF INTENTION
### TO TAKE DEPOSITION BY WRITTEN QUESTIONS

To Plaintiff by and through their attorney(s) of record: **Mason C. Meyer**
To other party/parties by and through their attorney(s) of record: **Christopher H. Avery, Christopher L. Johnson and Mary Cazes Greene**

You will please take notice that twenty (20) days from the service of a copy hereof with attached questions, a deposition by written questions will be taken of Custodian of Records for:

(1)   **Theresa Kitchens, Kitchens Financial Services LLC (Any & All Records)**
       **6511 Stewart Road, Suite 5, Galveston, TX 77551**

before a Notary Public for   **TEAM LEGAL**
                **13100 Wortham Center Dr., Suite 140, Houston, Texas 77065**
                **713-937-4242,  Fax 713-937-9995,  www.teamlegal.net**

or its designated agent, which deposition with attached questions may be used in evidence upon the trial of the above-styled and numbered cause pending in the above named court. Notice is further given that request is hereby made as authorized under Rule 200, Texas Rules of Civil Procedure, to the officer taking this deposition to issue a subpoena duces tecum and cause it to be served on the witness to produce any and all records as described on the attached questions and/or Exhibit(s) and any other such record in the possession, custody or control of the said witness, and every such record to which the witness may have access, pertaining to:  **the Incident on or about April 24, 2015 at 226 Texas City Wye, La Marque, Galveston County, TX 77568** and to turn all such records over to the officer authorized to take this deposition so that photographic reproductions of the same may be made and attached to said deposition.



**T E A M   L E G A L**

The Leader in Litigation Support

*Roger H. Nebel*
**Roger H. Nebel**
**Maron Marvel Bradley Anderson & Tardy LLC**
**2950 North Loop West, Suite 500**
**Houston, TX 77092**
**713-659-0002   Fax 713-574-2403**
Attorney for Defendant
SBA # 90001973

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all Counsel of Record by hand delivery, mail, commercial delivery service, fax, email, and/or certified mail, return receipt requested, on this day.

Dated: December 8, 2016                     by

Order No. **21660**

No. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | : | IN THE DISTRICT COURT OF |
| | : | |
| vs. | : | |
| | : | GALVESTON COUNTY, TEXAS |
| AAA CHEMICALS, INC., | : | |
| HOWARD W. APEL, II | : | |
| AND JAMES T. SCHOLES, et al. | : | 212TH JUDICIAL DISTRICT |

## DIRECT QUESTIONS TO BE PROPOUNDED TO THE WITNESS

Custodian of Records for: **Theresa Kitchens, Kitchens Financial Services LLC**

Records Pertaining To: **the Incident on or about April 24, 2015 at 226 Texas City Wye, La Marque, Galveston County, TX 77568**

Type of Records: **any and all records, including, but not limited to all bookkeeping and accounting records for all costs and expenses incurred by Yode Investments, LLC, and any other documents whether generated from this office or elsewhere**

1. Please state your full name.

   Answer: _____

2. Please state by whom you are employed and the business address.

   Answer: _____

3. What is the title of your position or job?

   Answer: _____

4. Are these memoranda, reports, records, or data compilations, outlined in the subpoena duces tecum, pertaining to the above-named person, in your custody or subject to your control, supervision or direction?

   Answer: _____

5. Are you able to identify these aforementioned records as the originals or true and correct copies of the originals?

   Answer: _____

6. Please hand to the Notary Public taking this written deposition copies of the memoranda, reports, records, or data compilations, mentioned in Question No. 4. Have you complied? If not, why?

   Answer: _____

7. Are the copies which you have handed to the Notary Public taking this written deposition true and correct copies of such memoranda, reports, records, or data compilations?

   Answer: _____

8.  Were such memoranda, reports, records, or data compilations kept in the regular course of business of this facility?

    Answer: _____

9.  Was it in the regular course of business of this facility for a person with knowledge of the acts, events, conditions, opinion, or diagnoses, recorded to make the record or to transmit information thereof to be included in such record?

    Answer: _____

10. Were the entries on these records made at or shortly after the time of the transaction recorded?

    Answer: _____

11. Was the method of preparation of these records trustworthy?

    Answer: _____


                                    _____
                                    WITNESS (Custodian of Records)

        Before me, the undersigned authority, on this day personally appeared _____,
known to me to be the person whose name is subscribed to the foregoing instrument in the capacity therein stated, who being first
duly sworn, stated upon his/her oath that the answers to the foregoing questions are true and correct.  I further certify that the
records attached hereto are exact duplicates of the original records.

        SWORN TO AND SUBSCRIBED before me this _____ day of _____, 20_____.


                                    _____
                                    NOTARY PUBLIC
                                    My Commission Expires: _____

                                    T E A M   L E G A L



                                    The Leader in Litigation Support

Filed 12/21/2016 12:38:46 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14403063
By: Shailja Dixit
12/21/2016 12:41:08 PM

NO. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| AAA CHEMICALS, INC., | § | |
| HOWARD W. APEL, | § | |
| JAMES T. SCHOLES, ET AL. | § | 212TH JUDICIAL DISTRICT |

## PLAINTIFF'S RESPONSE TO
## DEFENDANTS' MOTION TO SEVER

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, YODE Investments, LLC files this Response in opposition to Defendants, Crum & Forster Specialty Insurance Company (Crum & Forster) and Insurance Office of America d/b/a Environmental Underwriting Solutions (EUS), and together referred to as the "Insurance Defendants," Joint Motion to Sever and would respectfully show unto the Court the following:

### I.    BACKGROUND

The Plaintiff, YODE Investments, Inc. owns a piece of commercial property located at 226 Texas City Wye in La Marque, situated in Galveston County, Texas.  This case arises out of the Defendants' failure to clean up and/or provide insurance coverage to clean up stored chemicals and hazardous wastes left behind by Plaintiff's lessee, AAA Chemicals, Inc. and its owners, Howard W. Apel and James T. Scholes, (the "AAA Defendants").

Defendants, Crum & Forster and EUS provided insurance coverage for third party pollution and on-site clean up coverage for the property in addition to their underlying general liability coverage for the AAA Defendants.

YODE Investments, Inc. is an additional insured under the policy as required in the lease agreement with the AAA Defendants, and as such, has an independent contractual right to pursue

claims directly against the Insurance Defendants under the third party pollution and on-site cleanup coverage for property damage under the policy.   The fact that the Insurance Defendants also provide general liability coverage and have a duty to defend and indemnify the AAA Defendants is incidental to the underlying claims.

## II.   ANALYSIS

The claims against all Defendants arise out of the same set of operative facts involving the same witnesses and same damages.   The trial court has broad discretion in deciding whether to sever. *Guaranty Federal Savings Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex. 1990) (op. on reh'g).  Rule 41, Texas Rules of Civil Procedure provides that when actions have been improperly joined, they may be severed and docketed as a separate suit.  In this case, the Insurance Defendants have not been improperly joined.  Plaintiff has an independent and direct claim against each Defendant which arises out of the same set of operative facts, involving the same evidence and witnesses to the underlying loss.

Claims are properly severable if "(1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. When considering whether a cause of action should be severed, the Court's discretion is guided by the following controlling reasons: to do justice, avoid prejudice, and further the convenience of the Parties and the Court. *In re State,* 355 S.W.3d 166, 613 (Tex. 2011); *F.F.P. Operating Partners,* 237 S.W.3d at 680, 693 (Tex. 2007); *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d at 658; *Owens v. Owens,* 228 S.W.3d 721, 726 (Tex. App. – Houston [14th Dist.] 2006, pet. Dism'd).  The Insurance Defendants' motion fails on the third ground.  The Court should deny a severance in this case because the claim is so interwoven with the remaining

action that severance would work to do injustice and further inconvenience the Parties and this Court. The underlying claim involves the same facts and issues, same witnesses, same evidence, same loss, and same damages, and are so interwoven as to necessitate joinder of all Parties. In the interest of judicial time and economy and the convenience of the parties, all claims and causes of action should be heard in one trial. Further, the presence of the Insurance Defendants in the lawsuit would not serve to confuse the jury. Separate questions with instructions from the Court can be submitted to the jury concerning the breach of the lease agreement and a breach of the insurance agreement for coverage under the third party pollution and on-site cleanup coverage portion of the policy.

The Defendants' cite *In Re Essex Ins. Co., et al.,* No. 01-16-00552-CV (Tex. App. – Houston [1st Dist.] Nov. 7, 2016) as an example of courts severing claims against insurers in the UM/UIM context because evidence of liability insurance would prejudice the trial of the actual tort issue. However, these Insurance Defendants are not providing UM/UIM coverage in this case. Plaintiff has a direct cause of action against these Defendants for coverage under the third party pollution and on-site cleanup property damage portion of the policy. Any prejudicial effect that they also provide general liability coverage to the AAA Defendants can be reasonably ameliorated by appropriate motions in limine and limiting instructions to the jury. *Liberty National Fire Ins. Co. v. Akin*, 927 S.W.2d 627 (Tex. 1996).

The facts, witnesses and evidence for Plaintiff's claims against all Defendants are so interwoven and admissible for all claims that separate trials would work an extreme delay and injustice to the Parties and the Court. With the proper limiting instructions from the Court, any prejudicial effect upon the Insurance Defendants concerning liability coverage for the AAA

Defendants does not outweigh the convenience to the parties and the judicial economy to be gained by a single trial. *In Re. Strauss & Co.,* 959 SW.2d 700 (Tex. App. – El Paso 1998, reh. overruled).

The Parties are required to mediate this case on or before April 11, 2017 pursuant to the Discovery and Docket Control Order entered on September 1, 2016. The presence of the Insurance Defendants will be necessary and required in order to facilitate a proper effort to settle all claims and causes of action. For all of the foregoing reasons, the Insurance Defendants' Motion to Sever should be denied.

## III.   CONCLUSION

As the claims against all Defendants arise out of the same set of operative facts involving the same witnesses and same evidence and are so interwoven, severance should be denied. For the convenience of the Parties and the Court, and in the interests of judicial time, justice and economy, Plaintiff prays that the Insurance Defendants Joint Motion to Sever be DENIED.

Respectfully submitted,

SULLINS JOHNSTON ROHRBACH & MAGERS

By: _*Mason Meyer*_____
  MASON MEYER, TBA 13993825
  mmeyer@sjrm.com
  2200 Phoenix Tower
  3200 Southwest Freeway
  Houston, TX 77027
  Tel. 713-521-0221
  Fax. 713-521-3242

ATTORNEYS FOR PLAINTIFF,
YODE INVESTMENTS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above Response to Motion to Sever has been served upon all Defendants by and through their attorney of record by electronic mail, certified mail, return receipt request, first class mail or by hand delivery on December _21_, 2016.

_Mason Meyer_
MASON MEYER

Filed 12/21/2016 12:38:46 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14403063
By: Shailja Dixit
12/21/2016 12:41:08 PM

NO. 16-CV-0699

| | | |
|---|---|---|
| YODE INVESTMENTS LLC | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| AAA CHEMICALS, INC., | § | |
| HOWARD W. APEL, | § | |
| JAMES T. SCHOLES, ET AL. | § | 212TH JUDICIAL DISTRICT |

## ORDER DENYING DEFENDANTS' MOTION FOR SEVERANCE

ON THIS the _____ day of _____, 2016, came on to be heard Defendants Crum and Forster  Specialty Insurance Company and Office of America d/b/a Environmental Underwriting Solutions Joint Motion for Severance, and after reviewing the pleadings and evidence on file herein, the Court finds that no undue prejudice shall result to the Defendants by a trial of all claims and all parties presented herein, and that the claims of Plaintiff are so interwoven with the remaining actions as to involve the same facts and issues.  It is therefore,

ORDERED, ADJUDGED, AND DECREED that Plaintiff's claims against Defendants shall be tried in a singular trial, and shall not be severed in any way.

SIGNED this _____ day of _____, 2016.

_____
JUDGE PRESIDING

APPROVED:
SULLINS, JOHNSTON, ROHRBACH & MAGERS

By: _____
MASON MEYER, TBA #13993825
mmeyer@sjrm.com
2200 Phoenix Tower
3200 Southwest Freeway
Houston, TX  77027
Tel. 713-521-0221,    Fax. 713-521-3242

ATTORNEYS FOR PLAITIFF,
YODE INVESTMENTS, INC.

Filed: 12/22/2016 4:25:23 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14433661
By: Shailja Dixit
12/22/2016 4:27:33 PM

## CAUSE NO. 16-CV-0699

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **AAA CHEMICALS, INC., HOWARD W.** | § | |
| **APEL, II AND JAMES T. SCHOLES** | § | |
| *Defendants.* | § | **212TH JUDICIAL DISTRICT** |

## THIRD PARTY PLAINTIFFS' RESPONSE TO THIRD PARTY DEFENDANT'S MOTION TO STRIKE THIRD PARTY PETITION OR, IN THE ALTERNATIVE, MOTION FOR EXTENSION OF TIME

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Third Party Plaintiffs AAA CHEMICALS, INC., HOWARD W. APEL, II AND JAMES T. SCHOLES (collectively "Defendants" or "Third Party Plaintiffs") and file their Response to Southwest Terminals LLC's ("Southwest Terminal" or "Third Party Defendant") Motion to Strike the Third Party Petition or, in the Alternative, Motion for Extension of Time, and would respectfully show the Court that:

(a) The Court's Discovery and Docket Control Order extended and set the deadline for new parties to be joined to October 11, 2016, in accordance with Texas Rule of Civil Procedure 37, which states that a court may prescribe the terms on which an additional party may be brought in by a defendant (or by a plaintiff).

(b) Plaintiff agreed to that deadline at the same hearing at which Defendants notified Plaintiff that it intended to join Southwest Terminals as a Third Party Defendant, an intent it confirmed prior to filing its Third Party Petition;

(c) Third Party Plaintiffs joined and served Third Party Defendant before the deadline;

(d) Additionally or in the alternative, the Third Party Plaintiff ask for leave of the court for filing its Third Party petition by the Court set deadline, as it was in accordance with the Court's deadlines indicated intent to avoid delay in trial, which also accords with the goals of TRCP 37 and case law regarding joining third parties; and,

(e) Third Party Defendant is a proper party to the action, and that judicial economy is served by combining any contribution claim in the instant action rather than requiring multiple lawsuits trials involving the same claims and facts.

## I. FACTS

This suit involves breach of contract claims over allegations regarding the release of chemicals from Plaintiff's property and alleged contamination of the property of chemicals. Although Third Party Plaintiffs had in the past occupied the premises at issue, Third Party Defendant occupied the property and ran a chemical distribution business from there at the time of the alleged incident and for some time prior to it.

The Court's Discovery and Docket Control Order sets an October 11, 2016 deadline to join and serve new parties and requiring leave of Court to add new parties only after this date. *See* Discovery and Docket Control Order, p. 1, attached as Exhibit A.

Counsel for Plaintiff signed the proposed order containing the deadline for joinder without further court approval. *Id.* Additionally, counsel for the Plaintiff and Defendants conferred at the hearing about the joinder of Southwest Terminals. Also, Counsel for Defendants confirmed to Plaintiff's counsel that Southwest Terminals would be joined as Third Party Defendant on or about September 28, 2016, in advance of the filing of the Third Party Petition. Plaintiff has not objected to the petition since its filing in September. *See* TEX. R. CIV. P. 38.

Accordingly, Third Party Plaintiffs filed the petition joining Third Party Defendant on September 30, 2016. *See* Third Party Petition, attached as Exhibit B. They served Southwest Terminals with the Third Party Petition, as well as the DCO containing the deadlines, on October 4, 2016, a week prior to the deadline to do so. *See* Request for Issuance of Service, filed with the Clerk, attached as Exhibit C; *see also* Executed Return of Service, attached as Exhibit D.

Following an extension agreed to by Third Party Plaintiffs, Third Party Defendant answered on November 14, 2106, at which time it also filed its Motion to Strike. *See* Motion to Strike, filed with the Court; *see also* Third Party Defendant's Original Answer. The sole basis for the Motion to Strike is that Third Party Plaintiff did not conform with Texas Rule of Civil

Procedure's requirements to obtain leave of court to join it and to give notice to Plaintiff of its intent to do so. *Id.*

As stated above, Third Party Plaintiffs gave prior notice to Plaintiff of their intent to join Southwest Terminals as a third party defendant in advance of the deadline agreed to by Plaintiff. That deadline was set in the Court's order, which went on to state that it was only after said deadline that the Court's approval was required for joinder.  *See* Exhibit A, p. 1.  This it consistent with to Rule 37's grant of authority to the Court to prescribe the rules regarding defendants' joinder of third parties.  *See* TEX. R. CIV. P. 37.

Additionally, or in the alternative, Third Party Plaintiff requests leave of Court for to extend the time for filing its third Party Petition to the Court's deadlines joinder and service, having done so in compliance with the Court's deadline for same to avoid delaying trial in this matter.

The court has broad discretion in managing its docket, including specifically the joinder of parties, and that discretion is not to be questioned in the absence of a showing of prejudice in the form of an unreasonable delay in trial as a direct result of the manner or timing of such joinder.  *See*, e.g., TEX. R. CIV. P. 37*; see also In re Arthur Anderson LLP*, 121 S.W.3d 471, 483 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding).

In light of the Court's order extending the deadline for joinder without prior Court approval on agreement from the parties, the contemporaneous notice to Plaintiff of the intended joinder, the joinder and service of the Third Party Defendant within the deadline and the lack of prejudice due to that timing, Third Party Defendant respectfully requests that the Court deny Third Party Defendant's motion or, in the alternative, grant it leave for having done so in compliance with the Court's deadline to do so to avoid delaying trial in this matter.

## II.  ARGUMENT AND AUTHORITIES

### A.  The Court has the Authority and the Duty to Manage its Docket, Including Joinder

The Court has not only the inherent authority and discretion to manage its docket, it has a duty to do so expeditiously. *Clanton v. Clark*, 639 S.W.2d 929, 930 (Tex. 1982) (holding that trial courts have broad discretion to manage their dockets).

This authority specifically includes issues surrounding the joinder of third parties. *See In re Arthur Anderson LLP*, 121 S.W.3d 471, 483 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding); *In re Martin, 147 S.W.3d 453, 457 (Tex.App.-Beaumont 2004, orig. proceeding).*

Joinder rests on the concept of judicial efficiency and the policy of providing full and adequate relief to the parties. *In re Arthur Anderson LLP*, 121 S.W.3d at 483 (internal citations omitted).  A court's decision on joinder should be based on practical considerations with a view to what is fair and orderly in light of the history of the case.  *Id.*; TEX. R. CIV. P. 37.

### B.  Texas Rule of Civil Procedure Authorizes the Court to Prescribe the Terms of Joinder

Texas Rule of Civil Procedure 38 requires leave of court with notice to the parties for defendants' joinder of third parties more than 30 days after defendants answer.  TEX. R. CIV. P. 38(a).  However, Rule 37 authorizes courts to prescribe the terms by which defendants may join third parties.  TEX. R. CIV. P. 37.  Third Party Plaintiffs respectfully submit that the Court did so in this case, and that they complied with the Court's order so as to make Third Party Defendant's joinder fair and orderly.  *See*, e.g., Jones v. Cortes, 2011 Tex. App. LEXIS 7385 (Tex. App. Fort Worth Sept. 8, 2011) (mem. op.) (denying joinder for not being as done as prescribed by the Court because it came after deadline to join parties in a DCO agreed to be counsel for the parties).

This is consistent with Rule 37 granting the Court the authority to prescribe the terms by which a defendant may join third party defendants. *See* TEX. R. CIV. P. 37.

**C.  Texas Rule of Civil Procedure Authorizes the Parties to Agree Extend the Deadline**

The Rules of Civil Procedure allow plaintiff and defendant to agree to extend deadlines set out in the rules, including doing so as an alternative to obtaining court approval otherwise required by the rules. *See, e.g., Fraud-Tech, Inc. v. Choicepoint, Inc.,* 102 S.W.3d 366, 387 (Tex.App.-Fort Worth 2003, pet. denied) (permitting parties to extend by agreement the deadline to file a response to a summary judgment that under Rule 166a(c) would otherwise requires leave of court to change); *DB v. KB*, 176 SW3d 343, 347 (Tex. App.-Houston [1st Dist.] 2004, pet. denied) (holding that parties' agreement superseded the requirement that parties "shall" file summary judgments 21days prior to their being set for hearing and did not require court approval to do so); *EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 91 (Tex.1996) (extending by agreement deadlines for filing a response to a motion to compel arbitration).

Plaintiff through counsel signed its agreement to the proposed docket control order continuing a deadline for joining additional parties without further court approval.  *See* Exhibit A, p. 3.  Plaintiff has not objected to the petition since its filing in September, and it is Plaintiff, not Third Party Defendant, to whom Rule 38 requires notice.  *See* TEX. R. CIV. P. 38.

Prior to the Court-ordered status conference, counsel for Defendants sent Plaintiff's counsel a proposed DCO that included a deadline to join third parties, only after which the Court's approval would be required.  *See* Correspondence between counsel for Plaintiff and Defendants, attached as Exhibit E.  Both counsel likewise signed the proposed order when it was submitted to the Court, and which the Court so ordered.  *See* Exhibit A, p. 3.  This written request to the Court for an order extending the joinder deadline, jointly agreed to in writing by the parties' counsel, complies with Rule 38, in that Defendants gave notice to the Plaintiff that they were moving the court for an order to extend the deadline to join third parties without further court approval.  Also, Plaintiff agreed to the order.  *See* Exhibit A, p. 3.

The order prescribes the terms by which parties may be added without approval, when approval is required, and that trial delays militate against approval, all in accordance with Rule 37. *Id.*; *see also* TEX. R. CIV. P. 37. Further, counsel for the parties discussed the joinder of Southwest Terminals the day of the hearing and again prior to the filing of the Third Party Petition.

All of this comports with the requirements in Rule 38 for moving the court to extend the deadline with notice to plaintiff of the request. *See* TEX. R. CIV. P. 38.

**D.  Third Party Plaintiffs joined and served Third Party Defendant by the Court's deadline**

As indicated above, Third Party Plaintiffs complied with the Court's order. They filed the Third Party Petition joining Third Party Defendant on September 30, 2016. *See* Request for Issuance of Service, filed with the Clerk, attached as Exhibit C, and served it with the Third Party Petition as well as the DCO containing the deadlines on October 4, 2016, a week prior to the deadline to do so. *See* Request for Issuance of Service, filed with the Clerk, attached as Exhibit C; *see also* Executed Return of Service, attached as Exhibit D.

**E.     Motion for Extension of Time**

**A**lternatively, subject and without waiver of the foregoing, the Third Party Plaintiffs respectfully moves the Court to grant it an extension of the deadline for filing its Third Party Petition to the October 11, 2016 deadline in the Court's Discovery and Docket Control Order, and grant Third Party Plaintiffs leave for having so filed it in compliance with that deadline, in accordance TRCP 37.

As noted above, Rule 37 recognizes the Court's authority to prescribe the rules regarding the joinder of third parties. Third Party Plaintiffs respectfully submit that Third Party Defendant's joinder comports with the "fair and orderly" standard for that Rule in the circumstances outlined above and incorporated by reference here, i.e., the Court's signing an

order setting a deadline to join third parties; the parties agreeing to that deadline; Defendants' giving prior notice to Plaintiff of that they were adding Southwest Terminals as a third party; their doing so within the deadline; and, Plaintiff's not objecting to the joinder. *See* TEX. R. CIV. P. 37; *see also In re Arthur Anderson LLP*, 121 S.W.3d at 483; *In re State Line Fireworks, Inc.*, 387 S.W.3d at 32 (indicating joinder requests should be liberally granted).

**F. Maintaining Third Party Defendant as a party supports judicial economy**

Third Party Plaintiffs have impled Third Party Defendant asserting claims for contribution as occupiers of the property before and on the date of the incident about which Plaintiff complains. *See* Exhibit B, p. 3*; see also, e.g.,* Plaintiff's First Amended Petition, filed with the Court. Such claims are not independent causes of action and are instead derivative of the Plaintiff's potential claim against the Third Party Defendant. *Goose Creek Consol. I.S.D. v. Jarrar's Plumbing, Inc.*, 74 S.W.3d 486, 496 (Tex.App.-Texarkana 2002, pet. denied). As such, limitations does not even  begin to accrue as to these claims until either plaintiff recovers damages or the parties settle. *Id.; J.M.K. 6, Inc. v. Gregg & Gregg, PC*, 192 S.W. 3rd 189, 200 (Tex. App. – Houston [14th Dist.] 2006, no pet.).

The policy of the Texas courts is to avoid a "multiplicity of lawsuits" and to promote judicial economy. *Wyatt v. Shaw Plumbing Co*., 760 S.W.2d 245, 247-248 (Tex. 1988) (discussing compulsory counterclaims). Not requiring third-party plaintiffs to prosecute their claim in a separate trial involving substantially the same facts, parties, and witnesses promotes judicial economy and fairness. *Mammel v. Hoag*, 2011 U.S. Dist. LEXIS 93076 (N.D. Tex. Aug. 18, 2011) (asserting supplemental jurisdiction and citing *Brookshire Brothers Holding, Inc. v. Dayco Products*, Inc., 554 F.3d 595, 603 (5th Cir.), cert. denied, ___ U.S. ___, 129 S. Ct. 2865 (2009).

### III.   PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Third Party Plaintiffs respectfully request that, for the foregoing reasons, the Motion to Strike the Third Party Petition herein be in all respects denied; and for such other and further relief, at law or in equity, to which Third Party Plaintiffs might show themselves justly entitled.

Respectfully submitted,

**MARON MARVEL BRADLEY
ANDERSON & TARDY LLC**

By:_____*/s/ Roger H. Nebel*_____
Roger H. Nebel
State Bar No. 90001973
2950 North Loop West, Suite 500
Houston, Texas 77092
Telephone: (713) 659-0002
Facsimile: (713) 574-2403
Email: HoustonEservice@maronmarvel.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon all counsel of record pursuant to the Texas Rules of Civil Procedure on December 22, 2016.

*/s/ Roger H. Nebel*_____
Roger H. Nebel

# EXHIBIT A

16—CV—0699
DCDOCO
Docket Control Order
1281134

3

CAUSE NO. ___16-CV-0699___

2016 SEP -2 AM 10: 18

YODE INVESTMENTS LLC )           IN THE JUDICIAL DISTRICT COURT

)

)                                           DISTRICT CLERK
                                          GALVESTON COUNTY, TEXAS

VS )           OF GALVESTON COUNTY, TEXAS

AAA CHEMICALS, INC., HOWARD W. )
APEL, II and JAMES T. SCHOLES )

)           212TH DISTRICT COURT

## DISCOVERY AND DOCKET CONTROL ORDER

1. __10/ 11/ 16__ NEW PARTIES joined and served by this date.  No parties may be added after this date without approval by the Court.  Approval after this date is less likely to be granted if a delay of the trial would result.

2. __5 / 12/ 17__ EXPERTS for all Plaintiffs shall be designated by this date.

3. __6 / 12/ 17__ EXPERTS for all OTHER PARTIES shall be designated by this date.  Any party designating a testifying expert witness is ORDERED to provide no later than the dates set for such designation, the information set forth in Rule 194.2(f) and a written report prepared by the expert setting the substance of the expert's opinions.  An expert not designated prior to the ordered deadline shall not be permitted to testify absent a showing of good cause.

4. __8 / 13/ 17__ ROBINSON CHALLENGES are to be filed and heard by this date.

5. __/ / ___ DISCOVERY deadlines controlled by designation of case (indicate which applies).  Counsel may in written agreement continue discovery beyond this deadline.  Such continued discovery, however, will not delay the trial date.

   ___/___/___ Level One (Rule 190.2) and Level Two (Rule 109.3).  Discovery shall be completed 30 days before the date set for trial.

   ___/___/___ Level Two (Rule 190.3).  Discovery shall be completed 30 days before the date set for trial or 9 months after the date of the first oral deposition of the due date of the first response to written discovery.

   __8 / 11/ 17__ Level Three (Rule 190.4).  Discovery shall be completed by this date.

6. Electronically Stored Information Discovery :  (Indicate which applies.)

   __X/___/___ Lawyers will abide by the Texas Rules of Civil Procedure (TCRP) to the Discovery of ESI.  If lawyers are unable to agree to any of the requirements of this TRCP, they will secure a setting for a hearing date before this date.

   _____ Lawyers do not anticipate the need to abide by either the Court's Protocol or Order regarding ESI since prosecuting and defending these claims will not depend on large amounts of ESI.

7. __7 / 10/ 17__ Pleadings must be amended or supplemented by this date, except by written agreement of ALL parties.

Written notice must be given to the Court of any changes in this DCO.  This includes settlement, Rule 11 Agreements, cancellation of hearings, etc.  Numbers 9, 10, 11 or 12 cannot be changed without leave of the Court.

SIGNED ON _September 1_, 2016.

_Patricia Grady_

JUDGE PATRICIA GRADY
212th Judicial District Court

SIGNED by Counsel and/or Pro Se parties:

_Mason Meyer_
attorney for Plaintiff
YODE INVESTMENTS LLC

_Roger Nebel_
Attorney for Defendants

# EXHIBIT B

Filed 8/30/2016 4:45:13 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13009175
By: Shailja Dixit
10/3/2016 9:19:43 AM

## CAUSE NO. 16-CV-0699

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **AAA CHEMICALS, INC., HOWARD W.** | § | |
| **APEL, II AND JAMES T. SCHOLES** | § | |
| *Defendants.* | § | **212TH JUDICIAL DISTRICT** |

### THIRD-PARTY PLAINTIFFS AAA CHEMICALS, INC., HOWARD W. APEL, II, AND JAMES T. SCHOLES'S ORIGINAL THIRD-PARTY PETITION AGAINST SOUTHWEST TERMINALS, LLC

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, AAA CHEMICALS, INC., HOWARD W. APEL, II AND JAMES T. SCHOLES (collectively "Third Party Plaintiffs"), and, pursuant to Texas Rule of Civil Procedure 38, files this Third-Party Petition against Third-Party Defendant Southwest Terminals, LLC. Third-Party Plaintiffs would respectfully show the Court as follows:

### I.   Discovery Control Plan

Third-Party Plaintiffs intend to conduct discovery under Level 3 and affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169 because Third-Party Plaintiffs seek monetary relief over $100,000.

### II.  Relief

Third-Party Plaintiffs seek monetary relief over $200,000 but not more than $1,000,000.

### III. Parties

Plaintiff is name is Yode Investments, LLC**.**

AAA Chemicals, Inc., Howard W. Apel, II, and James T. Scholes are Defendants and the Third-Party Plaintiffs, and have already appeared in this matter.

Third-Party Defendant Southwest Terminals, LLC ("Southwest Terminals") is a domestic limited liability company organized and existing under the laws of the Texas, whose principal office and place of business is located at 226 Texas City Wye, La Marque, TX 77568, and who may be served with process by serving its registered agent for service of process, Margaret Roff, at 8230 FM 2004, Hitchcock, TX 77563.

## IV. Jurisdiction and Venue

The Court has jurisdiction pursuant to Tex. Civ. Prac. & Rem. Code Ch. 33 and the alleged damages are within the jurisdictional limits of the court.

Venue for this suit is Galveston County because the incident about which Plaintiff complains occurred in this county.

## V.  Facts

Yode Investments, LLC ("Yode Investments") is the owner of the premises at 226 Texas City Wye, La Marque, TX 77568 (the premises").  Yode Investments sued Third-Party Plaintiffs alleging negligence and breach of contract in relation to chemicals on the premises and alleged contamination of the premises, as well as referencing a specific chemical release on April 24, 2015.

Upon information and belief, Southwest Terminals is a chemical supply business that succeeded AAA Chemicals as a lessee on the premise, and stored and maintained chemicals on the premises, subsequent to AA Chemicals, including on the date of the April 24, 2105 release about which Plaintiffs complain.   Additionally, upon information and belief, Third-Party Plaintiffs allege that Southwest Terminals and its employee have on occasion mishandled chemicals on the premises, potentially resulting in chemical contamination to it.

## VI. <u>Count 1 –Contribution</u>

Third-Party Plaintiffs allege a cause of action for Contribution.

Third-Party Plaintiffs deny any liability to Plaintiff for any injuries and/or damages as alleged in Plaintiff's Petition and any subsequent amendments thereto.  To the extent that Third-Party Plaintiffs incur any liability to Plaintiff with respect to the allegations in Plaintiff's live petition, Third-Party Plaintiffs sue Southwest Terminals as being liable for its own acts omissions causing or contributing any alleged injury or damage, and/or, under the theory of *respondeat superior* for the acts and omissions of Southwest Terminals' employees*,* for contribution for any such liability on the part of Third-Party Plaintiffs.

Without admitting liability and subject to all defenses heretofore pled by Third-Party Plaintiffs, which denies any fault, liability or responsibility to Plaintiff for the occurrences made the basis of this lawsuit and for Plaintiff's alleged injuries and damages,  if the facts Plaintiff alleges are accurate, Third-Party Plaintiffs assert that Southwest Terminals' negligence contributed to and/or solely caused the incident about which Plaintiff complains and was a proximate and/or producing cause of the incident or occurrence in question and thus a proximate and/or producing cause of the injuries and damages alleged by Plaintiff.

Southwest Terminals owed Plaintiff an independent duty of care and breached that duty of care through its own negligent actions, resulting in the injuries and damages, if any, alleged by Plaintiff.  As such, Third-Party Plaintiffs are entitled to contribution from Southwest Terminals to the extent Third-Party Plaintiffs incur any liability for damages alleged by Plaintiff.

In the unlikely event it is determined that Third-Party Plaintiffs are liable to Plaintiff, which is not admitted and is expressly denied, then Third-Party Plaintiffs are entitled to

contribution from Southwest Terminals, under all applicable laws, including but not limited to the provisions of Chapter 33 of the Texas Civil Practice and Remedies Code.

VII.     <u>Count 2 - Negligence</u>

Alternatively or additionally, Third-Party Plaintiffs allege a cause of action for Negligence.  Third-Party Plaintiffs re-allege and restates all of the allegations contained in the previous paragraphs, and further states and allege that Third-Party Plaintiffs would show that any injuries of Plaintiff's are the proximate result of the negligence of Southwest Terminals and that it is Southwest Terminals, if anyone, that is liable to Plaintiff.

VIII.     <u>Damages</u>

Third-Party Plaintiffs seek unliquidated damages within the jurisdictional limits of this Court.

IX. <u>Conditions Precedent</u>

All conditions precedent to Third-Party Plaintiffs' claim for relief have been performed or have occurred.

X.  <u>Demand for Jury Trial</u>

Third-Party Plaintiffs demand a jury trial.

XI. <u>Requests for Disclosure</u>

Under Texas Rule of Civil Procedure 194, Third-Party Plaintiffs request that Third-Party Defendant disclose, within 50 days of the service of this request, the information or material described in Rule 194.2.

XII.     <u>Prayer</u>

WHEREFORE, PREMISES CONSIDERED, Third-Party Plaintiffs ask that the Court

issue citation for Third Party Defendant Southwest Terminals, LLC to appear and answer, and

that Third-Party Plaintiffs be awarded a judgment against Third Party Defendant, and for all

legal and equitable relief from Third-Party Defendant to which Third-Party Plaintiffs are entitled

based on claims contained herein, including, but not limited to, actual damages, pre-judgment

interest, post-judgment interest, court costs, and all other such relief, at law or in equity, to which

Third-Party Plaintiffs may be entitled.

Respectfully submitted,

**MARON MARVEL**
**BRADLEY & ANDERSON LLC**

By: /s/ Roger Nebel
     ROGER H. NEBEL
     State Bar No. 90001973
     2950 North Loop West, Suite 500
     Houston, Texas 77092
     Telephone: (713) 402-1710
     Facsimile: (713) 574-2403
     Email: HoustonEservice@maronmarvel.com

**ATTORNEYS FOR AAA CHEMICALS, INC.,**
**HOWARD W. APEL, II AND JAMES T.**
**SCHOLES**

### CERTIFICATE OF SERVICE

     This is to certify that a true and correct copy of the foregoing has been served on all counsel of record via efile.txcourts.gov and/or email in accordance with the Texas Rules of Civil Procedure on September 30, 2016.

/s/ Roger Nebel

# EXHIBIT C

Filed 8/30/2016 4:45:13 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 13009175
By: Shailja Dixit
10/3/2016 9:19:43 AM

# JOHN D. KINARD

## DISTRICT CLERK GALVESTON COUNTY

**REQUEST FOR ISSUANCE OF SERVICE**

Case Number: 16-CV-0699      Court Description: Yode Investments, LLC v. AAA Chemicals, Inc., *et al.*

**Name(s) of Documents to be served:** Third-Party Plaintiffs AAA Chemicals, Inc., Howard W. Apel, II, and James T. Scholes's Original Third-Party Petition Against Southwest Terminals, LLC; and, Discovery and Docket Control Order

**SERVICE TO BE ISSUED ON (Please list exactly as the name appears in the pleading to be served)**

Issue Service To: Southwest Terminals, LLC

Address of Service: 8230 FM 2004

City, State & Zip: Hitchcock, TX 77563

Agent (IF APPLICABLE) Margaret Roff

**TYPE OF SERVICE TO BE ISSUED:**

[X] Citation [ ] Citation by Posting [ ] Citation by Publication [ ] Citation Rule 106 Service
[ ] Temporary Restraining Order [ ] Precept [ ] Notice [ ] Secretary of State Citation
[ ] Protective Order [ ] Citation Scire Facias [ ] Attachment [ ] Certiorari
[ ] Garnishment [ ] Habeas Corpus [ ] Injunction [ ] Sequestration
[ ] Subpoena
[ ] Other (Please Describe):

*All service fees for Sheriff and Constable are collected by the clerk of court at the time of request.*

**UPON ISSUANCE OF SERVICE: (CHECK ONE ONLY)**

[ ] Send to Sheriff
[ ] Galveston County Constable Name and Address
[X] Civil Process Server (Include the name of the Authorized Person to pick-up): Jodi Mathis Hurst
[ ] Call attorney for pick up (Phone Number):
[ ] Mail to attorney at:
[ ] Email Service to:
[ ] District Clerk serve by certified mail
[ ] Send to League City

**ISSUANCE OF SERVICE REQUESTED BY:**

Attorney/Party Name: Roger Nebel

Phone Number: 713.402.1710      Email Address: rnebel@maronmarvel.com

Revision 2.0

# EXHIBIT D



## CITATION

### THE STATE OF TEXAS

YODE INVESTMENTS LLC VS. AAA CHEMICALS, INC. ET AL

**Cause No.:** 16-CV-0699

**212th District Court of Galveston County**

TO:     Southwest Terminals LLC
        Registered Agent Margaret Roff
        8230 FM 2004
        Hitchcock TX 77563

**GREETINGS: YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **212th District Court** of Galveston County sitting in Galveston, Texas, and the ; **Third Party Plaintiffs AAA Chemicals, Inc., Howard W. Apel, II, and James T. Schole's Original Third-Party Petition Against Southwest Terminals, LLC and, Discovery and Docket Control Order Petition** was filed ; **September 30, 2016**. It bears cause number **16-CV-0699** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 3rd day of October, 2016.**

Issued at the request of:
Roger Nebel
Maron Marvel Bradley & Anderson, LLC
2950 North Loop West, Suite 500
Houston, TX 77092



**John D. Kinard**, District Clerk
Galveston County, Texas

By:  _Rolande Kain_
        Rolande Kain, Deputy

---

OFFICER/AUTHORIZED RETURN

Came to hand on the __3rd__ day of __October__, 20_16_ at _1:04_ o'clock _p_. M. and executed at _8230 FM 2004, Hitchcock, Texas 77563_ in _Galveston_ County, Texas, on the __4th__ day of __October__, 20_16_ at _1:03_ o'clock _p_ m, by delivering to _Agent, Margaret Roff_ _Southwest Terminal LLC C/o Registered_ person a true copy of this Citation together with the accompanying ___1___ copy(ies) of the ; Third Party Petition attached thereto and I endorsed on said copy of the Citation the date of delivery. To certify which I affix my hand officially this the __5th__ day of __October__, 20_16_.

Fee-Serving: _____

Amount: _____

JODI MATHIS HURST         SCH# 4829
~~Sheriff/Constable~~         Exp. 3/31/18
HARRIS                                  County, Texas

BY: _Jodi Mathis Hurst_
Authorized Person/~~Deputy~~ Signature

On this day personally appeared _JODI MATHIS HURST_, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being duly sworn by me, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

Sworn to and subscribed before me, on this __5th__ day of __October__, 20 _16_

_____
Notary Public



KEIONDREA AMAO
Notary ID # 125762343
My Commission Expires
December 19, 2017

# EXHIBIT E

| | |
|---|---|
| **From:** | Roger H. Nebel |
| **To:** | "Mason Meyer" |
| **Subject:** | RE: Yode Investments v. AAA Chemical |
| **Date:** | Tuesday, August 30, 2016 2:24:08 PM |
| **Attachments:** | Draft DCO.pdf |
| | PROTOCOL FOR DISCOVERY OF ELECTRONICALLY STORED INFORMATION.pdf |

Please call me "Roger"; I suspect we will be working on this case together for at least a little while.

Thank you for sending me a copy of the executed lease; my clients did not furnish the copy you attached to the petition.

I have reviewed court's trial calendar and form DCO.  Attached is my draft proposed DCO.  Please review and let me know if you have any questions or comments.

Thanks,
Roger

-----Original Message-----
From: Mason Meyer [mailto:MMeyer@sjrm.com]
Sent: Tuesday, August 30, 2016 10:52 AM
To: Roger H. Nebel
Subject: Yode Investments v. AAA Chemical

Mr. Nebel, attached is a copy of the lease agreement referred to in the letter.  Let me know if you need anything further.  I see now that you had a Request for Disclosure in your answer.  Could I get a couple of weeks extension to respond to same?  Thanks for your professional courtesy.

Mason C. Meyer
Attorney at Law
Sullins, Johnston, Rohrbach & Magers
Attorneys at Law
2200 Phoenix Tower
3200 Southwest Freeway
Houston, Texas  77027

(O) 713.521.0221
(F)  713.521.3242
(E)  mmeyer@sjrm.com
(Direct): 713.499.3172

_____

Privileged Attorney-Client Communication and/or Attorney Work Product:

Confidentiality Notice: The above message and attachments, if any, are confidential and may be protected by the attorney/client privilege and/or attorney work product. This e-mail message contains confidential, privileged information intended solely for the addressee. Please do not read, copy or disseminate it unless you are the addressee. If you have received it in error, please call us (collect) immediately at (713) 521-0221 and ask to speak with the message sender. Also, we would appreciate your forwarding the message back to us and deleting it from your system. Thank you.

CAUSE NO. _____16-CV-0699_____

| | | |
|---|---|---|
| __YODE INVESTMENTS LLC_____ | ) | **IN THE JUDICIAL DISTRICT COURT** |
| | ) | |
| **VS** | ) | **OF GALVESTON COUNTY, TEXAS** |
| AAA CHEMICALS, INC., HOWARD W. APEL, II and JAMES T. SCHOLES | ) | |
| _____ | ) | **212TH DISTRICT COURT** |

## DISCOVERY AND DOCKET CONTROL ORDER

1. __10_/_11_/_16_ **NEW PARTIES** joined and served by this date.  No parties may be added after this date without approval by the Court.  Approval after this date is less likely to be granted if a delay of the trial would result.

2. __5_/_12_/_17_ **EXPERTS** for all Plaintiffs shall be designated by this date.

3. __6_/_12_/_17_ **EXPERTS** for all OTHER PARTIES shall be designated by this date.  Any party designating a testifying expert witness is **ORDERED** to provide no later than the dates set for such designation, the information set forth in Rule 194.2(f) and a written report prepared by the expert setting the substance of the expert's opinions.  An expert not designated prior to the ordered deadline shall not be permitted to testify absent a showing of good cause.

4. __8_/_13_/_17_ **ROBINSON CHALLENGES** are to be filed and heard by this date.

5. ___/___/___ **DISCOVERY** deadlines controlled by designation of case (indicate which applies). Counsel may in written agreement continue discovery beyond this deadline.  Such continued discovery, however, will not delay the trial date.

   ___/___/___ Level One (Rule 190.2) and Level Two (Rule 109.3).  Discovery shall be completed 30 days before the date set for trial.

   ___/___/___ Level Two (Rule 190.3).  Discovery shall be completed 30 days before the date set for trial or 9 months after the date of the first oral deposition of the due date of the first response to written discovery.

   __8_/_11_/_17_ Level Three (Rule 190.4).  Discovery shall be completed by this date.

6. Electronically Stored Information Discovery :  (Indicate which applies.)

   __X_/___/___ Lawyers will abide by the Texas Rules of Civil Procedure (TCRP) to the Discovery of ESI.  If lawyers are unable to agree to any of the requirements of this TRCP, they will secure a setting for a hearing date before this date.

   _____ Lawyers do not anticipate the need to abide by either the Court's Protocol or Order regarding ESI since prosecuting and defending these claims will not depend on large amounts of ESI.

7. __7_/_10_/_17_ Pleadings must be amended or supplemented by this date, except by written agreement of **ALL** parties.

8.  __4__/__11__/__17__ Mediation shall be completed by this date.  Report to be filed with Court on or before this date.  Objections to mediation must be filed within 30 days of this date.  **Case will not proceed to trial unless mediation is complete**.  All parties agree to participate in mediation with the following person to serve as mediator:

Name:       _____

Address:    _____

            _____

Phone:      _____Fax: _____

Email:      _____

> Plaintiff's attorney shall provide a copy of the DCO to the mediator named herein.

9.  __7__/__24__/__17__ **DEADLINE TO FILE ALL MOTIONS,** except Motions in Limine, **AND FOR MOVANT TO SECURE DATES AND TIMES FOR HEARINGS.  NO HEARINGS WILL BE SET UNTIL A MOTION AND ORDER SETTING HEARING ARE ON FILE WITH THE CLERK.**  This includes motions to exclude expert testimony and any other challenges to expert testimony (6 weeks prior to pre-trial).

10.  ___/___/___ at _____ ___.m.  Pre-Trial Conference set.  **Court will only hear announcement of parties and motions to continue at this setting.  Failure to appear will be grounds for dismissal for want of prosecution.**

11.  __9__/__11__/__17__ at __9:00_____ __a__.m. Trial by Jury is set for two-week docket commencing on this date.  **Prior to commencement of voir dire, parties are ordered to exchange the following and discuss what the parties will agree to and what issues are contested:**

> _____Proposed jury instructions and questions
> _____Motion in Limine
> _____Exhibit list
> _____Labeled and numbered exhibits
> _____Witness lists (inform Court at earliest opportunity of scheduling problems relating to witnesses).

12.  ___/___/___at_____ ___.m.   Trial before Court is set.

13.  Any attorney representing a party who files bankruptcy during the pendency of the litigation must submit a written report advising the Court of the status of such bankruptcy on the 2nd Monday in January and the 2nd Monday in July.

14.  All attorneys shall abide by the Supreme Court of Texas and The Court of Criminal Appeals Texas Lawyer's Creed.

15.  Cases not reached for trial during a trial sitting will automatically be reset for trial on the next civil trial date setting for this Court unless a court order is issued setting the case for another date.  Pretrial conference will be reset for the corresponding trial date.  Cases will continue to be reset at each consecutive civil pretrial and trial setting until reached regardless of whether you receive notice or order regarding the trial reset date.

16.  Proposed Findings of Fact and Conclusions of law to be exchanged prior to trial date.

**Written notice must be given to the Court of any changes in this DCO.  This includes settlement, Rule 11 Agreements, cancellation of hearings, etc.  Numbers 9, 10, 11 or 12 cannot be changed without leave of the Court.**

SIGNED ON _____, 2_____.

_____

JUDGE PATRICIA GRADY
212th Judicial District Court

SIGNED by Counsel and/or Pro Se parties:

_____        _____

_____        _____

_____        _____

Filed 12/22/2016 4:28:24 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14434804
By: Shailja Dixit
12/22/2016 4:30:43 PM

CAUSE NO. 16-CV-0699

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| | § | |
| **V.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **AAA CHEMICALS, INC., HOWARD W.** | § | |
| **APEL, II AND JAMES T. SCHOLES** | § | |
| *Defendants.* | § | **212TH JUDICIAL DISTRICT** |

<u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE that Third-Party Defendant Southwest Terminals LLC's Motion to Strike Third-Party Petition filed on November 14, 2016 has been set for oral hearing on _____ at _____ a.m. in the 212th Judicial District Court of Galveston County, Texas.

Respectfully submitted,

**MARON MARVEL**
**BRADLEY ANDERSON & TARDY LLC**

By: */s/ Roger Nebel*_____
    ROGER H. NEBEL
    State Bar No. 90001973
    2950 North Loop West, Suite 500
    Houston, Texas 77092
    Telephone: (713) 402-1710
    Facsimile: (713) 574-2403
    Email: HoustonEservice@maronmarvel.com

**ATTORNEYS FOR AAA CHEMICALS, INC.,**
**HOWARD W. APEL, II AND JAMES T.**
**SCHOLES**

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the foregoing has been served on all counsel of record via efile.txcourts.gov and/or email in accordance with the Texas Rules of Civil Procedure on December 1, 2016.

        */s/ Roger Nebel*_____

Filed: 12/23/2016 1:34:49 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14441020
By: Ann Vaughn
12/26/2016 9:06:46 AM

NO. 16-CV-0699

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **V.** | § | **GALVESTON COUNTY, TEXAS** |
| | § | |
| **AAA CHEMICALS, INC.,** | § | |
| **HOWARD W. APEL, II AND** | § | |
| **JAMES T. SCHOLES, ET AL** | § | **212TH JUDICIAL DISTRICT** |

**DEFENDANT'S NOTICE OF APPEARANCE OF COUNSEL**

TO THE HONORABLE JUDGE OF SAID COURT:

Please take notice that Defendant, Insurance Office of America d/b/a Environmental Underwriting Solutions, files this, its Notice of Appearance designating Ashley M. Parker as counsel with Mary "Amy" Cazes Greene of PHELPS DUNBAR, LLP, 500 Dallas Street, Suite 1300, Houston, TX 77002, in the above-styled and numbered cause. Copies of all pleadings and correspondence filed with the Court should also be served on Ashley M. Parker.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ Mary "Amy" Cazes Greene*
Mary "Amy" Cazes Greene
Texas Bar No. 24005647
Ashley M. Parker
Texas Bar No. 24081085
500 Dallas Street • Suite 1300
Houston, Texas 77002
Telephone: (713) 626-1386
Telecopier: (713) 626-1388
Email: greenea@phelps.com
ashley.parker@phelps.com

**ATTORNEYS FOR DEFENDANT
INSURANCE OFFICE OF AMERICA D/B/A
ENVIRONMENTAL UNDERWRITING
SOLUTIONS**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing instrument has been served upon all counsel as listed below by placing a copy of same in the United States mail, certified, return receipt requested, facsimile, electronically, and/or hand delivery on December 23, 2016.

Mike Johnston
Mason Meyer
Sullins, Johnston, Rohrback & Magers
3200 S.W. Freeway, Suite 2200
Houston, Texas 77027
Email:  mjohnston@sjrm.com
Email:  mmeyer@sjrm.com

Roger H. Nebel
Maron, Marvel, Bradley & Anderson
2950 N. Loop W., Suite 500
Houston, Texas  77092
Email:  rnebej@maronmarvel.com

*/s/ **Mary "Amy" Cazes Greene***
Mary "Amy" Cazes Greene

DCORDMO
Order Denying Motion
1349346

CAUSE NO. 16-CV-0699

2017 JAN 10  AM 11: 18

YODE INVESTMENTS LLC                    §        IN THE DISTRICT COURT OF
                                                         §
v.                                                       §
                                                         §        GALVESTON COUNTY, TEXAS
AAA CHEMICALS, INC. HOWARD W.    §
APEL, II AND JAMES T. SCHOLES       §        212TH JUDICIAL DISTRICT

DISTRICT CLERK
GALVESTON COUNTY, TEXAS

<u>ORDER</u>

CAME ON FOR SUBMISSION, Third Party Defendant, Southwest Terminals, LLC

Motion to Strike Third-Party Plaintiff's Petition.  This Court, after finding that due notice of this

Motion and submission was given to all parties and after considering the Motion, any responses

or replies, the timely-filed pleadings, the arguments of counsel and all other matters presented to

the Court, is of the opinion that Third Party Defendant's Motion should, in all things, be

DENIED.

SIGNED this 9th day of January, 2017.

PATRICIA GRADY
JUDGE PRESIDING



## JOHN D. KINARD

### DISTRICT CLERK

### GALVESTON COUNTY, TEXAS

**Galveston County Office**
**600 59th Street, Rm. 4001**
**P.O. Box 17250**
**Galveston, TX 77551**
**Phone (409) 766-2424**
**Fax (409) 766-2292**

**League City Office**
**174 Calder Rd.**
**League City, TX 77573**
**Phone (281) 316-8729**
**Fax (409) 766-2292**

1/11/2017

Cause No. 16-CV-0699 -  212th District Court

Yode Investments LLC vs. AAA Chemicals, Inc. Et Al

<u>Notice</u>

Please be advised that in the above styled and numbered cause on this the 4th day of January, 2017 the Court signed and entered the following order:

Order for Severance - Non Final

**John D. Kinard**, District Clerk
Galveston County, Texas

By: Linda Scott

**Mason Meyer**
**Sullins Johnston Rohrbach & Magers**
**3200 Southwest Freeway Ste 2200**
**Houston TX 77027**

A COPY OF YOUR ORDER IS AVAILABLE AT THE GALVESTON COUNTY DISTRICT CLERK OFFICE LOCATED AT 600 59TH STREET, SUITE 4001, GALVESTON, TEXAS 77551. YOU MAY ALSO VISIT OUR WEBPAGE WWW.GALVESTONCOUNTYTX.GOV/DC TO RETRIEVE A COPY OF YOUR ORDER.

Mason Meyer                                    **16-CV-0699**
Sullins Johnston Rohrbach & Magers
3200 Southwest Freeway Ste 2200
Houston TX 77027



## JOHN D. KINARD

### DISTRICT CLERK

### GALVESTON COUNTY, TEXAS

**Galveston County Office**
**600 59th Street, Rm. 4001**
**P.O. Box 17250**
**Galveston, TX 77551**
**Phone (409) 766-2424**
**Fax (409) 766-2292**

**League City Office**
**174 Calder Rd.**
**League City, TX 77573**
**Phone (281) 316-8729**
**Fax (409) 766-2292**

1/11/2017

Cause No. 16-CV-0699 -  212th District Court

Yode Investments LLC vs. AAA Chemicals, Inc. Et Al

<u>Notice</u>

Please be advised that in the above styled and numbered cause on this the 4th day of January, 2017 the Court signed and entered the following order:

Order for Severance - Non Final

**John D. Kinard**, District Clerk
Galveston County, Texas

By: Linda Scott

**Roger H Nebel**
**Maron Marvel Bradley & Anderson LLC**
**2950 North Loop West Suite 500**
**Houston TX 77092**

---

**A COPY OF YOUR ORDER IS AVAILABLE AT THE GALVESTON COUNTY DISTRICT CLERK OFFICE LOCATED AT 600 59TH STREET, SUITE 4001, GALVESTON, TEXAS 77551. YOU MAY ALSO VISIT OUR WEBPAGE <u>WWW.GALVESTONCOUNTYTX.GOV/DC</u> TO RETRIEVE A COPY OF YOUR ORDER.**

Roger H Nebel                                    **16-CV-0699**
Maron Marvel Bradley & Anderson LLC
2950 North Loop West Suite 500
Houston TX 77092



## JOHN D. KINARD

### DISTRICT CLERK

### GALVESTON COUNTY, TEXAS

**Galveston County Office**
**600 59ᵀᴴ Street, Rm. 4001**
**P.O. Box 17250**
**Galveston, TX 77551**
**Phone (409) 766-2424**
**Fax (409) 766-2292**

**League City Office**
**174 Calder Rd.**
**League City, TX 77573**
**Phone (281) 316-8729**
**Fax (409) 766-2292**

1/11/2017

Cause No. 16-CV-0699 -  212th District Court

Yode Investments LLC vs. AAA Chemicals, Inc. Et Al

<u>Notice</u>

Please be advised that in the above styled and numbered cause on this the 4th day of January, 2017 the Court signed and entered the following order:

Order for Severance - Non Final

**John D. Kinard**, District Clerk
Galveston County, Texas

By: Linda Scott

**Christopher Hampton Avery**
**808 Travis STE 1800**
**Houston TX  77002**

**A COPY OF YOUR ORDER IS AVAILABLE AT THE GALVESTON COUNTY DISTRICT CLERK OFFICE LOCATED AT 600 59ᵀᴴ STREET, SUITE 4001, GALVESTON, TEXAS 77551. YOU MAY ALSO VISIT OUR WEBPAGE WWW.GALVESTONCOUNTYTX.GOV/DC TO RETRIEVE A COPY OF YOUR ORDER.**

Christopher Hampton Avery                    **16-CV-0699**
808 Travis STE 1800
Houston TX  77002



## JOHN D. KINARD

### DISTRICT CLERK
### GALVESTON COUNTY, TEXAS

**Galveston County Office**
**600 59th Street, Rm. 4001**
**P.O. Box 17250**
**Galveston, TX 77551**
**Phone (409) 766-2424**
**Fax (409) 766-2292**

**League City Office**
**174 Calder Rd.**
**League City, TX 77573**
**Phone (281) 316-8729**
**Fax (409) 766-2292**

1/11/2017

Cause No. 16-CV-0699 -  212th District Court

Yode Investments LLC vs. AAA Chemicals, Inc. Et Al

**<u>Notice</u>**

Please be advised that in the above styled and numbered cause on this the 4th day of January, 2017 the Court signed and entered the following order:

Order for Severance - Non Final

**John D. Kinard**, District Clerk
Galveston County, Texas

By: Linda Scott

**Christopher L Johnson**
**Lyons & Plackmeier PLLC**
**518 9th Avenue North**
**PO Drawer 2789**
**Texas City TX 77592-2789**

**A COPY OF YOUR ORDER IS AVAILABLE AT THE GALVESTON COUNTY DISTRICT CLERK OFFICE LOCATED AT 600 59TH STREET, SUITE 4001, GALVESTON, TEXAS 77551. YOU MAY ALSO VISIT OUR WEBPAGE <u>WWW.GALVESTONCOUNTYTX.GOV/DC</u> TO RETRIEVE A COPY OF YOUR ORDER.**

Christopher L Johnson                    **16-CV-0699**
Lyons & Plackmeier PLLC
518 9th Avenue North
PO Drawer 2789
Texas City TX 77592-2789



## JOHN D. KINARD

### DISTRICT CLERK
### GALVESTON COUNTY, TEXAS

**Galveston County Office**
**600 59th Street, Rm. 4001**
**P.O. Box 17250**
**Galveston, TX 77551**
**Phone (409) 766-2424**
**Fax (409) 766-2292**

**League City Office**
**174 Calder Rd.**
**League City, TX 77573**
**Phone (281) 316-8729**
**Fax (409) 766-2292**

1/11/2017

Cause No. 16-CV-0699 -  212th District Court

Yode Investments LLC vs. AAA Chemicals, Inc. Et Al

<u>Notice</u>

Please be advised that in the above styled and numbered cause on this the 4th day of January, 2017 the Court signed and entered the following order:

Order for Severance - Non Final

**John D. Kinard**, District Clerk
Galveston County, Texas

By: Linda Scott

**Mary amycazes Greene**
**700 Louisiana Suite 2600**
**Houston TX 77002**

---

**A COPY OF YOUR ORDER IS AVAILABLE AT THE GALVESTON COUNTY DISTRICT CLERK OFFICE LOCATED AT 600 59TH STREET, SUITE 4001, GALVESTON, TEXAS 77551. YOU MAY ALSO VISIT OUR WEBPAGE WWW.GALVESTONCOUNTYTX.GOV/DC TO RETRIEVE A COPY OF YOUR ORDER.**

Mary amycazes Greene                    **16-CV-0699**
700 Louisiana Suite 2600
Houston TX 77002

Filed 1/16/2017 3:33:31 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14758950
By: Lisa Kelly
1/17/2017 11:30:00 AM

No. **16-CV-0699**

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | : | **IN THE DISTRICT COURT OF** |
| | : | |
| **vs.** | : | |
| | : | **GALVESTON COUNTY, TEXAS** |
| **AAA CHEMICALS, INC.,** | : | |
| **HOWARD W. APEL, II** | : | |
| **AND JAMES T. SCHOLES, et al.** | : | **212TH JUDICIAL DISTRICT** |

### DEPOSITION TRANSCRIPT CERTIFICATE

RE:  **Center for Toxicology and Environmental Health, L.L.C. (Billing)**

I, **Meaghann Fort**, Notary Public in and for the State of Texas, hereby certify pursuant to the Rule 203, Texas Rules of Civil Procedure,

1.   That this Deposition by Written Questions of **Dick Y. Fletcher**, the Custodian of Records for the above named is a true and exact transcript of the testimony given by the witness named herein, after said witness was duly sworn by **Janet Williams**;

2.   That **$235.30** is the taxable cost for preparation of the completed Deposition by Written Questions and any copies of exhibits, charged to Attorney for **Defendant, Roger H. Nebel, TBA # 90001973**;

3.   That the written deposition was taken on the **22nd day of December, 2016**, and submitted to the witness for examination, signature and return to the officer;

4.   That changes, if any made by the witness, in the transcript and otherwise are attached thereto or incorporated therein;

5.   That the witness returned the transcript;

6.   That the original Deposition by Written Questions, together with copies of all exhibits pertaining to **226 Texas City Wye, La Marque, Galveston County, TX 77568** was delivered to the attorney or party who Noticed the first question for safekeeping and use at trial;

7.   That pursuant to information made a part of the records at the time said testimony was taken, the following includes all other parties of record:
   **Christopher H. Avery (Thompson, Coe, Cousins & Irons, L.L.P.;  Fax: 713-403-8299)**
   **Christopher L. Johnson (Lyons & Plackemeier, PLLC;  Fax: 409-945-9814)**
   **Mary Cazes Greene (Phelps Dunbar, LLP;  Fax: 713-626-1388)**
   **Mason C. Meyer (Sullins, Johnston, Rohrbach & Magers*;  Fax: 713-521-3242)**

and

8.   A copy of this Deposition Transcript Certificate was served on all parties shown herein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS THE **6th day of January, 2017.**

**TEAM LEGAL**
**13100 Wortham Center Dr., Suite 140**
**Houston, TX 77065**
**713-937-4242   Fax 713-937-9995**

Notary Public in and for the State of Texas



T E A M   L E G A L

The Leader in Litigation Support



MEAGHANN FORT
My Notary ID # 130593963
Expires March 23, 2020

Order No. **21660.008**

Filed 1/16/2017 3:42:36 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14759194
By: Ann Vaughn
1/17/2017 11:31:50 AM

No.  **16-CV-0699**

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | : | **IN THE DISTRICT COURT OF** |
| | : | |
| **vs.** | : | |
| | : | **GALVESTON COUNTY, TEXAS** |
| **AAA CHEMICALS, INC.,** | : | |
| **HOWARD W. APEL, II** | : | |
| **AND JAMES T. SCHOLES, et al.** | : | **212TH JUDICIAL DISTRICT** |

## DEPOSITION TRANSCRIPT CERTIFICATE

RE:  **Center for Toxicology and Environmental Health, L.L.C. (Any & All Records)**

I, **Nicole Franklin**, Notary Public in and for the State of Texas, hereby certify pursuant to the Rule 203, Texas Rules of Civil Procedure,

1.    That this Deposition by Written Questions of **Dick Fletcer**, the Custodian of Records for the above named is a true and exact transcript of the testimony given by the witness named herein, after said witness was duly sworn by **Janet Williams**;

2.    That **$280.90** is the taxable cost for preparation of the completed Deposition by Written Questions and any copies of exhibits, charged to Attorney for **Defendant, Roger H. Nebel, TBA # 90001973**;

3.    That the written deposition was taken on the **22nd day of December, 2016**, and submitted to the witness for examination, signature and return to the officer;

4.    That changes, if any made by the witness, in the transcript and otherwise are attached thereto or incorporated therein;

5.    That the witness returned the transcript;

6.    That the original Deposition by Written Questions, together with copies of all exhibits pertaining to **226 Texas City Wye, La Marque, Galveston County, TX 77568** was delivered to the attorney or party who Noticed the first question for safekeeping and use at trial;

7.    That pursuant to information made a part of the records at the time said testimony was taken, the following includes all other parties of record:
       **Christopher H. Avery (Thompson, Coe, Cousins & Irons, L.L.P.; Fax: 713-403-8299)**
       **Christopher L. Johnson (Lyons & Plackemeier, PLLC; Fax: 409-945-9814)**
       **Mary Cazes Greene (Phelps Dunbar, LLP; Fax: 713-626-1388)**
       **Mason C. Meyer (Sullins, Johnston, Rohrbach & Magers*; Fax: 713-521-3242)**

and

8.    A copy of this Deposition Transcript Certificate was served on all parties shown herein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS THE **6th** day of January, **2017.**

**TEAM LEGAL**
**13100 Wortham Center Dr., Suite 140**
**Houston, TX 77065**
**713-937-4242   Fax 713-937-9995**

_____
Notary Public in and for the State of Texas

NICOLE FRANKLIN
MY COMMISSION EXPIRES
June 12, 2019

T E A M   L E G A L



The Leader in Litigation Support

Order No.  **21660.007**

Filed 1/16/2017 4:30:00 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14760358
By: Ann Vaughn
1/17/2017 11:36:11 AM

No. 16-CV-0699

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | : | **IN THE DISTRICT COURT OF** |
| | : | |
| **vs.** | : | |
| | : | **GALVESTON COUNTY, TEXAS** |
| **AAA CHEMICALS, INC.,** | : | |
| **HOWARD W. APEL, II** | : | |
| **AND JAMES T. SCHOLES, et al.** | : | **212TH JUDICIAL DISTRICT** |

### DEPOSITION TRANSCRIPT CERTIFICATE

RE:  **Theresa Kitchens, Kitchens Financial Services LLC (Any & All Records)**

I, **Meaghann Fort**, Notary Public in and for the State of Texas, hereby certify pursuant to the Rule 203, Texas Rules of Civil Procedure,

1.   That this Deposition by Written Questions of **Theresa Kitchens**, the Custodian of Records for the above named is a true and exact transcript of the testimony given by the witness named herein, after said witness was duly sworn by **Fred Burmeister**;

2.   That **$324.10** is the taxable cost for preparation of the completed Deposition by Written Questions and any copies of exhibits, charged to Attorney for **Defendant, Roger H. Nebel, TBA # 90001973**;

3.   That the written deposition was taken on the **30th day of December, 2016**, and submitted to the witness for examination, signature and return to the officer;

4.   That changes, if any made by the witness, in the transcript and otherwise are attached thereto or incorporated therein;

5.   That the witness returned the transcript;

6.   That the original Deposition by Written Questions, together with copies of all exhibits pertaining to **the Incident on or about April 24, 2015 at 226 Texas City Wye, La Marque, Galveston County, TX 77568** was delivered to the attorney or party who Noticed the first question for safekeeping and use at trial;

7.   That pursuant to information made a part of the records at the time said testimony was taken, the following includes all other parties of record:
    **Christopher H. Avery (Thompson, Coe, Cousins & Irons, L.L.P.; Fax: 713-403-8299)**
    **Christopher L. Johnson (Lyons & Plackemeier, PLLC; Fax: 409-945-9814)**
    **Mary Cazes Greene (Phelps Dunbar, LLP; Fax: 713-626-1388)**
    **Mason C. Meyer (Sullins, Johnston, Rohrbach & Magers; Fax: 713-521-3242)**

and

8.   A copy of this Deposition Transcript Certificate was served on all parties shown herein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS THE **9th day of January, 2017.**

**TEAM LEGAL**
**13100 Wortham Center Dr., Suite 140**
**Houston, TX 77065**
**713-937-4242   Fax 713-937-9995**

_____
Notary Public in and for the State of Texas



T E A M   L E G A L

The Leader in Litigation Support



MEAGHANN FORT
My Notary ID # 130593963
Expires March 23, 2020

Order No.  **21660.001**

Filed 1/19/2017 10:13:54 AM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 14821684
By: Ann Vaughn
1/19/2017 1:01:05 PM

No. **16-CV-0699**

| | | |
|---|---|---|
| **YODE INVESTMENTS LLC** | : | **IN THE DISTRICT COURT OF** |
| | : | |
| **vs.** | : | |
| | : | **GALVESTON COUNTY, TEXAS** |
| **AAA CHEMICALS, INC.,** | : | |
| **HOWARD W. APEL, II** | : | |
| **AND JAMES T. SCHOLES, et al.** | : | **212TH JUDICIAL DISTRICT** |

## DEPOSITION TRANSCRIPT CERTIFICATE

RE:  **Garret Foskit, Galveston County Emergency Management Coordinator (Any & All Records)**

I, **Nicole Franklin**, Notary Public in and for the State of Texas, hereby certify pursuant to the Rule 203, Texas Rules of Civil Procedure,

1.  That this Deposition by Written Questions of **Garret Foskit**, the Custodian of Records for the above named is a true and exact transcript of the testimony given by the witness named herein, after said witness was duly sworn by **Alyssa Young**;

2.  That **$258.90** is the taxable cost for preparation of the completed Deposition by Written Questions and any copies of exhibits, charged to Attorney for **Defendant, Roger H. Nebel, TBA # 90001973**;

3.  That the written deposition was taken on the **21st day of December, 2016**, and submitted to the witness for examination, signature and return to the officer;

4.  That changes, if any made by the witness, in the transcript and otherwise are attached thereto or incorporated therein;

5.  That the witness returned the transcript;

6.  That the original Deposition by Written Questions, together with copies of all exhibits pertaining to **226 Texas City Wye, La Marque, Galveston County, TX 77568** was delivered to the attorney or party who Noticed the first question for safekeeping and use at trial;

7.  That pursuant to information made a part of the records at the time said testimony was taken, the following includes all other parties of record:
    **Christopher H. Avery (Thompson, Coe, Cousins & Irons, L.L.P.;  Fax: 713-403-8299)**
    **Christopher L. Johnson (Lyons & Plackemeier, PLLC;  Fax: 409-945-9814)**
    **Mary Cazes Greene (Phelps Dunbar, LLP;  Fax: 713-626-1388)**
    **Mason C. Meyer (Sullins, Johnston, Rohrbach & Magers;  Fax: 713-521-3242)**

and

8.  A copy of this Deposition Transcript Certificate was served on all parties shown herein.

GIVEN UNDER MY HAND AND SEAL OF OFFICE ON THIS THE **12**th **day of January, 2017**.

**TEAM LEGAL**
**13100 Wortham Center Dr., Suite 140**
**Houston, TX 77065**
**713-937-4242   Fax 713-937-9995**

Notary Public in and for the State of Texas



T E A M   L E G A L

The Leader in Litigation Support



NICOLE FRANKLIN
MY COMMISSION EXPIRES
June 12, 2019

Order No.  **21660.002**